IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-576-SLR |
| | ) |
| COMMISSIONER STAN TAYLOR, | ) |
| WARDEN THOMAS CARROLL, JOHN | ) |
| DOE, and JANE DOE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

1.   Plaintiff, Dale Otis Palmer, SBI #175330, a pro se litigant who is presently incarcerated, filed this action pursuant to 42 U.S.C. § 1983 and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

2.   The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule".  Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997).  An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury.

3.   Plaintiff, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows:  Palmer v. Sullivan, Civ. No. 03-57-SLR (D. Del. dismissed June 9, 2003); Palmer v. Phillip Morris Corp., Civ. No. 98-221-JJF (D. Del. dismissed Apr. 30, 1998); Palmer v. Brady, Civ. No. 95-638-JJF (D. Del. dismissed June 28, 1996).  After reviewing the complaint the court determines that plaintiff has adequately alleged that at time of the filing of the complaint he was under imminent danger of serious physical injury.  See Williams v. Forte, No. 04-2071, 135 Fed. Appx. 520 (3d Cir. 2005); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).

4.   Consistent with 28 U.S.C. § 1915(a)(1) and (2), plaintiff has submitted: (1) an affidavit stating that he has no assets with which to prepay the filing fee; and (2) a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the above-referenced complaint.  Based on plaintiff's submissions, his request to proceed in forma pauperis is granted.

5.   Notwithstanding the above, pursuant to 28 U.S.C. § 1915(b)(1), plaintiff shall be assessed the filing fee of $350.00 and shall be required to pay an initial partial filing fee of 20 percent (20%) of the greater of his average monthly deposit or average monthly balance in the trust fund account.

6. In evaluating plaintiff's account information, the court has determined that plaintiff has an average account balance of $37.14 for the six months preceding the filing of the complaint. The plaintiff's average monthly deposit is $10.85 for the six months preceding the filing of the complaint. Accordingly, plaintiff is required to pay an initial partial filing fee of $7.43, this amount being 20 percent (20%) of $37.14, the greater of his average monthly deposit and average daily balance in the trust fund account for the six months preceding the filing of the complaint. **Therefore, plaintiff shall, within thirty days from the date this order is sent, complete and return the attached authorization form allowing the agency having custody of him to forward the $7.43 initial partial filing fee and subsequent payments to the Clerk of the Court. FAILURE OF PLAINTIFF TO RETURN THE AUTHORIZATION FORM WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE. NOTWITHSTANDING ANY PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

7. Upon receipt of this order and the authorization form, the Warden or other appropriate official at Delaware Correctional

Center, or at any prison at which the plaintiff is or may be incarcerated, shall be required to deduct the $7.43 initial partial filing fee from the plaintiff's trust account, when such funds become available, and forward that amount to the Clerk of the Court.  Thereafter, absent further order of the court, each time that the balance in plaintiff's trust account exceeds $10.00, the Warden or other appropriate official at Delaware Correctional Center, or at any prison at which the plaintiff is or may be incarcerated, shall be required to make monthly payments of 20 percent (20%) of the preceding month's income credited to plaintiff's trust account and forward that amount to the Clerk of the Court.

DATED: 9/25/06

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-576-SLR ) |
| COMMISSIONER STAN TAYLOR, WARDEN THOMAS CARROLL, JOHN DOE CMS, JANE DOE CMS, | ) ) ) ) |
| Defendants. | ) |

**AUTHORIZATION**

I, Dale Otis Palmer, SBI #175330, request and authorize the agency holding me in custody to disburse to the Clerk of the Court the initial partial filing fee of $7.43 and the subsequent payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's order dated _____, 2006.

This authorization is furnished to the Clerk of Court in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $350.00.  I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action.  This authorization shall apply to any other agency into whose custody I may be transferred.

Date: _____, 2006.

_____
Signature of Plaintiff