IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-576-SLR |
| ) | |
| COMMISSIONER STAN TAYLOR, ) | |
| WARDEN THOMAS CARROLL, and ) | |
| MEDICAL DIRECTOR JAMES WELCH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 12th day of December, 2006, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's motion for appointment of counsel is denied, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, and plaintiff will be given leave to amend, for the reasons that follow:

1. **Background.** Plaintiff Dale Otis Palmer, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion.** Plaintiff was diagnosed with Hepatitis C more than eighteen years ago, and in 2004 he was diagnosed with Hepatitis B enzymes. (D.I. 2, at 3) He alleges that he has constantly been denied treatment, medication, and a biopsy that would determine his exact diagnosis and type of disease.

Plaintiff seeks compensatory damages and injunctive relief for treatment and a biopsy.

    5.  **Personal Involvement.**  A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) (citing <u>Boykins v. Ambridge Area Sch. Dist.</u>, 621 F.2d 75, 80 (3d Cir. 1980); <u>Hall v. Pennsylvania State Police</u>, 570 F.2d 86, 89 (3d Cir.1978)).  Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

    6.  It appears that plaintiff seeks to hold Commissioner Taylor, Warden Carroll and Medical Director Welch liable on the basis of their supervisory positions.  The complaint contains no allegations against the defendants other than to state their titles.  Supervisory liability cannot be imposed under 1983 on a respondeat superior theory.  See <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived."  <u>Sample v. Diecks</u>, 885 F.2d

1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

7. There is nothing in the complaint to indicate that Commissioner Taylor, Warden Carroll or Medical Director Welch were the "driving force [behind]" plaintiff's allegations. More so, the complaint does not indicate that these defendants were aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Therefore, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Inasmuch as plaintiff attempts to allege an Eighth Amendment deliberate indifference to a serious medical need claim, the court will give him leave to amend the complaint.

8. **Appointment of Counsel.** Plaintiff seeks appointed counsel on the bases that he is not learned in the legal profession and cannot afford to obtain counsel. (D.I. 7) Plaintiff, as a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within the court's discretion to seek representation by counsel for plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but

-4-

arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

9. This case is in its initial stages and service has not yet been effected. It is this court's practice to dismiss without prejudice motions for appointment of counsel filed prior to service. Based upon the foregoing, the request for appointed counsel is denied without prejudice, with leave to refile following service of the complaint.

10. **Conclusion**. The complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed. The motion for appointment of counsel (D.I. 7) is DENIED without prejudice with leave to renew.

_____
UNITED STATES DISTRICT JUDGE