IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DALE PALMER,
    Plaintiff,
v.
COMMISSIONER: STAN TAYLOR,
WARDEN: THOMAS CARROLL,
MEDICAL DIRECTOR: JAMES WELSH,
    et al,
    Defendants.

Civil Action No: 06-576-SLR

Re: 12-12-06
Memorandum Order

FILED
BD scanned
JAN - 4 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION TO AMEND

Now comes the above captioned plaintiff Dale Palmer who is pro'se and files this amendment to his complaint in the intrest of justice. Pursuant to this Courts order giving him leave to amend, the plaintiff wishes to add to his complaint the names of those who are directly responsibile in the denial of treatment aswell as the place and their conduct, however, dates and times if not submitted herein may have to be obtained through discovery at a later date. The plaintiff states that he has A sufficiently serious condition and that prison officals herein this amended complaint knew about the condition and disregarded the risk to the plaintiffs health and that there misdeed was intentional. Because the plaintiff was intentionally denied medical treatment he also raises the fact that he suffered the infliction of cruel and unusual punishment. ESTELLE V. GAMBLE US. SUPREME COURT 1976. The Court held that

Pg-1

deliberate indifference to serious medical need of prisoners constitutes unnessesary and wanton infliction of pain that the eigth amendment prohibits.

The plaintiff is amending his complaint by adding the below list of names as defendants in his civil action.

1) ROBERTA BURNS - MD
2) IIHOMA CHUKS - RN
3) MR. MESSINGER - MD
4) JOHN DURST - MD
5) MOHAMAD NIAZ - MD
6) FREDERIC VANDUSEN - MD
7) LEE ANN DUNN - NURSE
8) GAIL ELLER -
9) KIMBERLY WEIGNER -
10) OSHENKA GORDON -
11) JAMES WELCH - DIRECTOR OF MEDICAL DEPARTMENT
12) PAUL HOWARD - BUREAU CHIEF
13) THOMAS CARROLL - WARDEN
14) STAN TAYLOR - COMMISSIONER

Because the plaintiffs health problem has been on-going for more than 18 years it would be difficult for the plaintiff to establish every date and time without access to his prison medical files - Therefore the plaintiff will limit his list of defendants from the point of his incarceration in 2003 to the present date.

1) While incarcerated at S.C.I. in Georgetown I complained about having Hepatitis-C and I requested treatment. I was scheduled to see doctor Roberta Burns who ordered blood tests. After the tests came back she said I had Hepatitis-B enzymes in my blood. She said I was to get (3) shots to prevent Hepatitis-B sickness, I recieved (2) of the shots and treatment stopped. When I questioned her about my treatment she gave me no explanation for about (6) weeks.

Pg-2

This treatment started in late 2003 and was to be completed in April 2004. The initial tests showed that I have Hepatitis-C and-B enzymes. Finially I was told by doctor Burns that she's not going to treat me or give me any supplements, she said that I'm not sick enough for treatment. I asked her on many occasions and she continued to refused me treatment.

2) I was seen by IZHOMA CHUKS-RN twice in 2005 after I made the sick-call request to see a doctor (3) times. Each time I saw her she said I was in better health than her and she proceeded to deny me treatment or vitamins. In fact she took me off the medication I was taking for other problems she made a diagnosis without even taking any tests. (At OCC

3) Mr. Messinger-MD whom I only saw (2) times refused me treatment because he said it costs to much money and that I would have to become very ill before given treatments. Mr. Messinger said that C.M.S. wouldn't cover the cost for my treatment. I was seen by him in 2006. (At D.C.C.)

4) MR. JOHN DURST - MD also saw me in 2006, He refused to do anything for me except give me a pair of shoe insoles. He stated that I didn't need treatment for this disease because I wasn't sick enough. (At D.C.C)

5) I saw Doctor MOHAMAD NIAZ who was supposed to be a Liver specialist. As with everyone before him I did ask for treatment. He never examined me and he didn't know what my files consisted of. He ordered blood tests and I never saw him again. I saw him the early part of this year 2006. (At DCC)

6) MR. FREDRIC VANDUSEN-MD saw me this year 2006 however he refused to give me any treatment for my condition, He said I was fine and that I'm not sick enough.

Pg-3

It has been almost (2) months prior to this filing and he hasn't called me back yet to evaluate me, my charts or the blood work he ordered. Plainly he has denied me treatment just as the other (5) mentioned has done. (At D.C.C.)

7) On 9-29-05 I filed a grievance contesting the lack of treatment and requesting that I recieve care. The medical grievance named LEE ANN DUNN as the investigator in my grievance. MRS. DUNN is employed by (C.M.S.) Correctional medical services and has never interviewed me or the facts listed in my medical files. That investigation has concluded that I recieved treatment and follow-ups which is incorrect (false), which in my belief mislead the results and outcome of my grievance. The investigation was sent 10/2/05 and the date of the report was 10/2/05. (At D.C.C.)

8) 9) 10). GAIL ELLER, KIMBERLY WEIGNER AND, OSHENKA GORDON who were also employed by (C.M.S.) Correctional medical services acted as committee members at the grievance hearing on 3-14-06. At that hearing neither member attempted or sought to open the plaintiff medical file placed directly in front of them but, opted to question the plaintiff about unrelated illnesses and, raising disputes. All (3) defendants voted against the plaintiff recieving the treatment needed to combat his illness. (At D.C.C.)

11) 12) - JAMES WELCH AND PAUL HOWARD had direct knowledge of my illness infact they both corresponded concerning my grievance and, the fact that C.M.S. did not have a treatment plan for the desease. And on 8-11-06 a

pg-4

decision denying the plaintiff request for treatment was made aswell as the plaintiffs grievance appeal. Mr. Howard also stated that there would be no further issue to mediate nor outside review nessasary by Bureau of Prisons. I recieved A copy of that decision dated 9-12-06 along with other doccuments and one that states the referred to person as JAMES WELCH. These doccuments establish factual evidence that the plaintiff was denied treatment. (At D.C.C.)

13) WARDEN THOMAS CARROLL had direct knowledge of my illness. Once through Correspondence from SCOTT ALTMAN who is employed by (C.M.S.) Correctional Medical services, He recieved A copy of my request for information I was seeking in an effort to recieve treatment, that was 2-7-06. I have also written him directly on 12-15-06. Also prior to my Court filing I sought legal counsel - stephen Hampton who contacted me by mail 10-18-2005. I signed for him A medical authorization form so that he could obtain my records from the prison medical department. MR. Carroll had to also authorize the release of those records. Warden Carroll has direct knowledge of my illness and has done nothing which is A direct denial of my medical needs. (At D.C.C.)

14) COMMISSIONER STAN TAYLOR was contacted by me in the mid 1990's concerning my illness and request for treatment which he never responded to. He was again contacted on 12-15-06 which he has again failed to respond. He has A responscibility as commissioner to provide funding for inmates who need treatment and, he has A duty to over-see the medical service as A whole to ensure that all inmates recieve

Pg-5

adequate care. I have written him directly so there can be no further excuse and, shouldn't have been any prevention to recieve needed treatment.

Wherefore in the intrest of justice, I hereby file this amendment to the Complaint and, seeks the Court permission to proceed.

Any further information pertaining to dates, times, or doucuments such as medical files can be and must be obtained through discovery.

I DALE PALMER hereby state under the penalty of perjury that the information submitted herein is the best of my knowledge.

Respectfully
Dale Palmer
DALE PALMER 175330 Unit I-1
DCC 1181 Paddock Rd
Smyrna, Del. 19977

This 3rd Day of January 2007

Pg-6

CC: US DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

