IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-576-SLR |
| ) | |
| COMMISSIONER STAN TAYLOR, ) | |
| WARDEN THOMAS CARROLL, ) | |
| MEDICAL DIRECTOR JAMES ) | |
| WELCH, ROBERTA BURNS, IIHOMA ) | |
| CHUKS, DR. MESSINGER, JOHN ) | |
| DURST, MOHAMAD NIAZ, FREDERIC ) | |
| VANDUSEN, LEE ANN DUNN, GAIL ) | |
| ELLER, KIMBERLY WEIGNER, ) | |
| OSHENKA GORDON, and BUREAU ) | |
| CHIEF PAUL HOWARD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 19th day of April, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claims against defendants Dr. Mohamad Niaz, Lee Ann Dunn, Gail Eller, Kimberly Weigner, and Oshenka Gordon are dismissed, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Dale Otis Palmer, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and has been granted leave to proceed in forma pauperis. His original complaint was dismissed with leave to amend. (D.I. 8) In his amended

complaint plaintiff alleges his constitutional rights were violated when defendants were deliberately indifferent to his serious medical needs, did not properly investigate his grievance, and did not find in his favor during the grievance proceeding. Plaintiff also filed a motion for discovery. (D.I. 10)

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion**. Plaintiff has had on-going health problems for more than

eighteen years. After undergoing tests ordered by defendant Dr. Roberta Burns, plaintiff was diagnosed with Hepatitis B enzymes. Plaintiff alleges that all defendants, with the exception of Lee Ann Dunn ("Dunn"), Gail Eller ("Eller"), Kimberly Weigner ("Weigner") and Oshenka Gordon ("Gordon"), were deliberately indifferent to his serious medical needs. The allegations against Dunn, Eller, Weigner, and Gordon revolve around a grievance filed by plaintiff, the investigation, hearing and outcome of the grievance.

5. **Medical**. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

6. Plaintiff alleges that in early 2006 he saw defendant Dr. Mohamad Niaz ("Dr. Niaz"), a liver specialist. Plaintiff alleges that Dr. Niaz did not examine him and Dr. Niaz was unfamiliar with his medical files. Plaintiff alleges Dr. Niaz ordered blood tests, but after the one appointment he never saw Dr. Niaz again.

7. Plaintiff's claim against Dr. Niaz does not rise to the level of a constitutional violation. The allegations are not that Dr. Niaz was deliberately indifferent to plaintiff's serious medical needs but, rather, that plaintiff disagreed with the way Dr. Niaz treated him during one medical appointment. The allegations against Dr. Niaz fail to state a

claim upon which relief may be granted, and the court will dismiss it without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(E)(2)(b).

8. **Grievances**. The complaint contains numerous allegations regarding a grievance filed by plaintiff, an inadequate grievance procedure, and a failure to investigate his grievances. The filing of a prison grievance is a constitutionally protected activity. Robinson v. Taylor, No. 05-4492, 2006 WL 3203900, at *1 (3d Cir. Nov. 7, 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005)(citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. Hoover v. Watson, 886 F. Supp. 410, 418-419 (D. Del.), aff'd 74 F.3d 1226 (3d Cir. 1995). Similarly, the failure to investigate a grievance does not raise a constitutional issue. Hurley v. Blevins, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005).

9. Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance was not properly processed, investigated, or that the grievance process is inadequate. Therefore, the allegations against defendants Dunn, Eller, Weigner, and

Gordon regarding unconstitutional conduct relating to the grievance filed are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

10. Plaintiff filed a motion for discovery. (D.I. 10) He wishes to obtain a complete copy of his medical file. This case is in its early stages and defendants have not yet been served. Therefore, the court will deny the motion as premature. Plaintiff is reminded to implement the Federal Rules of Civil Procedure when making discovery requests.

11. **Conclusion**. Based upon the foregoing analysis, the claims against defendants Dr. Mohamad Niaz, Lee Ann Dunn, Gail Eller, Kimberly Weigner, and Oshenka Gordon are dismissed, without prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A. Plaintiff may proceed with the medical needs claims against Commissioner Stan Taylor, Warden Thomas Carroll, James Welch, Roberta Burns, Iihoma Chuks, Mr. Messinger, John Durst, Frederic Vandusen, and Bureau Chief Paul Howard. Plaintiff's motion for discovery (D.I. 10) is denied as premature.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court **original** "U.S. Marshal-285" forms for **remaining defendants Commissioner Stan Taylor, Warden Thomas Carroll, James Welch, Roberta Burns, Iihoma Chuks, Mr. Messinger, John Durst, Frederic Vandusen, and Bureau Chief Paul Howard,** as well as for the Attorney General of the State of Delaware, 820 N.

FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff shall provide the court with copies of the amended complaint (D.I. 9) for service upon remaining defendants and the attorney general.**

3. The United States Marshal shall forthwith serve a copy of the amended complaint (D.I. 9), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will

**VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

    8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

                                                      */s/ [signature]*
                                        UNITED STATES DISTRICT JUDGE