IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-576-SLR |
| | ) |
| COMMISSIONER STAN TAYLOR, | ) |
| WARDEN THOMAS CARROLL, | ) |
| MEDICAL DIRECTOR JAMES | ) |
| WELCH, ROBERTA BURNS, IIHOMA | ) |
| CHUKS, DR. MESSINGER, JOHN | ) |
| DURST, FREDERIC VANDUSEN, | ) |
| and BUREAU CHIEF PAUL HOWARD, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 18th day of July, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's motions for appointment of counsel are **denied** without prejudice. (D.I. 20, 25) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord

Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. Plaintiff's identical motions for appointment of counsel state that he is unable to afford counsel, his imprisonment limits his ability to litigate, the issues are complex and require significant research and some investigation, he has limited access to the law library and limited knowledge of the law, the case will involve conflicting testimony and counsel will better enable plaintiff to present evidence and cross-examine witnesses, and despite his efforts, he has been unsuccessful in obtaining counsel.

4. At this early stage of the case, it is evident from his filings that plaintiff possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

5. Plaintiff's identical motions for discovery pursuant to Rule 37.1 and 26.1(b) of the Federal Rules of Civil Procedures [sic] are **denied** as premature. (D.I. 21, 26) The court will enter a scheduling discovery order at a later date.

                                                       _____
                                                       UNITED STATES DISTRICT JUDGE