IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-576-SLR |
| | : | |
| COMMISSIONER STAN TAYLOR, | : | TRIAL BY JURY OF |
| WARDEN THOMAS CARROLL, and | : | TWELVE DEMANDED |
| MEDICAL DIRECTOR JAMES WELCH, | : | |
| ET AL. | : | |
| | : | |
| Defendants. | : | |

**IHUOMA CHUKS, RPN'S,**
**FREDERICK VAN DUSEN, MD'S, and JOHN DURST, MD'S,**
**ANSWER TO AMENDED COMPLAINT**

I.    ANSWER REGARDING PREVIOUS LAWSUITS

A.    No answer required;

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

II    ANSWER TO ALLEGATION OF EXHAUSTION OF REMEDIES

A-D    Defendant does not have sufficient knowledge or information so as to form a belief

as to this allegation and it is therefore deemed denied.

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

III.    ANSWER TO LISTED DEFENDANTS

1.    No answer required by Answering Defendants.

2.    No answer required by Answering Defendant.

3.    No answer required, but to the extent an answer is required, Denied that a medical

director employed by CMS is liable.

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

IV     ANSWER TO STATEMENT OF CLAIM

1.     Denied that the Plaintiff was denied adequate medical care.  As to the remaining factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore deemed denied.

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

V.     ANSWER TO CLAIM FOR RELIEF

1.     Denied that Plaintiff is entitled to a monetary award, denied that Correctional Medical Services has neglected treatment to the Plaintiff;

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore deemed denied.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore deemed denied.

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

## ANSWER TO AMENDED COMPLAINT OF JANUARY 4, 2007

Denied that there was a deliberate indifference to a serious medical need.

1(sic)   Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore deemed denied..

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore deemed denied..

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of

DE086417.1

this averment and it is therefore deemed denied.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore deemed denied.

5.      No answer required as Dr. Niaz has been dismissed from this case.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore deemed denied.

7.      No answer required as Lee Ann Dunn has been dismissed from this case.

8-10    No answer required as Gail Eller, Kimberly Wagner, and Oshenka Gordon have been dismissed from this case.

11-12   Denied that CMS is liable to plaintiff.

13.     Denied that CMS is liable to plaintiff.  By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment and it is therefore deemed denied.

14.     No answer required from Answering Defendants.

        WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

## AFFIRMATIVE DEFENSES

15.     Plaintiff fails to state a claim upon which relief may be granted as to some or all of his claims.

16.     Plaintiff fails to state a claim against answering Defendants for which relief may be granted with respects to civil rights claims as Answering Defendants were not deliberately indifferent to a serious medical need.

17.     Plaintiff's claims are barred by applicable statutes of limitations.

18.     Plaintiff fails to state a claim against Defendant Correctional Medical Services upon which

DE086417.1

relief may be granted with respect to all claims for civil rights violations, as there is no vicarious liability for civil rights claims.

19.    The complaint fails to state a claim for punitive damages.

20.    Answering Defendants have provided plaintiff with medical care that was appropriate for his conditions and which meet the applicable standard of care.

21.    Plaintiff has failed to exhaust his administrative remedies.

22.    Plaintiff's injuries, if any, resulted from a superseding intervening cause.

23.    Plaintiff's injuries, losses, or damages, if any, were the direct, sole, and proximate result of activities or conduct of persons or entities for whom the Answering Defendants are not responsible and over whom the Answering Defendants have no right of authority or control.

24.    Answering Defendants denies that they are liable in anyway whatsoever to Plaintiff. However, if Answering Defendants are held to be liable to Plaintiff under the allegations contained in the Complaint, then Answering Defendants are entitled to contribution and/or indemnification from Co-Defendants for any amounts which Answering Defendants may be required to pay to Plaintiff.

25.    Plaintiff failed to properly plead a medical malpractice action against Answering Defendants.

26.    Plaintiff failed to file an affidavit of merit pursuant to 18 Del.C. § 6853.

27.    Defendants' actions serve and have served a legitimate penological interest.

28.    Plaintiff's complaint should be dismissed as to some or all Defendants for insufficient process and/or service of process;

29.    This Court lacks personal jurisdiction over some or all Defendants.

        WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

## ANSWER TO ALL PRESENT AND FUTURE CROSSCLAIMS

DE086417.1

Answering Defendant(s) den(y)(ies) all crossclaims now or hereinafter asserted against them.

**WHEREFORE**, the Answering Defendant(s) asks that the complaint against it be dismissed with prejudice and all costs and attorney's fees be assessed against the Plaintiff.

By:     _/s/ Patrick G. Rock_____

Megan Mantzavinos, Esquire/I.D. No. 3802
Patrick G. Rock, Esquire / I. D. No. 4632
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, #800
Wilmington, DE  19801
(302) 658-6538
*Attorneys for Defendants*

DATED: July 24, 2007

DE086417.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,                  :
                                  :
         Plaintiff,           :
                                    :
      v.                    :     C. A. No. 06-576-SLR
                                    :
COMMISSIONER STAN TAYLOR,    :
WARDEN THOMAS CARROLL, and    :
MEDICAL DIRECTOR JAMES WELCH,   :
                                    :
         Defendants.        :

---

## CERTIFICATE OF SERVICE

---

     I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C., hereby certify

that on this **24TH** day of **July**, 2007, the attached **Answer to Amended Complaint** was served by

electronic filing and first class mail upon the following individual

        Inmate Dale Otis Palmer, *Pro Se*
        SBI #175330
        Delaware Correctional Center
        1181 Paddock Road
        Smyrna, DE 19977

                                   */s/ Patrick G. Rock*
                                   Patrick G. Rock. Esquire (I.D. No. 4632)