IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-576-SLR |
| | : | |
| COMMISSIONER STAN TAYLOR, | : | TRIAL BY JURY OF |
| WARDEN THOMAS CARROLL, and | : | TWELVE DEMANDED |
| MEDICAL DIRECTOR JAMES WELCH, | : | |
| ET AL. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT IHUOMA CHUKS and FREDERICK VAN DUSEN'S
RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION AND
MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56
<u>REDACTED VERSION</u>**

In accordance with the Court's Order of August 13th, 2007 (D.I. 39), in response to Plaintiff's August 13, 2007 Motion for Temporary Restraining Order (D.I. 37), Defendants, Ihuoma Chuks, RN, MSN and Frederick Van Dusen, D.O., (Defendants) by and through their undersigned counsel, hereby respectfully submit the following. By complying with the Court's August 13th Order, Defendants do not intend to waive any defenses, including, but not limited to insufficient process, insufficient service of process, lack of personal jurisdiction, statute of limitations, and failure to exhaust administrative remedies, which are available to them, and compliance should not be construed as a waiver of service defenses or any jurisdictional defenses. Defendants specifically reserve the right to raise any defenses which may be available to them.

## Background

Plaintiff Dale Otis Palmer is an inmate in the custody of the Delaware Correctional Center (DCC) in Smyrna, Delaware who filed a lawsuit on September 14th, 2006 (signed and dated on August 3, 2006) (D.I. 2) against Stan Taylor, Thomas Carroll, John and Jane Does (Directors of Medical Services) of Correctional Medical Services (CMS). The allegations in the Complaint are that 18 years prior to filing the Complaint Mr. Palmer has been diagnosed [REDACTED], and that in 2004 Mr. Palmer was diagnosed with [REDACTED],, and that he has been denied the following:

a. treatment that would prevent [REDACTED],;

b. a biopsy that would determine the stage of his [REDACTED], and

c. [REDACTED], treatment.

In the Complaint, the plaintiff indicates the [REDACTED], are currently the best and the Plaintiff requests compensation of $250,000 for the years Defendants have known and neglected to give Plaintiff treatment, an Order that the medical department provide [REDACTED], a [REDACTED], and compensation of $250,000 for cruel and unusual punishment, medical malpractice, and pain and suffering. See Complaint (D.I. 2).

The Plaintiff amended the Complaint on October 11, 2006 to add James Welch "as medical director for (CMS)." The Court issued an Order on December 13, 2006, dismissing certain claims and gave leave for Plaintiff to Amend the Complaint (D.I. 8). On December 12, 2006, the Plaintiff filed a Motion to Amend the Complaint naming 14 defendants, some of whom had already been named in the Original Complaint (D.I. 9).

The Motion to Amend alleges that the plaintiff has had [REDACTED], and requested treatment and that when Dr. Roberta Burns (who has not yet been served in this case) obtained blood tests, the Plaintiff was diagnosed as having [REDACTED]. The Complaint alleges that the Plaintiff was scheduled to receive three shots to prevent [REDACTED], but only received two shots and that Dr. Burns did not give an explanation "for about six weeks" as to why the Plaintiff only received two shots. The Complaint further alleges the Plaintiff requested additional treatment for [REDACTED], and was denied.

The Amended Complaint alleges that Ihuoma Chuks, RN saw the Plaintiff twice in 2005 and denied treatment or vitamins and that she took the Plaintiff off medication he was already receiving and that she made a diagnosis without reviewing medical records.

The Amended Complaint alleges that Mr. Messinger, MD (who has not yet been served in this case), saw the Plaintiff twice in 2006 and denied him treatment because it cost too much money.

The Amended Complaint alleges that Dr. Niaz (who has not yet been served) who "was supposed to be a [REDACTED]," saw the Plaintiff in 2006 and ordered tests, but never saw the Plaintiff after that date.

The Amended Complaint alleges that Dr. John Durst, MD (who has not yet been served) saw the Plaintiff in 2006 and gave the Plaintiff insoles, but did not treat the Plaintiff for [REDACTED], because the Plaintiff was not sick enough.

The Amended Complaint alleges that the Plaintiff was seen by Dr. Van Dusen in 2006, but that Dr. Van Dusen did not treat the Plaintiff because the Plaintiff was not sick enough. The Amended Complaint does allege that Dr. Van Dusen ordered

[REDACTED], but as of the date of preparing the Amended Complaint, did not reevaluate the Plaintiff and therefore has denied the Plaintiff medical care.

