IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-576-SLR |
| | ) |
| COMMISSIONER STAN TAYLOR, | ) |
| WARDEN THOMAS CARROLL, | ) |
| MEDICAL DIRECTOR JAMES WELCH, | ) |
| ROBERTA BURNS, IIHOMA CHUKS, | ) |
| MR. MESSINGER, JOHN DURST, | ) |
| FREDERIC VANDUSEN, and | ) |
| BUREAU CHIEF PAUL HOWARD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of October, 2007, having considered plaintiff's motions for injunctive relief and for a Rule 26(f) meeting as well as the papers submitted in connection therewith;

IT IS ORDERED that plaintiff's motions for injunctive relief (D.I. 37) and for a Rule 26(f) meeting (D.I. 46) are denied for the reasons that follow:

1. **Background.** Plaintiff, an inmate at the Delaware Correctional Center, filed this motion for a temporary restraining order to prevent him from "further enduring violations of his [E]ighth amendment right establish[ed] in the constitution against cruel and unusual punishment relating to inadequate medical care." (D.I. 37) Plaintiff claims he is being denied the medical care requested in his complaint. Plaintiff disagrees with

the medication prescribed to treat his foot problems and seeks the court to compel defendants to change the medication ("Mobic") to a different medication that plaintiff believes will not adversely affect gastroesophageal reflux disease, a pre-existing condition. Plaintiff also requests that a podiatrist examine his feet and that footwear - previously ordered - be supplied. Because plaintiff contends defendants are treating him differently since he instituted this action, he asks that all defendants be ordered to refrain from treating or having contact with him.

2. Defendants assert that plaintiff's medical needs are being met and that plaintiff's motion does not meet the standard for a preliminary injunction to issue.[1] (D.I. 42, 42) The affidavit of defendant Dr. Frederick Van Dusen ("Dr. Van Dusen") states that plaintiff was evaluated by a podiatrist on November 29, 2006 and on July 16, 2007. (D.I. 40, ex. F) The podiatrist concluded that surgical intervention was not warranted and recommended that Cataflam, an anti-inflammatory and pain medication, be prescribed. (Id.) Dr. Van Dusen reviewed the podiatrist's report and concluded that a follow-up examination in 6 months would be necessary. Dr. Van Dusen prescribed Mobic, "which is the generic form of Meloxicam, as an alternative to Cataflam, which serves the same function as Cataflam, but with less chance of upsetting [plaintiff's]

---

[1] Medical defendants Chuks and Van Dusen filed a response to the motion for temporary restraining order on August 30, 2007. (D.I. 42) They also filed, what appears to be, copies of plaintiff's complete medical file - including entries made in 1993 and continuing in random sequence through 2007. (D.I. 40) Within its response, medical defendants moved to dismiss the complaint. Because the court specifically ordered a response to the motion for temporary injunction, the motion to dismiss will not be considered at this time. Defendants Taylor, Carroll, Welch and Howard, collectively, ("State Defendants") adopted by reference the Medical Defendants' response to plaintiff's motion for temporary restraining order. (D.I. 41) State defendants have not incorporated by reference medical defendants' motion to dismiss. (D.I. 41)

gastroesophageal reflux disease." (Id. at ¶¶ 14, 15) Plaintiff was treated for intestinal problems on May 29, 2007. (Id. at ¶ 16) Dr. Van Dusen considers plaintiff's medical treatment reasonable. (Id. at ¶ 17)

3. In reply, plaintiff urges the court to review each medical record provided because he does not recall receiving the treatment noted in his chart. (D.I. 43) He complains that defendants have not responded to his requests for discovery; however, the documents sought, plaintiff claims, will demonstrate that his rights have been violated.

4. On October 12, 2007, plaintiff filed a motion for a Rule 26(f) meeting and requested that his motion for injunctive relief be granted. (D.I. 46) Because he suffers from Hepatitis B and C, plaintiff worries that he is not receiving adequate care to thwart the progression of the diseases. By having a Rule 26(f) meeting, plaintiff would have the opportunity to speak to defendants about scheduling a liver biopsy, as well as providing alternative treatment and supplements, including: (1) milk thistle; (2) licorice root; and (3) ginseng.

5. Defendants responded that plaintiff is receiving adequate medical care and a Rule 26(f) conference is unnecessary. (D.I. 48)

6. **Standard of Review**. When considering a motion for a preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future

3

invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

7. **Discussion**. The medical records reflect that plaintiff suffers from hepatitis, gastroesophageal reflux disease and foot problems. (D.I. 40) He is receiving medication to address the pain associated with his foot problems. He has not been denied medication, only denied medication of his choice. There is no need for injunctive relief and denial of the motion, as to the medication issue, will not result in irreparable harm.

8. With respect to his feet problems, the medical records reflect that plaintiff has received treatment for these problems. He has been treated by a podiatrist and Dr. Van Dusen is aware of and monitoring plaintiff's condition.

9. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). It is evident that plaintiff is receiving consistent medical care and that his foot problems are being monitored. While plaintiff may not like the type of care he receives, it cannot be said that there is a deliberate indifference to his serious medical needs; and plaintiff,

therefore, has not demonstrated a likelihood of success on the merits as to this issue. Accordingly, the court will deny the motion for injunctive relief.

10. **Conclusion**. The medical records reflect that plaintiff has and is receiving medical treatment. There is no indication that, at the present time, plaintiff is in danger of suffering irreparable harm. Plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

United States District Judge