IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-576-SLR |
| | ) | |
| COMMISSIONER STAN TAYLOR, | ) | JURY TRIAL REQUESTED |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JAMES WELCH'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant James Welch ("Defendant") hereby responds to Plaintiff's First Set of Interrogatories ("Interrogatories"):

**GENERAL OBJECTIONS**

1. Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendant objects to the Interrogatories to the extent that they purport to place duties upon him not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in his possession, custody or control.

5.	Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendant, but will not be produced.

6.	Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.	Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendant's Responses, Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1.	What is our full and correct name?

**RESPONSE:** James C. Welch.

2.	What are your employment duties for the Department of Corrections?

**RESPONSE:** As Director of Health Care Services at the Department of Correction. ("DOC") I oversee the contract between the DOC and the medical provider.

3.	Do you assist in providing treatment for inmates?

**RESPONSE:** No.

4.	Identify and attach a copy of any and all documents relating to prison medical staff training and education you have received.

**RESPONSE:** Answering Defendant is Director of Health Care Services whose role includes oversight of health care to inmates but provides no direct care to inmates. All inmate complaints regarding medical problems that Answering Defendant receives are forwarded to the medical vendor.

    5.    Why did Doctor Davi Messinger retire?

**RESPONSE:** Answering Defendant has no personal knowledge. This Interrogatory would be better directed to medical personnel.

    6.    Was Doctor Davi Messinger a certified Doctor in Delaware?

**RESPONSE:** Answering Defendant has no personal knowledge. This Interrogatory would be better directed to medical personnel.

    7.    Did Doctor Davi Messinger have a valid license to practice medicine?

**RESPONSE:** Answering Defendant has no personal knowledge. This Interrogatory would be better directed to medical personnel.

    8.    Why did Doctor John Durst retire?

**RESPONSE:** Answering Defendant has no personal knowledge. This Interrogatory would be better directed to medical personnel.

    9.    Was Doctor John Durst a certified doctor in Delaware?

**RESPONSE:** Answering Defendant has no personal knowledge. This Interrogatory would be better directed to medical personnel.

    10.    Did Doctor John Durst have a valid license to practice medicine?

**RESPONSE:** Answering Defendant has no personal knowledge. This Interrogatory would be better directed to medical personnel.

    11.    Where can Dr. Roberta Burns be located?

**RESPONSE:** Answering Defendant believes Dr. Burns moved out of state but has no personal on knowledge where she can be presently located.

12. Why did she leave the Delaware Correctional Center?

**RESPONSE:** Answering Defendant is under the belief that Dr. Burns received an out of state offer of employment.

13. Who is the head of Correctional Medical Services in Delaware?

**RESPONSE:** To my knowledge, Chad Barr is the Regional Vice-President of CMS.

14. Do you ever reply to inmates letters that are sent to you?

**RESPONSE:** Answering Defendant has replied to inmates' letters. If the letters concern a medical problem they are forwarded to the medical vendor.

15. Why haven't you responded to any of my letters concerning my medical treatment?

**RESPONSE:** Answering Defendant usually doesn't respond to individual letters. Also see Response to No. 14.

16. Do you have a conflict with costs for inmate medical treatments? And if so what is your conflict?

**RESPONSE:** Objection. This Interrogatory is argumentative and not designed to lead to the discovery of admissible evidence. Without waiving these objections, Answering Defendant denies that he would abrogate inmate medical treatments to curb costs.

17. What is the protocol for providing inmates with adequate medical care?

**RESPONSE:** Objection. Defendant does not know how Plaintiff is defining "adequate." Further, the Interrogatory is overly broad.

18. When an inmate tests positive for hepatitis B, should he be treated as soon

as possible?

**RESPONSE:** Answering Defendant is not an infectious disease specialist and therefore has no response.

19. On 5/22/07 Plaintiff tested positive for active hepatitis B, hepatitis A, AB/Total – HB c AB- HBs Ab and hepatitis C Ab. Why wasn't he ever treated?

**RESPONSE:** Answering Defendant has no personal knowledge. Further, see responses to Interrogatories No. 3 and No. 18.

20. On 2/3/06 the plaintiff test results proved his ALT levels to be abnormal and A positive hepatitis B surface antibody result even though he had not received an inoculation. Do you agree the test shows active infection from hepatitis B?

**RESPONSE:** See Response to Interrogatory No. 18.

21. Are you a chronic disease specialist?

**RESPONSE:** No.

22. Do you agree with the Center for Disease Control that a person should get a biopsy every 3-5 years as an alternative to treatment with medications? And is a way to monitor if or when liver damage may occur or progress?

**RESPONSE:** Objection. This Interrogatory is vague, has no relevance to Plaintiff's claims, requests information beyond the scope of rule 26, and is not designed to lead to the discovery of admissible evidence

23. Would you like this complaint resolved?

**RESPONSE:** The complaint will be resolved through the legal system.

24. Do you deny that you are listed as the referred to person in the plaintiff 9/19/06 Grievance Information BGO response? Which indicates that you knew of my

situation.

**RESPONSE:** Answering Defendant denies that he is referred to in the 9/19/06 grievance information response.

25. Please identify and attach any and all documents that prison policy dictates or supports concerning chronic disease and housing guidelines?

**RESPONSE:** During the timeline of Plaintiff's allegations in his Complaint there was no prison policy concerning chronic diseases and/or housing guidelines.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General
Department of Justice
Carvel State Bldg., 6th Fl.,
820 N. French Street
Wilmington, DE  19801
catherine.damavandi@state.de.us

Dated:  November 29, 2007

*CERTIFICATE OF SERVICE*

I hereby certify that on November 29, 2007, I electronically filed *State Defendant James Welch's Response to Plaintiff's First Set of Interrogatories* with the Clerk of Court using CM/ECF, which will send notification to Megan T. Mantzavinos, Esquire.   I hereby certify that on  November 29, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Dale Otis Palmer
SBI#175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

           **STATE OF DELAWARE**
           **DEPARTMENT OF JUSTICE**

           /s/ Catherine Damavandi
           Catherine Damavandi, ID#3823
           Deputy Attorney General
           Department of Justice
           Carvel State Bldg., 6th Fl.,
           820 N. French Street
           Wilmington, DE  19801
           catherine.damavandi@state.de.us

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 06-576-SLR |
| ) | |
| COMMISSIONER STAN TAYLOR, ) | JURY TRIAL REQUESTED |
| et al., ) | |
| ) | |
| Defendants. ) | |

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's Interrogatories are true and correct.

_____
James Welch