IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,
  Plaintiff,

V.

COMMISSIONER STAN TAYLOR,
et al    Defendants.

C.A. NO. 06-576-SLR

TRIAL BY JURY REQUESTED

RE: Letter Requesting the
Courts intervention ---

Dear Judge SUE L. ROBINSON,

I am writing you to request your response and intervention. On 10/25/07 and 10/30/07 I filed my first set of interrogatories to defendants - Fredrick Vandusen Ihuoma Chuks and John Durst. On 10/19/07 I filed A motion for sanction for failur to comply against Davi Messinger and Roberta Burns. On 10/25/07 I filed A motion for appointment of Counsel with an attached Affidavit. On 11/19/07 I filed A rebuttal to defendants opposition to motion for appointment of counsel. On 12/2/07 I filed A motion compelling discovery Rule(37). On 12/10/07 I filed A motion for default judgment - A response to A letter in respects to Megan T. Mantzavinos request for interrogatories and production and A signed Authorization form to disclose health information. On 12/18/07 I filed A motion for order compelling disclosure Rule 37(a)(3)(A) 37(a)(iii) and A motion for Depositions Rule 30. None of my motions or requests have been responded to and inso has made it very very difficult for me to obtain sought after evidence for trial. The defendants attorneys are moving out of the time guidelines established by the Federal Rules of Civil procedures in violation of the same rules. I have done everything I can possibly do Considering my situation - in trying to assist and move this case forward. However Counsel for defendants - Vandusen - Chuks - Durst - Burns and Messinger has

stalled every effort the plaintiff has made to litigate his claims. When interpreting Rule 33 of the the federal rules of civil procedures. The defendants had 30 days to answer the interrogatories and, has to be signed by the persons giving the answers and signed by the Counsel making the objections. That the defendants must exercise due diligence to secure the information stating whatever information or knowledge they have that may concern A unanswered portion. It has been almost 60 days and I have not recieved A response to interrogatories from Fredric Vandusen or Ihuoma Chuks or John Durst who is represented by the same Counsel (Megan Mantzavinos and Ryan Ernst). For any of the defendants or their Counsels to contend that I have not or didn't try to Confer with them is frivolus and the record of this civil action will support and certify such. In responding to my request for Default Judgment Counsel for defendants Chuks and defendant Vandusen now respond that the defendants are in the process of verifying answers to my interrogatories and will file such responses when the answers and verifications are completed. In viewing the Federal Rules of Civil Proceedures before me, Rule 33 it is the courts decision to give extentions "NOT" the defendants Counsel who have held me bound to the Federal Rules. For this very reason I have previously stated that counsel need be appointed to help prevent violations of my civil rights and to assist in holding the defendants to the Federal Rules of Civil proceedures. They have admitted to recieving my filed motion compelling discovery on 12/4/07 "But" are attempting to blame the Court for their no-compliance stating the motion wasn't posted on the Federal Court CM/ECF filing system. Wherefore in the intrest of justice I am seeking Your Honor to intervene and rule on my motions before the Court. Please review enclosed Confidentiality agreement which support my contention That I have Conferred with the defendants.

This 30th Day Of December 2007

Respectfully
Dale Otis Palmer
DALE OTIS PALMER 175330 Bld MHU #23
D.C.C. 1181 Paddock Rd Smyrna Del
19977

## Certificate of Service

I, __DALE OTIS PALMER__, hereby certify that I have served a true and correct cop(ies) of the attached: __Letter to SUE L. ROBINSON with Confidentiality agreement__ upon the following parties/person (s):

TO: __Megan T. Mantzavinos__
__Marks-ONeill-OBrian & Courtney__
__913 market ST #800__
__wilmington Del 19801__

TO: __UNITED STATES DISTRICT COURT__
__FOR THE DISTRICT OF DELAWARE__
__844 N. KING ST,__
__LOCKBOX # 18__
__Wilmington Del 19801__

TO: __Catherine Damavandi__
__Department of Justice__
__Carvel state bld 6th Fl.__
__820 N. French ST__
__wilmington, Del. 19801__

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __20th__ day of __December__, 2007

