IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-576-SLR |
| | : | |
| COMMISSIONER STAN TAYLOR, | : | TRIAL BY JURY OF TWELVE |
| WARDEN THOMAS CARROLL, and | : | DEMANDED |
| MEDICAL DIRECTOR JAMES WELCH, | : | |
| | : | |
| Defendants. | : | |

### **DEFENDANT VANDUSEN'S ANSWERS TO PLAINTIFF'S INTERROGATORIES**

### GENERAL OBJECTIONS

A.  Defendant Frederick Van Dusen ("Answering Defendant") objects to the Plaintiff's First Set of Interrogatories, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C.  Defendant objects to the Plaintiff's First Set of Interrogatories, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

{DE094697.1}

D.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as the terms used therein are vague and ambiguous.

G.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such Requests are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I.  Answering Defendant objects specifically to the Plaintiff's First Set of Interrogatories as overly broad, ambiguous, and unduly burdensome. In responding to Plaintiff's First Set of Interrogatories, Answering Defendant will use the ordinary meaning of the words or terms in Interrogatories.

6.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual

{DE094697.1}

numbered Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Plaintiff's First Set of Interrogatories.

K.    Answering Defendant's failure to object to the Plaintiff's First Set of Interrogatories in a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L.    These General Objections are incorporated into each of Answering Defendant's specific Responses to the Plaintiff's First Set of Interrogatories, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

M.    Answering Defendant reserves the right to supplement or amend its responses and objections to the Plaintiff's First Set of Interrogatories. The fact that Answering Defendant has responded to the Plaintiff's First Set of Interrogatories shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N.    These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

1.  What is your correct name?

**ANSWER:** Federick Van Dusen, D.O.

2.  Identify and attach a copy of any and all documents relating to prison medical staff training you have received, as well as education.

**ANSWER:** I am a Doctor of Osteopath, and board certified in Family Medicine. I am a chronic care physician for Correctional Medical Services, but not an Infectious Disease Doctor. My C.V. will be provided if necessary.

3.  Have you ever been named in a civil action concerning medical issues other than this one? Or reprimanded?

**ANSWER:** Objection, this Interrogatory is irrelevant and not reasonably calculated to lead to admissible information and seeks to annoy and harass Dr. Van Dusen. Without waiving objections and subject thereto, no.

4.  Are you a chronic disease specialist?

**ANSWER:** I am a chronic care physician.

5.  What medications have you given Plaintiff for Hepatitis C?

**ANSWER:** I am not an infectious disease doctor and therefore, I do not treat Hepatitis patients. I have referred patients to be treated by Infectious Disease doctors. Please see medical records as I do not have an independent recollection of the Plaintiff and would have to rely on the plaintiff's medical records.

{DE094697.1}

6. What medications have you given Plaintiff for Hepatitis B?

**ANSWER:** See Answer to Interrogatory number 5.

7. What type of food and drink have you ordered for Plaintiff?

**ANSWER:** See Answer to Interrogatory number 5.

8. Does Hepatitis C and Hepatitis B cause chronic liver disease?

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that must be answered by an infectious disease or other expert. Without waiving objections and subject thereto, Hepatitis C and Hepatitis B are viruses which cause liver disease.

9. The 5/22/07 lab report states that Plaintiff tested positive for Hepatitis A, AB/Total, HbcAB, HbsAb and Hepatitis C Ab. Did you treat Plaintiff then or after seeing those results?

**ANSWER:** I am not an infectious disease doctor and therefore, I do not treat Hepatitis patients. I have referred patients to be treated by Infectious Disease doctors. Please see medical records as I do not have an independent recollection of the Plaintiff and would have to rely on the plaintiff's medical records.

10. Is Plaintiff suffering or have any other diseases such as GFR (glomerular filtration rate) or kidney disease?

**ANSWER:** Please see medical records. By way of further response, GFR is the means whereby kidney function is monitored. From record review this patient has no GFR evidence of kidney disease.

11. Do you have to get permission to treat Plaintiff for hepatitis?

**ANSWER:** Please see Answer to Interrogatory number 5.

12. Did you try to obtain consent for treating Plaintiff for hepatitis?

**ANSWER:** Please see medical records.

13. Is Hepatitis B 100 times more infectious than HIV?

**ANSWER:** Objection, this Interrogatory seeks information the answer to which must be given by an infectious disease or other expert.

15. (sic)   Who is the health care director for CMS?

**ANSWER:** I am not aware of an individual who has the title of "Health Care Director." I am aware of a Health Service Administrator and a Medical Director for CMS.

16. Why would you allow Plaintiff to stay in population after seeing the result of the 5/22/07 lab report?

**ANSWER:** Objection, this Interrogatorry seeks information that is irrelevant and not reasonably calculated to lead to admissible information. This Interrogatory also seeks

{DE094697.1}

information beyond the knowledge of the defendant as the defendant is not a policy maker. Without waiving objections and subject thereto, there is no cause to remove a patient from the general population unless he poses a significant health risk to himself or others.

17.   What is your response to the lab results of 2/3/06 that show Hepatitis B surface antibody and an ALT that is abnormal?

