IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | : |
| | : C. A. No. 06-576-SLR |
| Plaintiff, | : |
| | : TRIAL BY JURY OF TWELVE |
| v. | : DEMANDED |
| | : |
| COMMISSIONER STAN TAYLOR, | : |
| WARDEN THOMAS CARROLL, and | : |
| MEDICAL DIRECTOR JAMES WELCH, | : |
| | : |
| Defendants. | : |

**DEFENDANT DURST'S ANSWERS TO PLAINTIFF'S INTERROGATORIES**

GENERAL OBJECTIONS

A. Defendant John Durst ("Answering Defendant") objects to the Plaintiff's First Set of Interrogatories, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B. Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C. Defendant objects to the Plaintiff's First Set of Interrogatories, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as the terms used therein are vague and ambiguous.

G.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such Requests are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I.   Answering Defendant objects specifically to the Plaintiff's First Set of Interrogatories as overly broad, ambiguous, and unduly burdensome. In responding to Plaintiff's First Set of Interrogatories, Answering Defendant will use the ordinary meaning of the words or terms in Interrogatories.

J.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual

but not limited to the defense of lack of personal jurisdiction, insufficient service of process, and insufficient process, and any other defenses not enumerated herein.

INTERROGATORIES

1. Are you a licensed medical doctor?

**ANSWER:** Yes.

2. Does your license, if valid, allow you to practice medicine?

**ANSWER:** Yes.

3. Identify and attach a copy of any and all documents relating to prison medical staff training you have received, as well as education.

**ANSWER:** Objection. This interrogatory is overly broad, unduly burdensome, seeks information that is irrelevant and not reasonably calculated to lead to admissible information, seeks information that is harassing and annoying in nature. Without waiving objections and subject thereto, I have received a B.S., from the University of Detroit in 1961, a Doctor of Medicine degree from Georgetown University School of Medicine, in 1965, I completed a medical internship in Buffalo, New York in 1965 and 1966, I was a Medical Office Captain in the United States Air Force Medical Corp in Illinois and Vietnam, from 1966 to 1968, I was a resident in internal medicine in Buffalo, New York from 1968 to 1969 and at St. Michael Medical Center in Newark, New Jersey from 1969 to 1971. By way of further answer and subject to all objections, I continue to receive continuing education courses from 1971 to the present, I teach and have instructed individuals in corporate compliance matters from 1999 to 2003, and have provided lectures, seminars, and courses in fields related to the practice of medicine from 1971 to the present. I have also been an internal medical private practitioner from 1971 to 1999, a disability evaluation physician from 1991 to 1998, an attending physician from 1989 to 1993, a Director of Medical Education at St. Michael's Medical Center in Newark, New

numbered Interrogatory is not intended to be, and shall not be construed as, an admission that there is any factual predicate stated in the Plaintiff's First Set of Interrogatories.

K.      Answering Defendant's failure to object to the Plaintiff's First Set of Interrogatories in a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L.      These General Objections are incorporated into each of Answering Defendant's specific Responses to the Plaintiff's First Set of Interrogatories, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

M.      Answering Defendant reserves the right to supplement or amend its responses and objections to the Plaintiff's First Set of Interrogatories. The fact that Answering Defendant has responded to the Plaintiff's First Set of Interrogatories shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N.      These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

O.      Defendant does not waive, and specifically reserves, all rights and defenses including

Jersey from 1971 to 1972, a Captain in the United States Air Force in Illinois from 1966 to 1967 and the Officer in charge in the United States Air Force at Cam Rahn Bay Hospital Emergency Facility in Vietnam from 1967-1968. By way of continuing answer and without waiving any objections I have also served as a medical expert in various matters over the course of my career.

    4.    Are you a chronic disease specialist with certification?

    ANSWER:    Objection. This Interrogatory is vague, confusing, is designed to annoy and harass the Defendant, seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, please refer to Interrogatory Answer Number 3 and by way of further answer I am not sure what chronic disease specialist with certification means, but I have a medical degree.

