IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 06-576-SLR |
| COMMISSIONER STAN TAYLOR, WARDEN THOMAS CARROLL, and MEDICAL DIRECTOR JAMES WELCH, | : | TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | : | |

## DEFENDANT CHUKS' ANSWERS TO PLAINTIFF'S INTERROGATORIES
### GENERAL OBJECTIONS

A.   Defendant Ihuoma Chuks ("Answering Defendant") objects to the Plaintiff's First Set of Interrogatories, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C.   Defendant objects to the Plaintiff's First Set of Interrogatories, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as the terms used therein are vague and ambiguous.

G.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such Requests are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I.   Answering Defendant objects specifically to the Plaintiff's First Set of Interrogatories as overly broad, ambiguous, and unduly burdensome. In responding to Plaintiff's First Set of Interrogatories, Answering Defendant will use the ordinary meaning of the words or terms in Interrogatories.

J.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Plaintiff's First Set of Interrogatories.

K.  Answering Defendant's failure to object to the Plaintiff's First Set of Interrogatories in a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L.  These General Objections are incorporated into each of Answering Defendant's specific Responses to the Plaintiff's First Set of Interrogatories, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

M.  Answering Defendant reserves the right to supplement or amend its responses and objections to the Plaintiff's First Set of Interrogatories. The fact that Answering Defendant has responded to the Plaintiff's First Set of Interrogatories shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N.  These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

1.  What is your correct name?

**ANSWER:** Ihuoma C. E. Chuks, RN, MSN, ANP-C, GCNS.

2. How long have you been employed by CMS?

**ANSWER:** From July 1, 2005 to the Present.

3. Have you ever been sued before? If so, when and why?

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information, and seeks only to harass and annoy Defendant Chuks. Without waiving objection and subject thereto, I have had other baseless and meritless claims filed against me by at least one other inmate, which is likely to be dismissed in the near future.

4. Identify and attach a copy of any and all documents showing who was on duty from 8:00 a.m. to 4:00 p.m. on May 29, 2007.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. This Interrogatory is further objected to as it seeks confidential information protected by one or more statutes, including, but not limited to, 29. Del. C. §§10002(g)(13) and (16). Without waiving objections and subject thereto, I do not have access to those records.

5. Identify and attach a copy and all documents showing who was on duty from 8:00 a.m. to 4:00 p.m. on August 3, 2007.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. This Interrogatory is further objected to

as it seeks confidential information protected by one or more statutes, including, but not limited to, 29. Del. C. §§10002(g)(13) and (16). Without waiving objections and subject thereto, I do not have access to those records.

6. Identify and attach a copy of any and all documents showing who was on duty between 8:00 a.m. on August 9, 2007 and 4:00 p.m. on August 10, 2007.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. This Interrogatory is further objected to as it seeks confidential information protected by one or more statutes, including, but not limited to, 29. Del. C. §§10002(g)(13) and (16). Without waiving objections and subject thereto, I do not have access to those records.

7. Identify and attach a copy of infirmary records that will show that Plaintiff was hospitalized on August 3, 2007 and August 10, 2007. If none exist, please state so.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. This Interrogatory is further objected to as it seeks confidential information protected by one or more statutes, including, but not limited to, 29. Del. C. §§10002(g)(13) and (16).

8. Attach and identify a copy of prescribed medicine or treatment orders you have provided to treat Plaintiff for Hepatitis C.

**ANSWER:** See medical records already produced. By way of further answer, I do not have any independent recollection of Dale Palmer and can only refer to his medical records.

9. Attach and identify a copy of prescribed medicine or treatment orders you have provided to treat Plaintiff for Hepatitis B.

**ANSWER:** See medical records already produced. By way of further answer, I do not have any independent recollection of Dale Palmer and can only refer to his medical records.

10. If (8) and (9) do not have existing orders, please explain why.

**ANSWER:** Not applicable.

11. What is Correctional Medical Services' disease control prevention or recommendations for inmates already infected and incarcerated at DCC?

**ANSWER:** Objection, this Interrogatory seeks information that is privileged and confidential pursuant to 11 Del. C.§ 4322, 29, Del. C. §§10002(g)(13) and (16). This Interrogatory also seeks information that is irrelevant and not reasonably calculated to lead to admissible information. This Interrogatory also seeks information beyond the knowledge of the defendant as the defendant is not a policy maker.

12. What is your understanding of Hepatitis B and how it affects the body? Can you say there is a cure?

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that is required from an infectious disease or other expert. Without waiving objections and subject thereto, Hepatitis B is a disease that can affect the liver. For some people there may be cure and for

others there may never be a cure. Some patients may be inoculated for the HBV and still carry the disease and are referred to as chronic carriers.

13.    Is Hepatitis B 100 times more infectious than HIV?

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that is required from an infectious disease or other expert. Without waiving objections and subject thereto, I do not know. I am not aware of any studies that purport to delineate the rates of infections compared between HIV and HBV.

