IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 06-576-SLR |
| ) | |
| COMMISSIONER STAN TAYLOR, ) | JURY TRIAL REQUESTED |
| et al., ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
FOR DEPOSITIONS PURSUANT TO FED.R.CIV.P.30**

COME NOW, Tom Carroll and James Welch (" State Defendants") by the undersigned, and hereby respond to Plaintiff's Motion for Depositions pursuant to FED. R. CIV. P. 30 as follows:

1.   Dale Otis Palmer ("Plaintiff")  is an inmate in the custody of the Department of Correction  ("DOC") presently incarcerated at the Delaware Correctional Center  ("DCC") in Smyrna, Delaware. The Plaintiff filed a Complaint with leave to proceed *in forma papueris*  alleging numerous constitutional violations against the Defendants on or about September 14, 2006. (D.I. 2).

2.   On or about December 18,  2007, the Plaintiff filed a *Motion for Depositions*- FED. R. CIV. P. 30. (D.I. 78).  In the  motion, the Plaintiff seeks to depose State Defendants Tom Carroll and James Welch in addition to two DOC non-party individuals; C/Os Joseph Belanger and Correll. *Id.*

3.   The *in forma pauperis* statute 28 U.S.C. §1915 permits the waiver of prepayment of fees and costs for *in forma pauperis*  litigants, 28 U.S.C. §1915(a), and allows for payment by the United States of the expenses of "printing the record on appeal

in any civil or criminal case, if such printing is required by the appellate court," and of "preparing a transcript of proceedings before a United States magistrate in any civil or criminal case, if such a transcript is required by the district court," 28 U.S.C. §1915(b). There is no provision in the statute for the payment by the government of the costs of depositions, deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant. *Tabron v. Grace,* 6 F.3d 147, 158-159 (3d Cir. 1993) (quoting *Moss v. ITT Continental Baking Co.,* 624, 625 (E.D.Va 1979)).

    4.    Moreover, FED. R. CIV. P. 30(a) codifies a broad entitlement to taking depositions. This rule permits litigants to take the deposition of any person, including a party confined in prison, provided that the court has granted leave to do so. FED. R. CIV. P. 30(a)(2). Absent from Rule 30 is any provision entitling an adverse litigant, even an adverse indigent litigant, to free transcripts of a deposition. Rather, FED. R. CIV. P. 30(f)(2) specifically provides that "[u]pon payment of the *reasonable charges* therefore, the officer shall furnish a copy of the transcript or other recording of the deposition to any party or to the deponent." (emphasis added).

    5.    State Defendants Carroll and Welch take no position on Plaintiff's motion for depositions. However, to the extent the Plaintiff is requesting or expecting State Defendants to assume the costs of these depositions, State Defendants object for the reasons given herein in addition to the requirements of FED. R. CIV. P. 30(b)(3) which states that the noticing party bear the costs.

    6.    The Plaintiff also seeks to depose two non-party individuals. The Plaintiff alleges that C/Os Belanger and Correll, the two non-parties are with the DOC medical

transportation unit. The Plaintiff does not explain however, the roles of these two individuals or their relation to the incident in question.

7.  State Defendants Tom Carroll and James Welch have already responded to Plaintiff's Requests for Interrogatories. Given the Plaintiff's *in forma pauperis* status, it is doubtful that he would be able to hire a court reporter for depositions for the two State Defendants much less the two non-party individuals he wishes to depose. It is also possible that the Plaintiff can obtain the information he seeks from the defendants through additional interrogatories and requests for admission without the costs associated with depositions.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ Catherine Damavandi_____
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
Catherine.Damavandi@state.de.us
(302) 577-8400
Dated: January 28, 2008                             Attorney for State Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2008, I electronically filed *State Defendants Carroll and Welch's Response to Plaintiff's Motion For Depositions Pursuant to Fed.R.Civ.P. 30* with the Clerk of Court using CM/ECF which will send notification to Megan Trocki Mantzavinos, Esquire, and Eileen Ford, Esquire. I hereby certify that on January 28, 2008, I have mailed by United States Postal Service, the document to the following non-registered party:

Dale Otis Palmer
SBI #175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
Catherine.Damavandi@state.de.us
(302) 577-8400
Attorney for State Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-576-SLR |
| | ) | |
| COMMISSIONER STAN TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**IT IS HEREBY ORDERED** this _____day of _____, 2008 that in the event Plaintiff schedules depositions of State Defendants Tom Carroll and James Welch that Plaintiff is specifically ordered to comply with all of the requirements of FED. R. CIV. P. 30.

_____
Judge Sue L. Robinson