The Amended Complaint alleges that grievances were filed, but the Court has since dismissed claims involving insufficient grievance procedures as there is no constitutionally protected right to a particular form of grievance, according to *Burnside v. Moser*, No. 04-4713, 138 Fed. Appx. 414, 16 (3d Cir. 2005) (citations omitted) (D.I. 11).

The Court appears to have dismissed all but the "medical needs" claims in Its April 19, 2007 Order, (D.I. 11) and Defendants assume that there can be no claim against them for medical negligence pursuant to that Order, in addition to the absence of any Affidavit of Merit as required by 18 <u>Del. C.</u> §6853.

On August 13, 2007, the Plaintiff filed a Motion for Temporary Restraining Order asking that this Court issue a Temporary Restraining Order to prevent the Plaintiff from further "enduring violations of his Eighth Amendment right...against cruel and unusual punishment relating to inadequate medical care," to issue an Order until the action is resolved against all current employees of CMS and Department of Corrections. The Plaintiff requests the Court order reasonable treatment be provided to him and in support of the Motion, the Plaintiff submitted an Affidavit.

In the Plaintiff's Affidavit, the Plaintiff claims he is denied the treatment requested in the Complaint, being prejudiced by "RN's (sic) and Doctors," that he has not had a [REDACTED], in months until August 7, 2007, that he is being denied treatment prescribed by [REDACTED], that he is provided [REDACTED], rather than pain medication and that the drug can cause [REDACTED].

Defendants ask this Court to deny the Motion for Temporary Restraining Order as the Plaintiff has not set forth any of the elements necessary to obtain a Preliminary Injunction and Defendants ask this Court to dismiss this case as the Plaintiff cannot prove any set of facts upon which he can recover.  As the Plaintiff will be unable to prove any facts upon which he can recover, he cannot show that he has a reasonable likelihood of success on the merits of his claim or that he will suffer irreparable harm if the Court does not grant his Motion.

### Argument

In order to prevail on a Motion for Preliminary Injunction, a Plaintiff must demonstrate that:  1)  he is likely to succeed on the merits; 2)  denial will result in irreparable harm; 3)  granting the injunction will not result in irreparable harm to the defendant; and 4) granting the injunction is in the public interest.  *Kline v. Correctional Medical Services*, 2006 WL 3755765 *1 (D. Del.) *citing Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997).  The Plaintiff has not met the first two elements required to establish entitlement to a preliminary injunction, and the motion must therefore fail.

Pursuant to Fed. R. Civ. P. 56(c), A Court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Defendants are entitled to have this claim dismissed as each of the Plaintiff's asserted claims are unfounded and that there is no issue of material fact that would allow the Plaintiff to recover in a 42 U.S.C. §1983 claim, (medical needs claim).

A.    The Motion for Temporary Restraining Order should be denied and the claim for medical care should be dismissed because the Plaintiff cannot show he is likely to succeed on the merits, denial of the Motion will not result in irreparable harm, and the Plaintiff has received appropriate medical treatment.

    i.    Claim for complete [REDACTED].

The Plaintiff claims that he has asked for care generally, and specifically for care for his [REDACTED], which has been denied.  Appended as a separate index, due to the large volume of records, are the Plaintiff's medical records in three volumes, denoted by "Active Medical Records", Volume 1, and Volume 2, marked as Exhibits A, B, and C. respectively.[1]

The Plaintiff claims in his Amended Complaint that Dr. Burns has prescribed medication therapy for [REDACTED] that was supposed to begin in 2003 and scheduled to end in 2004, but that he never had the final injection.  According to the medical records, the Plaintiff did receive the complete [REDACTED].  Exhibit A1 demonstrates that the Plaintiff has received three of three [REDACTED] on September 14, 2003, October 29, 2003, and March 19, 2004, as well as two of two [REDACTED]  that were given on September 4, 2003 and March 19, 2004.  All doses [REDACTED] appear to have been administered by Sue Schappell, RN.  Attached as Exhibit D is a chart showing that the proper doses for the [REDACTED]  are two doses and the proper doses for the [REDACTED] are three doses.

Defendants do not waive, and expressly assert statute of limitations, lack of personal jurisdiction, service of process, and all other defenses regarding this claim.  Nonetheless,

---

[1] The medical records as kept by physicians and nurses contain a series of tabulations and categories to track various needs of the patient.  The exhibits in this Motion are in the substantial order in which they were received and counsel has marked with specificity the supporting documents medical records in the plaintiff's Active Medical Records.

it appears that the Plaintiff has filed suit for medical care that he has already received. Therefore the Defendants ask that this claim against them be dismissed.