__Dale Otis Palmer__

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-576-SLR |
| | : | |
| COMMISSIONER STAN TAYLOR, | : | TRIAL BY JURY OF |
| WARDEN THOMAS CARROLL, and | : | TWELVE DEMANDED |
| MEDICAL DIRECTOR JAMES WELCH, | : | |
| | : | |
| Defendants. | : | |

**CONFIDENTIALITY AGREEMENT**

1.   DALE OTIS PALMER, (hereinafter "Plaintiff"), Frederick Van Dusen, D.O., and Ihuoma Chuks, NP for themselves, (hereinafter "Defendants"), (collectively, "the Parties"), by their own authority or by and through their respective counsel, hereby stipulate and agree as follows:

2.   When Defendants produce or provide documents at any time during the above-captioned litigation, whether or not they specifically identify said documents as confidential, all such documents and the information contained therein shall be protected under this Confidentiality Agreement. All documents produced by Defendants to Plaintiff and/or co-Defendants will be referred to as the "Confidential Documents."

2(a).   The parties agree that Defendant's Rule 26 Disclosures and Responses to Plaintiff's Request for The Production of Documents are "Confidential Documents" for purposes of this Agreement.

3.   If any party wishes to use any deposition testimony concerning the Confidential Documents, the portion of the deposition transcript which relates to the Confidential Documents shall be designated and treated as Confidential and subject to the confidentiality provisions hereof.

DE095056.1

4. The Confidential Documents or any information contained therein may be disclosed or made available by the parties (or their respective counsel) only to the following:

    A. Themselves by their own counsel (i.e. defendant's counsel may show the Confidential Documents to the agents and/or employees of defendants or their employers (current or former) whom defendants' counsel believes the information is necessary to share in order to prepare the defense of or evaluate plaintiff's claims);

    B. The Court and its personnel (in the manner provided by paragraphs 5 and 6 hereof);

    C. Counsel of record and the attorney(s), paralegal(s), and clerical and secretarial staff employed by them;

    D. Court reporters utilized in this litigation;

    E. Any expert or consultant engaged or consulted in this action;

    F. Deposition and trial witnesses.

5. Prior to disclosure of the Confidential Documents or any information contained therein to an expert or consultant, the Parties shall supply any such person with copies of this Agreement and secure their written promise that they will not disclose any information protected by this Agreement to anyone other than counsel and the parties. All other persons designated to receive and review Confidential Documents under Paragraph 4 hereof shall be instructed regarding the terms of the Agreement, and he or she shall acknowledge its terms before disclosure of the Confidential Documents to such person.

6. If at trial any Party attempts to introduce into evidence or use in cross-examination Confidential Documents, or any information contained therein whether a document, deposition testimony or otherwise, the opposing Party may request that the Court preserve the confidentiality of those Confidential Documents or any information contained therein or information contained therein to the extent and by the means the Court deems necessary and appropriate. Use of

DE095056.1

Confidential Documents at trial shall not destroy, or waive, the confidentiality of such information.

7.  None of the Confidential Documents or information contained therein shall be used by any person for any purpose other than for the preparation of any hearing or trial in this action, including appeals.

8.  Upon termination of this action, including all appeals, Plaintiff shall return to Defendants (via its undersigned counsel) all of the Confidential Documents and all copies thereof (including such copies as may have been marked as deposition exhibits and/or exhibits to any motion, pleadings or other court documents).

9.  The provisions of this Agreement shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom.

10. In the event of a breach of this Agreement, The Defendants shall be entitled to pursue any available remedy at law or equity.

Marks, O'Neill, O'Brien & Courtney, P.C.

BY: _____
Patrick G. Rock, Esquire
Megan Mantzivinos, Esquire
Suite 800
913 N. Market Street
Wilmington, DE 19801
Attorneys for Defendants

Date:

BY: _____ *Pro se*
DALE OTIS PALMER, *pro se*

Date: 11/7/07

DE095056.1

I/M DALE OTIS PALMER
SBI# 125330   UNIT MHU-23
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal
Mail

WILMINGTON DE 197
2007 DEC 26 PM 3 T

FILED
CLERK, U.S. DISTRICT COURT 2.1 DEC 2007 PM
DISTRICT OF DELAWARE
2007 DEC 26 PM 2:41

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
844 N. KING ST. LOCKBOX # 18
WILMINGTON, DEL.
19801



1980143513 C012