**ANSWER:** Objection, this Interrogatory is vague, confusing, and ambiguous. Without waiving objections and subject thereto, I was not employed at the Delaware Department of Corrections in February 2006.

18.   Please identify and attach copies of all signed documents with my signature for surgeries and or tests Plaintiff has received since 2003.

**ANSWER:** See medical records. By way of further answer, additional records are being sought and will be produced when obtained.

19.   What, if any, is the protocol for CMS treating inmates with both Hepatitis B and C? Please identify and attach a copy.

**ANSWER:**   Objection, this Interrogatory seeks information that is privileged and confidential pursuant to 11 Del. C.§ 4322, 29, Del. C. §§10002(g)(13) and (16). This Interrogatory also seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, I use a flow chart that addresses the liver enzyme production, titer results, viral loads and other indicators to determine whether to refer a patient to the infectious disease doctor.

{DE094697.1}

20.    Have you ever been instructed not to treat Plaintiff for Hepatitis B and C? If so, by whom?

**ANSWER:** No. By way of further answer, See my affidavit and the Affidavit of Dr. Lawrence McDonald, M.D already produced.

21.    At length, Plaintiff has been in the presence of more than 1,000 inmates. What percentage do you estimate was exposed to his conditions?

**ANSWER:** I do not know.

22.    Have you ever said "no" to Plaintiff when he requested treatment? If not, why wasn't he treated or ever told what Genotype he has?

**ANSWER:** Objection, this Interrogatory is vague and confusion, seeks information that is not admissible and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, see medical records.

23.    Since Plaintiff has not received any inoculations, a positive Hepatitis B surface antibody result establishes the Hepatitis B virus due to an active infection. Is this correct? What should be done?

**ANSWER:** Objection, this Interrogatory assumes facts that are not admitted and facts that are contrary to the documented evidence. The medical records reveal that the plaintiff has received Hepatitis B and Hepatitis A vaccinations. By way of further answer, it is possible that the plaintiff has been reinfected after receiving inoculations or that the inoculations were

ineffective. By way of further answer and objection, this Interrogatory should be answered by an infectious disease expert or other expert.

24.     When a person requests treatment for Hepatitis B, what is the protocol?

**ANSWER:** Objection, this Interrogatory seeks information that is privileged and confidential pursuant to 11 Del. C.§ 4322, 29, Del. C. §§10002(g)(13) and (16). This Interrogatory also seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, I use a flow chart that addresses the liver enzyme production, titer results, viral loads and other indicators to determine whether to refer a patient to the infectious disease doctor.

25.     Without a biopsy to determine damage, if any, to the liver, the Center for Disease Control states that damage could occur and not be detected in the blood. Do you agree? If so, please state why Plaintiff has been denied a biopsy.

**ANSWER:** Objection, this Interrogatory seeks information that should be addressed to an infectious disease doctor or other expert. By way of further answer, please see the affidavit of Dr. Lawrence McDonald already produced.

                                      As to objections only:

                                      Marks, O'Neill, O'Brien & Courtney, P.C.

                                      /s/Eileen M. Ford, Esquire
                                      Megan Mantzavinos, Esquire (I.D. No. 3802)
                                      Eileen M. Ford, Esquire (I.D. No. 2870)
                                      913 North Market Street, #800
                                      Wilmington, DE 19801
                                      (302) 658-6538
                                      *Attorney for Defendant Van Dusen*

DATED: 1/17/08

{DE094697.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | : |
| Plaintiff, | : |
| v. | : C. A. No. 06-576-SLR |
| COMMISSIONER STAN TAYLOR, WARDEN THOMAS CARROLL, and MEDICAL DIRECTOR JAMES WELCH, | : |
| Defendants. | : |

## AFFIDAVIT

STATE OF DELAWARE    :

KENT COUNTY    :

BE IT REMEMBERED that on this 26 day of December 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, FREDERICK VAN DUSEN, D.O., personally known to me as such, and being duly sworn according to law, did depose and say that the foregoing answers to Interrogatories are true and correct to the best of his knowledge and belief.

_____
FREDERICK VAN DUSEN, D.O.

SWORN TO and SUBSCRIBED before me the day and year first above written.

LORI A. HOLVECK
Notary Public - State of Delaware
My Comm. Expires June 8, 2011

_____
NOTARY PUBLIC

DE094876.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | : |
| Plaintiff, | : |
| v. | : C. A. No. 06-576-SLR |
| COMMISSIONER STAN TAYLOR, WARDEN THOMAS CARROLL, and MEDICAL DIRECTOR JAMES WELCH, | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, **Eileen M. Ford, Esquire**, hereby certify that on **January 17, 2008,** I electronically filed **Defendant Vandusen's Answers to Plaintiff's Interrogatories** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Catherine Damavandi, Esquire (ID 3823)
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
VIA ELECTRONIC MAIL

{DE101207.1}

I have served via first class mail two copies of **Defendant Vandusen's Answers to Plaintiff's Interrogatories** to the Pro Se Plaintiff:

Inmate Dale Otis Palmer, *Pro Se*
SBI #175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
Via First Class US Mail

*/s/ Eileen M.Ford*
Eileen M. Ford, Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

{DE101207.1}