    5.    Have you ever been named in a civil action other than this one?

    ANSWER:    Objection. This Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and is designed to annoy and harass the Defendant. Without waiving objections and subject thereto, I have been named in other suits brought by inmates that, in my opinion, are as frivolous as this suit.

    6.    Have you ever treated Plaintiff for Hepatitis-B? If so, how?

    ANSWER:    I do not recall Dale Otis Palmer. Please refer to medical records.

    7.    Have you ever treated Plaintiff for Hepatitis-C? If so, how?

    ANSWER:    I do not recall Dale Otis Palmer. Please refer to medical records. By way of further answer, it is unlikely because all Hepatitis-C patients I have seen were referred to an infectious disease doctor if treatment was required.

8. With the long list of chronic and other illnesses Plaintiff is suffering from, what medication have you prescribed for his treatments?

**ANSWER: I do not recall Dale Otis Palmer. Please refer to medical records.**

9. Please attach and identify a copy of any request you made seeking treating for Plaintiff's hepatitis.

**ANSWER: I cannot recall the Plaintiff or the specific care rendered to the Plaintiff, please refer to the medical records that have already been produced.**

10. Have you ever been instructed not to treat Plaintiff for hepatitis B or C? If so, why?

**ANSWER: I cannot recall the Plaintiff Dale Otis Palmer, please refer to his medical records already produced. By way of further answer, I do not recall ever having been instructed not to treat any patient for Hepatitis B or C.**

11. Have you ever informed Plaintiff of what genotype he has?

**ANSWER: I do not recall Dale Otis Palmer. Please refer to the medical records already produced. By way of further answer, I believe the Plaintiff who presents with Hepatitis would be treated by an infectious disease doctor as opposed to a chronic care physician. By way of further answer I did not work at the Delaware Correctional Center as an infectious disease doctor, I worked as a chronic care physician administering treatment to inmates.**

12. Do you agree withe the Center for Disease Control that a person should get a biopsy every three to five years as an alternative to treatment with medication and is a way to monitor if or when liver damage may occur or progress?

**ANSWER: Objection. This Interrogatory seeks information beyond the**

Answering Defendant's scope of expertise as the Defendant has not worked as an infectious disease physician.

13. Would you like this Complaint resolved?

ANSWER: Yes. It is very vexing to have former patients make baseless lawsuits and claims against me. I would like to see the Plaintiff drop this suit.

14. Do you have a conflict with costs for inmate treatment?

ANSWER: Objection. This Interrogatory is vague and confusing, seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, my experience with costs for inmate treatment is very similar to that of an HMO for a private healthcare management company.

15. Have you ever been told to give the cheapest tests to inmates?

ANSWER: Objection. This Interrogatory is vague, confusing, seeks information that is irrelevant, and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, I have never been told to give the cheapest tests to inmates.

16. Without a biopsy to determine damage, if any, to the liver, the Center for Disease Control states that damage could occur and not be detected in the blood. Do you agree and if so, please state why the Plaintiff has been denied a biopsy by you?

ANSWER: Objection. This Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. By way of further answer I do not recall ever denying a biopsy to the Plaintiff or that the Plaintiff has requested a biopsy from me. By way of further answer and without waiving objections, the

appropriate medical experts to answer this question would be an infectious disease doctor and not a chronic care physician.

17.     Why would you ignore Plaintiff's diagnosis of having hepatitis B and C?

ANSWER:   Objection. This Interrogatory is irrelevant and seeks to annoy and harass the Answering Defendant. Without waiving objections and subject thereto, I do not recall ever ignoring any inmate's diagnosis of Hepatitis B or C.