14.    What is your understanding of Hepatitis C and how it affects the body? Can you say there is a cure?

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that is required from an infectious disease or other expert. Without waiving objections and subject thereto, Hepatitis C is a virus that attacks the liver. There is presently no known cure. Some treatments include Interferon and Ribavarin injections, but my understanding of those medications is that they can only reduce the symptoms and not cure the disease and may have serious side effects.

15.    In what percentage of persons do chronic infections develop from Hepatitis B? Do you agree these people are my age (44-45)?

**ANSWER:** Objection, this Interrogatory is vague and confusing, seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that is required from an infectious disease or other expert.

16. On 5/22/07, labs came back positive for Hepatitis A AB total, HBC AB, HBS Ab and Hepatitis C Ab. Why wasn't treatment administered without delay? Why didn't you seek permission to treat?

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that is required from an infectious disease or other expert. Without waiving objections and subject thereto, I am not aware of whether the Plaintiff has requested a chronic care follow up or an appointment to be seen. Please see medical records.

17. Have you ever ordered blood test for Plaintiff? If so, have you ever discussed the results? Please attach a copy.

**ANSWER:** Please see medical records. I have no independent recollection of Dale Palmer and I have to rely on the medical records.

18. Please attach and identify a copy of any order for a special diet or drinks that would have helped Plaintiff's treatment that you prescribed for Plaintiff.

**ANSWER:** See Answer to Interrogatory number 17.

19. Identify and attach a copy of any and all documents relating to prison medical staff training and education you have received.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, I am a Nurse Practitioner having earned my Masters degree in Nursing from the University of Delaware in 2002, a Bachelor's of Science degree in nursing from Delaware State University in 1995 and I take continuing education courses to keep my license active.

20. On 2/3/06, labs indicated that Plaintiff's ALT were abnormal. However, he was not counseled or informed. Why not?

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that is required from an infectious disease or other expert. Without waiving objections and subject thereto, I am not aware of whether the Plaintiff has requested a follow up or an appointment to be seen. Please see medical records.

21. On 2/3/06, labs indicated exposure to Hepatitis B. Why wasn't Plaintiff treated or ever told what genotype he has?

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that is required from an infectious disease or other expert. Without waiving objections and subject thereto, I am not aware of whether the Plaintiff has requested a follow up or an appointment to be seen. Please see medical records.

22.   Have you ever acted as a doctor when inmates are scheduled to see one?

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, I am not a doctor, but I am a Nurse Practitioner. I assume the Plaintiff is confused as to what that means.

23.   Identify and attach a copy of all blood drawn since 2003 from Plaintiff that indicates abnormal ALTs.

**ANSWER:** Objection, this Interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and seeks information that is required from an infectious disease or other expert. Without waiving objections and subject thereto, please see medical records as I have no independent knowledge or recollection of the plaintiff.

As to objections only:

Marks, O'Neill, O'Brien & Courtney, P.C.

/s/ Eileen M. Ford, Esquire
Megan Mantzavinos, Esquire (I.D. No. 3802)
Eileen M. Ford, Esquire (I.D. No. 2870)
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant Chuks*

DATED: 1/17/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | : |
| Plaintiff, | : |
| v. | : C. A. No. 06-576-SLR |
| COMMISSIONER STAN TAYLOR, WARDEN THOMAS CARROLL, and MEDICAL DIRECTOR JAMES WELCH, | : |
| Defendants. | : |

## AFFIDAVIT

STATE OF ~~DELAWARE~~ ILLINOIS :

~~KENT~~ MADISON COUNTY :

BE IT REMEMBERED that on this 26 day of DEC, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, IHUOMA CHUKS, personally known to me as such, and being duly sworn according to law, did depose and say that the foregoing answers to Interrogatories are true and correct to the best of her knowledge and belief.

_____
IHUOMA CHUKS

SWORN TO and SUBSCRIBED before me the day and year first above written.

" OFFICIAL SEAL "
JOSEPH J. HRABUSICKY
Notary Public, State of Illinois
My Commission Expires  10/14/09

_____
NOTARY PUBLIC

DE094874.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 06-576-SLR |
| COMMISSIONER STAN TAYLOR, WARDEN THOMAS CARROLL, and MEDICAL DIRECTOR JAMES WELCH, | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, **Eileen M. Ford, Esquire**, hereby certify that on **January 17, 2008,** I electronically filed **Defendant Chuks' Answers to Plaintiff's Interrogatories** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Catherine Damavandi, Esquire (ID 3823)
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
VIA ELECTRONIC MAIL

{DE101206.1}

I have served via first class mail two copies of **Defendant Chuks' Answers to Plaintiff's Interrogatories** to the Pro Se Plaintiff:

Inmate Dale Otis Palmer, *Pro Se*
SBI #175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
Via First Class US Mail

*/s/ Eileen M.Ford*
Eileen M. Ford, Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

{DE101206.1}