> ii.     Plaintiff is not entitled to a Temporary Restraining Order for a [REDACTED] as his condition does not warrant such treatment.

The Plaintiff has claimed that he has [REDACTED] and is entitled to a liver biopsy to determine the stage of his disease and for the treatments of [REDACTED]. On July 18, 2006, the Plaintiff requested a [REDACTED] and to discuss treatment for his illness such as [REDACTED]. See Request for Medical Care attached as Exhibit A2. Twelve days later the Plaintiff was seen by Dr. Durst, MD, who ordered a [REDACTED], and indicated the Plaintiff has [REDACTED]. The plan at that time was to check the [REDACTED] and proceed as necessary. See August 2, 2006 records attached as Exhibit A3.     The Plaintiff signed his Complaint on August 3, 2006, a day after being seen by Dr. Durst, and the Complaint was filed on September 14, 2006. The plaintiff's lab work was taken on August 14, 2006, received on August 15, 2006 and reported on August 18, 2006, which revealed the Plaintiff to have [REDACTED].[2] [REDACTED] is one of the indicators (along with symptoms or increased [REDACTED]), in determining whether a [REDACTED] ought to be performed and whether other treatment is necessary. See Affidavit of Dr. Lawrence McDonald attached as Exhibit E.

Dr. McDonald is an [REDACTED] Doctor who serves the Delaware inmates in various prison settings. After reviewing the Plaintiff's [REDACTED] of May 17, 2007 and June 27, 2007, Dr. McDonald has indicated that Mr. Palmer's [REDACTED] are not

---

[2] It is true that the Plaintiff has had [REDACTED] for many years and as a result has had many [REDACTED] performed as shown in the medical records. For purpose of this Motion, reference is made to three of the [REDACTED] to demonstrate the Plaintiff is not in need of a [REDACTED].

elevated and that Mr. Palmer's [REDACTED] is "non-detectable." See McDonald Affidavit at ¶7. Dr. McDonald further opines a [REDACTED] are not indicated at this time. Id.

The Plaintiff is also followed by Dr. Frederick Van Dusen, D.O. who has participated in the Plaintiff's care. Dr. Van Dusen also considers the Plaintiff's [REDACTED] to be "vanishingly low" and fortunately for the Plaintiff, that other testing is not required. See Dr. Van Dusen's affidavit attached as Exhibit F.

As the Defendant cannot prevail on his claim to receive a [REDACTED], the Court should deny his request for a Temporary Restraining Order and dismiss the Complaint against defendants.

      iii.    The Plaintiff should not receive a Temporary Restraining Order for receiving [REDACTED] as the Plaintiff has no constitutional right to demand a particular kind of treatment.

For the first time in this litigation, the Plaintiff has raised in his Motion for Temporary Restraining Order that he should not be receiving [REDACTED] because of possible side effects. It appears that the Plaintiff has not filed a Grievance for this issue and the claim should therefore be dismissed for the Plaintiff's failure to exhaust his administrative remedies. Also, by way of assisting this Court in understanding the issue before it, and to support a dismissal of the entire suit, Defendants offer the following.

The Plaintiff has been diagnosed with [REDACTED] which is also known as acid reflux disease. The Plaintiff has failed to reveal to the Court in his Motion for a Temporary Restraining Order filed on August 16, 2007, that he has had an [REDACTED].

Dr. Van Dusen has recommended [REDACTED]  as an alternative to [REDACTED] as it is easier to digest and will likely be easier on the Plaintiff's intestinal system than [REDACTED].

Even viewed very liberally, the Plaintiff's petition or claim regarding [REDACTED] must fail because he has not submitted a medical grievance regarding this issue, and even if he had, the Plaintiff has not provided an Affidavit of Merit to prevail on a medical negligence claim.  Assuming the Plaintiff now attempts to bring a medical negligence claim for the [REDACTED], allegations of medical malpractice are not sufficient to establish a constitutional violation.  See *White v. Napolean*, 897 F.2d 103, 108-09 (3d Cir. 1990).  If the Plaintiff is not making a claim for medical negligence, it appears he is seeking a different kind of care than that which has been prescribed for him.  However, mere disagreement as to the appropriate treatment is insufficient to state a constitutional violation.  *See, Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).  Additionally, the Medication Administration Records found at Exhibit A4, show the Plaintiff has received his [REDACTED] and not refused those medications.  Therefore, Defendants request that the Court deny the request for a Temporary Restraining Order regarding [REDACTED] and that this claim be dismissed.

iv. The Plaintiff's Motion for Temporary Restraining Order for [REDACTED] should be denied as he is already receiving care to [REDACTED] which demonstrates the Defendants are not deliberately indifferent to Plaintiff's medical needs.