18.     Did you inform anyone of the risks of allowing Plaintiff to say in population with hepatitis B and C?

ANSWER:   Objection. This Interrogatory is vague and confusing, seeks Information that is irrelevant and not reasonably calculated to lead to admissible information. By way of further answer and objection this Interrogatory seeks information the production of which would violate 29 Del.C. §10002(g)(13) and 29 Del.C. §10002(g)(16). By way of further answer and without waiving any objections, I do not recall the Plaintiff and do not recall informing anyone that he has Hepatitis B or C.

19.     If your answer is yes to question 18, who did you inform?

ANSWER:   Please see the Answer to Interrogatory Number 18.

20.     Are you currently employed?

ANSWER:   Yes.

21.     If your answer to question 20 is yes, where?

ANSWER:   Objection. This Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto I am an independent contractor for Correctional Medial Services at the Sussex County Correctional Institute.

22. Have you ever been reprimanded for the way you neglect inmates with serious illnesses?

**ANSWER:** **Objection. This Interrogatory is irrelevant and seeks information that is not reasonably calculated to lead to admissible information. By way of further objection, his Interrogatory seeks only to annoy and harass the Answering Defendant. Without waiving objections and subject thereto, no.**

23. Is there a cure for hepatitis B & C? If so, what?

**ANSWER:** **Objection. This Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information, and seeks information the answer to which must be provided by an infectious disease specialist. By way of further answer and without waiving objections, there is a vaccination for Hepatitis B that may or may not be effective depending upon the individual. There presently is no known cure for Hepatitis C.**

24. Have you ever ordered blood tests for Plaintiff? If so, did you discuss the results with him? Please attach a copy of results, if any.

**ANSWER:** **Objection. This Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, I do not recall the Plaintiff specifically, please refer to medical records already produced.**

25. Why did you retire so suddenly?

**ANSWER:** **Objection. This Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, not applicable.**

        As to objections only:

        Marks, O'Neill, O'Brien & Courtney, P.C.

        <u>/s/ Eileen M. Ford, Esquire</u>
        Megan Mantzavinos, Esquire (I.D. No. 3802)
        Ryan M. Ernst, Esquire (I.D. No. 4788)
        913 North Market Street, #800
        Wilmington, DE 19801
        (302) 658-6538
        *Attorney for Defendant Durst*

DATED: 1/17/08

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | : |
| Plaintiff, | : |
| v. | : C. A. No. 06-576-SLR |
| COMMISSIONER STAN TAYLOR, WARDEN THOMAS CARROLL, and MEDICAL DIRECTOR JAMES WELCH, | : |
| Defendants. | : |

## AFFIDAVIT

STATE OF DELAWARE    :

KENT COUNTY    :

BE IT REMEMBERED that on this 31 day of Dec, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, JOHN DURST, M.D.., personally known to me as such, and being duly sworn according to law, did depose and say that the foregoing answers to Interrogatories are true and correct to the best of his knowledge and belief.

_____
JOHN DURST, M.D.

SWORN TO and SUBSCRIBED before me the day and year first above written.

_____
NOTARY PUBLIC

TERRY M. BREWSTER
Notary Public - State of Delaware
My Comm. Expires Dec. 2, 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C. A. No. 06-576-SLR |
| | : |
| COMMISSIONER STAN TAYLOR, | : |
| WARDEN THOMAS CARROLL, and | : |
| MEDICAL DIRECTOR JAMES WELCH, | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, **Eileen M. Ford, Esquire**, hereby certify that on **January 17, 2008,** I electronically filed **Defendant Durst's Answers to Plaintiff's Interrogatories** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Catherine Damavandi, Esquire (ID 3823)
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
VIA ELECTRONIC MAIL

{DE101201.1}

I have served via first class mail two copies of **Defendant Durst's Answers to Plaintiff's Interrogatories** to the Pro Se Plaintiff:

Inmate Dale Otis Palmer, *Pro Se*
SBI #175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
Via First Class US Mail

/s/ *Eileen M.Ford*
Eileen M. Ford, Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

{DE101201.1}