Defendants do not agree that the plaintiff's [REDACTED]  condition rises to the level of a serious medical need, but accepts same as true for purposes of this Response and Motion to Dismiss only.  The Plaintiff points out in his Second Amended Complaint (D.I. 9, at ¶4) that when he saw Dr. Durst in 2006, Dr. Durst provided the Plaintiff with

[REDACTED] for his [REDACTED] (though in that paragraph the Plaintiff was complaining that Dr. Durst did not treat him for his [REDACTED]).  The Plaintiff has raised lack of treatment for [REDACTED] in the request for a Temporary Restraining Order for the first time in this litigation.  For the reasons that follow, the Defendants submit that this claim must also fail and that this lawsuit should be dismissed with prejudice.

In addition to providing the plaintiff with [REDACTED]  in 2006 the Plaintiff has been provided with X-rays for his [REDACTED]  consultations with a [REDACTED] named Dr. Hanlon, new sneakers, memoranda to use a bottom bunk, and medications. Insofar as the plaintiff requests different treatment, he is not entitled to same pursuant to *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

Dr. Hanlon prescribed x-rays which were performed on January 16, 2006 and revealed that Mr. Palmer has [REDACTED].  See X-ray report attached as Exhibit A5. On July 16, 2007, the Plaintiff was sent for an outside consultation with Dr. Hanlon in Dr. Hanlon's Smyrna, Delaware office.  Dr. Hanlon prepared a "Provider Consultation Report."  See report attached as Exhibit A6.

Dr. Hanlon indicates that he recommends no surgical intervention due to the [REDACTED]  and that [REDACTED]  be prescribed for sixty days.  Dr. Van Dusen reviewed the report on July 17, 2007, prescribed [REDACTED] and recommended a follow up in six months.  See Dr. Van Dusen's Affidavit attached as Exhibit E, at ¶15. Though the Plaintiff has not revealed to the Court that he saw a [REDACTED]  on July 16, 2007, it appears he is receiving care to his [REDACTED]  and that surgery is not recommended due to what Dr. Hanlon describes as a [REDACTED].  Though the issue is

raised in the Affidavit in support of Motion for Temporary Restraining Order, the Plaintiff has not included in his Complaint a claim that the defendants were deliberately indifferent to serious medical needs for his [REDACTED] or what relief he is requesting. The Plaintiff is required to assert his claims for violations of his civil rights and to plead with particularity the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

As the medical records and affidavit reveal that each allegation the Plaintiff has made lacks merit either because the Plaintiff is already receiving adequate medical treatment and care or does not need the treatment he requests, The Plaintiff cannot prevail in the underlying case to allow him to obtain a Temporary Restraining Order.  As no incidents can be shown where the defendants have been deliberately indifferent to a serious medical need, the Court should deny the Motion for a Temporary Restraining Order and the Complaint should be dismissed with prejudice.

B.    The Plaintiff has not shown that denial of the Temporary Restraining Order will result in irreparable harm.

As the Defendants have shown that each of the Plaintiff's claims lacks merit, primarily because the treatment he requests is unwarranted or he has already received the medical care to which he is entitled, the plaintiff cannot demonstrate any irreparable harm if the Court denies the Motion for Temporary Restraining Order.  As the Plaintiff cannot demonstrate any irreparable harm, the Court should deny the Motion for an injunction.

C.    There is no issue of material fact upon which the Plaintiff can recover, therefore, the Court must dismiss this action with prejudice.

For the Plaintiff to prevail in this action he must demonstrate that: 1) the defendants have been deliberately indifferent to, 2) a serious medical need. *Estelle v.*

*Gamble*, 429 U.S. 97; 97 S. Ct. 285.  The Plaintiff's medical records demonstrate that he receives care according to his needs and has already received appropriate care that he has requested.  At best the Plaintiff appears to be asking for different care than that which he is receiving, i.e., [REDACTED].  The Plaintiff is not entitled to his choice of care, *See Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977), and the Plaintiff must prove something beyond medical negligence as mere medical negligence is insufficient to support a constitutional violation.  *See e.g., Estelle*, 429 U.S. at 106 & n.14.

<u>Conclusion</u>

For the reasons stated herein, Plaintiff has failed to demonstrate his entitlement to a Temporary Restraining Order as he cannot prevail on the merits of his claim and he has not shown that he will suffer irreparable harm if the Order is not granted.  Furthermore, the Plaintiff's Complaint should be dismissed with prejudice as there are no facts upon which he can recover in the instant litigation.

Marks, O'Neill, O'Brien & Courtney, P.C.

By:     */s/ Patrick G. Rock, Esquire*
        Megan T. Mantzavinos, Esquire/ID No. 3802
        Patrick G. Rock, Esquire/ID No. 4632
        913 North Market Street, #800
        Wilmington, DE 19801
        (302) 658-6538
        *Attorney for Defendants Chuks and Van Dusen*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,     :
             :
   Plaintiff,     :
             :
   v.        :   C. A. No. 06-576-SLR
             :
COMMISSIONER STAN TAYLOR, :   TRIAL BY JURY OF
WARDEN THOMAS CARROLL, and :   TWELVE DEMANDED
MEDICAL DIRECTOR JAMES WELCH, :
ET AL.         :
             :
   Defendants.    :

**NOTICE OF RESPONSE TO MOTION FOR TEMPORARY RESTRAINING
ORDER AND MOTION TO DISMISS**

TO:

| Inmate Dale Otis Palmer, *Pro Se* | Eileen Kelly, Esquire |
|---|---|
| SBI #175330 | Department of Justice |
| Delaware Correctional Center | Carvel State Office Building |
| 1181 Paddock Road | 820 North French Street |
| Smyrna, DE 19977 | Wilmington, DE 19801 |

   PLEASE TAKE NOTICE that the attached Response to Motion for Temporary

Restraining Order and Motion to Dismiss shall be heard or determined at the convenience

of the Court.

       Marks, O'Neill, O'Brien & Courtney, P.C.


     By: */s/ Patrick G. Rock, Esquire*_____
       Megan T. Mantzavinos, Esquire/ID No. 3802
       Patrick G. Rock, Esquire/ID No. 4632
       913 North Market Street, #800
       Wilmington, DE 19801
       (302) 658-6538
       *Attorney for Defendants Chuks and Van Dusen*

SEALED DOCUMENT

EXHIBIT A

SEALED DOCUMENT

EXHIBIT B

SEALED DOCUMENT

EXHIBIT C

**SEALED DOCUMENT**

**EXHIBIT D**

# SEALED DOCUMENT

# EXHIBIT E

**SEALED DOCUMENT**

**EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,                             :
                                             :
              Plaintiff,                     :
                                             :
       v.                                    :    C. A. No. 06-576-SLR
                                             :
COMMISSIONER STAN TAYLOR,                    :
WARDEN THOMAS CARROLL, and                   :
MEDICAL DIRECTOR JAMES WELCH,                :
                                             :
              Defendants.                    :

_____

## ORDER

_____

      HAVING READ The Plaintiff's Motion for Temporary Restraining Order and the Response

thereto, and any subsequent replies, IT IS ORDERED, that the Plaintiff's Motion for Temporary

Restraining Order is Denied;

      HAVING READ the Defendant's Motion to Dismiss, and any responses thereto, IT IS

ORDERED, that the Plaintiff's Complaint and any amendments thereto, is/are DISMISSED WITH

PREJUDICE.

      So Ordered on this _____ day of _____, 2007.


_____
         J.

DE089746.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,                          :
                                           :
                    Plaintiff,             :
                                           :
          v.                               :     C. A. No. 06-576-SLR
                                           :
COMMISSIONER STAN TAYLOR,                  :
WARDEN THOMAS CARROLL, and                 :
MEDICAL DIRECTOR JAMES WELCH,              :
                                           :
                    Defendants.            :
_____

## CERTIFICATE OF SERVICE
_____

     I, **Patrick G. Rock, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C., hereby certify

that on this **29th** day of **August**, 2007, the attached **Response to Motion for Temporary**

**Restraining Order and Motion to Dismiss** was served by electronic filing and first class mail upon

the following individuals:

Inmate Dale Otis Palmer, *Pro Se*        Eileen Kelly, Esquire
SBI #175330                          Department of Justice
Delaware Correctional Center       Carvel State Office Building
1181 Paddock Road              820 North French Street
Smyrna, DE 19977              Wilmington, DE 19801

                                  */s/ Patrick G. Rock*
                                  Patrick G. Rock. Esquire (I.D. No. 4632)