IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,                          :
                                           :
                Plaintiff,                 :
                                           :
v.                                         :
                                           :     C. A. No. 06-576SLR
                                           :
COMMISSION STAN TAYLOR,                    :
WARDEN THOMAS CARROLL,                     :
MEDICAL DIRECTOR JAMES WELCH,              :
ROBERTA BURNS, IIHOMA CHUKS,               :
DR. MESSINGER, JOHN DURST, MOHAMMED        :
NIAZ, FREDERIC VANDUSEN, LEE ANN           :
DUNN, GAIL ELLER, KIMBERLY WEIGNER,        :
OSHENKA GORODN, AND BUREAU CHIEF           :
PAUL HOWARD                                :
                Defendants.                :
                                           :

**DEFENDANT ROBERTA BURNS, M.D. AND JOHN DURST M.D.
RESPONSE TO PLAINTIFF'S MOTION FOR SUBPOENA (D.I. 88) AND CROSS
MOTION FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(5)**

COMES NOW, Roberta Burns, M.D.("Defendant Burns")  and John Durst M.D ("Defendant

Durst") by the undersigned attorney, and hereby respond to Plaintiff's Motion for Subpoena (D.I.

88) and files a cross motion for dismissal under Fed. R. Civ. Pro. 12(b)(5) and states as follows::

        1.      Dale Otis Palmer ("Plaintiff") in the custody of the Department of

Correction ("DOC") presently incarcerated at the Delaware Correctional Center ("DCC") in

Smyrna, Delaware.

2.        On January 22, 2008, Plaintiff filed a Motion for Subpoenas for the addresses and phone numbers of Defendant Burns, Defendant Durst and Defendant Davi Messinger.[1] (D.I. 88)

3.        In the motion, Plaintiff requests that Correctional Medical Services ("CMS"), a non- party to this action be "compelled to hand over all electronically stored information or tangible things in there (sic) possession custody  and control".  Plaintiff indicates that the request is being made for the sole purpose to serve these defendants who have not yet been served in the civil action. (D.I. 88)

4.        Defendant Burns and Defendant Durst contend that Plaintiff's Motion (D.I. 88) should be viewed by the Court as Plaintiff's attempt to extend the deadline to complete service of process beyond the 120 deadline imposed by Fed. R. Civ. P. 4(m).

5.        Plaintiff filed the case on September 14, 2006 (D.I. 2).  An Amended Complaint was filed on January 4, 2007 (D.I. 9).  The Memorandum Order dated April 19, 2007 (D.I. 11) instructed Plaintiff to provide the necessary USM 285 forms for all remaining defendants.  Defendant Burns and Defendant Durst were included in this list.[2]  Consequently, the earliest service of process should have been completed is January 12, 2006 (120 days after the complaint was filed).  However, the instant matter is not strictly controlled by the service period provided in Rule 4(m) due to the nature of the action, namely, a 42 U.S.C. §1983 claim.  Since 28 U.S.C. §§ 1915-1915A, precludes service of process until the screening is completed, Defendants contend that the latest possible date for completion of service of process was August

---

[1] With respect to Defendant Davi Messinger, the firm of Marks, O'Neill, O'Brien and Courtney, P.C. has not, as of this date, been requested to represent this Defendant.  The docket does not indicate that any attorney has entered an appearance on behalf of Defendant Messinger and there is no indication as to whether Defendant Messinger is even aware of this civil litigation, let alone has been served therewith.
[2] Defendant Davi Messinger was included on the list.

{DE101985.1}

17, 2007 which is 120 days after the Court's screening process concluded on April 19, 2007 (D.I. 11).

6.      The Docket reveals that the USM 285s, which were mailed to CMS in Dover DE, for Defendant Burns and Defendant Durst were returned unexecuted on July 25, 2007 as CMS, a non-party, indicated it would not accept service of process on behalf of individuals.[3] (D.I. 32 and 33)

7.      Plaintiff had sufficient time prior to August 17, 2007 to seek an extension of time within which to locate and serve Defendant Burns and Durst and has failed to do so. Now five (5) months after the August 17, 2007 deadline, and 1 year and 4 months after the case was filed, Plaintiff is seeking to complete service of process and is requesting a non-party entity to produce the personal records of its' employees or former employees in order to do so.  Under Fed. R. Civ. P. 4(c), it is the responsibility of Plaintiff to serve the summons and complaint within the time allowed, not the duty of a non-party and/or the Defendants to assist the Plaintiff in achieving service of process, if Plaintiff makes no effort to serve them properly under the rules, in the first instance.

8.      Plaintiff's request for an extension  must be analyzed pursuant to Fed. R. Civ. P. 6(b)(1)(B) as the request is being made after the time period in which to act has expired. Consequently, Plaintiff must show that there has been excusable neglect in failing to make this request before the deadline for filing the motion expired.  Fed. R. Civ. P. 6(b)(1)(B). *See Tancredi v. Metro. Life Ins. Co.* 378 F.3d 220, 226-228 (2nd Cir. 2004) (indicating that district court does not have carte blanche to excuse late filing for any reason).

---

[3] The USM 285 was returned unexecuted as to Defendant Davi Messinger on July 25, 2007 (D.I. 34 & 35) as CMS indicated it would not accept service of process on behalf of individuals.

{DE101985.1}

9.    The Supreme Court had defined "excusable neglect" in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed. 74 (1993). Under *Pioneer*, the resolution of the issue of "excusable neglect" is an equitable one, taking into account all relevant circumstances surrounding the party's omission. (Citing Moores Federal Rules Pamphlet , §6.4[2] at 121 (Matthew Bender 2008)  These include, the danger of unfair prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id* at 121.  The *Pioneer* Court also emphasized that inadvertence, ignorance of the rules, or mistake construing the rules usually will not constitute excusable neglect.  *Id.* at 122.  The determination must be made on a case by case basis.  *Id.* at 122.

10.    Plaintiff, while *pro se*, is not unfamiliar with the procedural aspects of civil cases.  According to the Complaint  he has filed three (3) other lawsuits as far back as 1994. (D.I. 2 @ para. 1A)  Defendant Burns and Defendant Durst contend that Plaintiffs' failure to file his request for an extension is prejudicial to them as they should not be required to put their personal and professional lives on hold to await service of process.  As to Defendant Burns, no responsive pleading has been filed.  Furthermore, Plaintiff was notified of the lack of service upon Defendant Burns[4] on November 1, 2007 in the Response to Plaintiff's Motion for Default Judgment that was filed on her behalf.  (D.I. 56).  As to Defendant Durst, while he was included in the Answer that was filed (D.I. 31) a defense for insufficient service of process was specifically preserved pursuant to Fed. R. Civ. P 4(d)(4) and 12(b) & 12(h).  Plaintiff has set forth no reason for his delay in asking for this request and filing of the request was within his

---

[4] Plaintiff was also notified in D.I. 56 that Defendant Messinger has also not been served.

ultimate control.  The judicial system is overburdened with cases.  The rules for requesting

extensions are in place to ensure that cases move forward in a prompt manner and Plaintiff's

waiting five (5) months to request said extension is not a showing of good faith.

      11.    In addition to not meeting the deadlines required under Fed.R. Civ. P.

6(b)(1)(B), Plaintiff has failed to complete service of process as required by Fed. R. of Civ. P.

4(m) which provides:

> If service of the summons and complaint is not made upon a defendant within 120
> days after the filing of the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss the action without prejudice as
> to that defendant or direct that service be effected within a specified time;
> provided that if the plaintiff shows good cause for the failure, the court shall
> extend the time for service for an appropriate period.

      12.    The Third Circuit has identified a two-step process for application of

Federal Rule of Civil Procedure 4(m).  *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305

(3d Cir. 1995).  First, a district court must determine whether good cause exists for an extension

of time.  *Id*.  Second, if good cause exists, the district court must extend time for service of the

summons and complaint.  "If, however, good cause does not exist, the court may in its discretion

decide whether to dismiss the case without prejudice or extend time for service."  *Id*.  Courts

have considered several factors when determining whether good cause exists: (1) the

reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant by lack of timely

service; and (3) whether plaintiff moved for an extension of time to serve.  *Id*.

      a.    Plaintiff has not made reasonable efforts to serve Defendant Burns or

Defendant Durst.  He simply put down CMS's address on the USM 285 with no regard to the

service requirements of Fed. R. Civ. P. 4(e) that individuals be served either personally or by

{DE101985.1}

delivery to their usual place of abode.  As to Defendant Burns, Plaintiff knew or should have

known that she was no longer working at CMS when he filed the Amended Complaint (D.I.

9), and submitted the USM 285 forms to the US Marshal.  Similarly, Plaintiff knew or should

have known that Defendant Durst was no longer at DCC when he submitted the USM 285

requesting personal service of process upon an individual through his employer.

        b.      The lapse of time is prejudicial as the Defendants should not have to

place their personal and professional lives on hold, waiting for Plaintiff to complete his

obligations under the rules.  Furthermore, the lapse in time could prevent the Defendants'

recollection of the particular Plaintiff's medical issues and medical treatment.

        c.      Plaintiff did not move for an extension of time to complete service of

process before August 17, 2007 when he knew or should have known that service on

Defendants Burns and Durst was returned unexecuted[5].  Nor did he file a timely request for an

extension after August 17, 2007 as previously discussed.

        13.      This court has set forth additional factors for determining whether to

exercise discretion, including: (1) the frivolousness of the plaintiff's complaint; (2) the plaintiff's

motivation in pursuing its claims; (3) the objective unreasonableness of the plaintiff's case (both

its factual and legal components); and (4) the need in particular circumstances to advance

considerations of compensation and deterrence.  *Ritter v. Cooper*, 2003 U.S. Dist. LEXIS 23544,

*3 (D. Del. 2003) (citations omitted).

        a.      Plaintiff's complaint basically boils down to a disagreement as to the

form of appropriate treatment for his Hepatitis diagnosis (D.I. 2).  Disagreements as to the

---

[5] The same would hold true for Defendant Davi Messinger.

{DE101985.1}

appropriate medical treatment that Plaintiff believes he should receive do not support a claim

on an Eighth Amendment violation. *Monmouth County Corr. Inst'l Inmates v. Lanzaro,* 834

F.2d 326 (3rd Cir. 1987). In *Estelle v. Gamble,* 429 U.S. 97, 107 (1976), *reh'g denied*, 429

U.S. 1066 (1977) the Supreme Court indicated that a medical decision  not to order certain

diagnostic techniques or forms of treatment are classic examples of a matter of medical

judgment that do not represent cruel and unusual punishment. In *Harrison v. Barkley,*  219

F.3d 132, 138-40 (2nd Cir. 2000) the Court held that inmates have no right to choice of service,

only that reasonable treatment is provided. Therefore, Plaintiff's claim is frivolous.

      b.     Plaintiff's motivation in pursuing the claim is to obtain money damages

as indicated by his complaint (D.I. 9).

      c.     Plaintiff's case is unreasonable as he does not indicate that he has

obtained the opinion of an expert indicating that given the lab results of the tests performed on

Plaintiff that Defendant Burns and/or Defendant Durst were deliberately indifferent to his

serious medical needs, as required by *Estelle v. Gamble* at 104.

      d.     There is a high need for deterrence in these types of cases.  First, there

are no apparent safeguards in place protecting employees who are providing services within

the prison system from being named as Defendants by disgruntled inmates filing civil cases.

Even though most inmates are proceeding *pro se* and with the benefits of *in forma pauperis*

status; it should not excuse their obligation to provide the US Marshal with good service of

process information.  Simply listing the defendants current and/or former place of employment

is not sufficient under the service of process rules when serving an individual.  When, as in

this case, the Plaintiff has notice that the place of employment (or former place of

{DE101985.1}

employment) will not accept service of process for individuals, they should be required to timely take other steps to ensure the Defendants due process rights of "notice and an opportunity to be heard" are being met.

14.    In weighing these factors, the court's primary focus should be on plaintiffs' reasons for not complying with the time limit in the first instance, and whether plaintiffs acted in good faith in attempting service. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997), *quoting MCI Telecoms. Corp. v. Teleconcepts*, 71 F.3d 1086, 1098 (3d Cir. 1995). The Third Circuit has cautioned that inadvertence and "half-hearted efforts at service which fail to meet the standard" do not constitute "good cause." *Braxton v. United States of America Dept. of Health & Human Services*, 817 F.2d 238, 241 (3d Cir. 1987).

15.    Plaintiff has not provided any cause as to why he has failed to complete service of process more than 1.4 years after the complaint was filed and more than 5 months after the August 17, 2007 deadline. The USM 285's that were submitted by Plaintiff were ineffective as they contained the employer and/or former employer's addresses of the Defendants. Any attempt to serve the individual defendant at their place of employment (current and/or former) is contrary to the service of process rules, which require personal service or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(3).

16.    In *Para v. Correctional Medical Service, et. al.* 2002 Del. Super. LEXIS 248 (Del. Super. Oct. 3, 2002) the Superior Court dismissed an inmates complaint for his failure

to achieve service of process within the 120 days required by Super. Ct. Civ. R. 4(j).  In *Paras*, the Plaintiff attempted to serve the individual defendants by leaving a copy with the receptionist at their place of employment.  Since Plaintiff failed to serve the complaint either personally or by leaving a copy at the individual doctor's dwelling house or usual place of abode with someone of suitable age, the Court dismissed Plaintiff's case for insufficiency of service of process upon the Defendants.

17.    The purpose behind the USM 285 form is to minimize the delay and expense associated with completing service of process in a civil matter in District Court. However, this streamlined and cooperative process only works when the Plaintiff provides the US Marshal with good information as to the address of the Defendant he is trying to serve.  The expedited process should not result in the Plaintiff being able to provide outdated and wrong information to the US Marshal when effectuating service of process, simply to meet a 120 day deadline imposed by the court.   This is so especially in prisoner litigation cases where Employees of a facility or service provider within the facility have no safeguards from being named as defendants in frivolous legal matters.

18.    While *pro se* Plaintiffs' are provided some latitude in navigating court procedure , the Defendants are still (as Citizens of the United States) entitled to personal service of process either through properly addressed USM 285's or traditional personal service upon them.   If Plaintiffs are permitted to provide stale or wrong information in the USM 285 the entire service of process requirement is defeated, and there are no protections afforded to defendants wrongfully named and/or improperly served in civil litigation.  In *Rochon v. Dr. Mark Dawson*, 828 F.2d 1107 (5th Cir. 1987), the Court affirmed the dismissal of an inmates claim against an individual doctor due to insufficient service of process, as the Plaintiff

attempted to serve the individual Doctor through his place of employment.  The Court ruled that

"[w]hile Rochon and other incarcerated plaintiffs proceeding *in forma pauperis* may rely on

service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such

service.  At a minimum, a plaintiff should request service upon the appropriate defendant and

attempt to remedy any apparent service defects of which a plaintiff has knowledge".  *Id. @ 1110.*

In *Dickens v. Dover City Police Department*, et al., 2007 U.S. Dist. LEXIS 48188  at *11

(D. Del. 2007) Judge Farnan dismissed the complaint against the individual police officers

because the Plaintiff failed to show good cause for his failure to serve them within the 120 day

time period.  (See Exhibit "A" attached hereto)

19.    In addition to all of the above, Defendant Burns and Durst contend that

CMS is a "public body" within the meaning of Delaware's Freedom of Information Act set forth

in 29 Del. C. §10001, *et. seq.* and as such, CMS is prohibited from releasing any personnel

information about their employees (current and/or former) to Plaintiff pursuant to 29 Del. C.

§10002(g)(1) and (13).

 29 Del. C. §10002(c) defines "public body" as follows:

*Public body means, unless specifically excluded, any regulatory, administrative, advisory, executive, appointive or legislative body of the State, or of any political subdivision of the State, including, but not limited to, any board, bureau, commission, department, agency, committee, ad hoc committee, special committee, temporary committee, advisory board and committee, subcommittee, legislative committee, association, group, panel, council or any other entity or body established by an act of the General Assembly of the State, or established by any body established by the General Assembly of the State,* **or appointed by any body or public official of the State** *(emphasis added)or otherwise empowered by any state governmental entity, which: (1)* **Is supported in whole or in part by any public funds** *(emphasis added)***; *or (2) expends or disburses any public funds, including grants, gifts or other similar disbursals and distributions; or (3) is impliedly or specifically charged by any other public official, body, or agency to advise or to make reports, investigations or recommendations. Public body shall not include the*

*General Assembly of the State, nor any caucus thereof, or committee, subcommittee, ad hoc committee, special committee or temporary committee.*

Since the State of Delaware Department of Corrections (a State agency) has appointed CMS as the medical provider for the correctional facilities within the State and the payment for said services is supported wholly and/or partly by public funds, CMS should be deemed a public body under the Act.  Requiring and/or allowing CMS to disclose personnel information regarding Defendants Burns and Durst[6] phone numbers and addresses would constitute an invasion of the Defendants privacy , contrary to the intention of the statute.  *Bd. Of Managers of Del. Justice Info. Sys. V. Gannett Co*., 808 A.2d 453 (Del. Super. Ct. 2002)  In *Jenkins v. Gulledge*, 449 A.2d 207 (Del. 1982), the Supreme Court affirmed the Superior Court ruling that denied disclosure to prison inmates of the central files of the Department of Corrections, in saying, "The law on the subject is clear in its mandate that such records may not be disclosed either directly or indirectly to persons in the custody of the Department of Corrections.  *Id.* at 208.

20.     Defendants Burns and Durst acknowledge that the subpoena process is different than the Freedom of Information Act rules, but contend that the privacy considerations promoted by the Freedom of Information Act are applicable in cases such as these, where employees are vulnerable to being hauled into court in frivolous lawsuits just because their name is known to the Plaintiff or had some other form of contact or communication with a disgruntled inmate.

21.     Defendants Burns and Durst also object to Plaintiff's request that CMS hand over all electronically stored information or tangible things in their custody and control in order to complete service of process and/or the personal information of former and/or current

---

[6] Or Defendant Messinger for that matter.

{DE101985.1}

employees of CMS.  Defendants contend that said request is overly instrusive into the privacy

considerations of all of CMS's employees and business records and should not be granted when

there is a more convenient, less burdensome, less expensive means for Plaintiff to have obtained

the information sought.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Plaintiff has not indicated what efforts,

if any, he has made to obtain the correct service of process information of Defendants Burns and

Durst (eg:  internet searched and other forms of public media, that is, upon information and

belief, available to inmates) and therefore, should not be permitted to use discovery tools, more

than 1.4 years after the case was filed and/or 5 months after the expiration of the 120 service of

process deadline to obtain said information.

       WHEREFORE, Defendant Roberta Burns and Defendant John Durst respectfully

request that the Court deny Plaintiff's request for a subpoena and grant Defendants cross motion

dismissing them from this action for insufficient service of process under Fed. R. Civ. P.

12(b)(5).

                                      MARKS, O'NEILL, O'BRIEN &
                                      COURTNEY, P.C.

Date: 2/1/08                       /s/ Eileen M. Ford, Esquire (#2870)
                                  Eileen M. Ford, Esquire (#2870)
                                  Megan T. Mantzavinos, Esquire (#3802)
                                  913 N. Market Street, 8th Floor
                                  Wilmington DE 19801
                                  (302) 658-6538
                                  Email: eford@mooclaw.com
                                  Attorneys for Defendants Burns & Durst

{DE101985.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,                                :
                                                 :
                    Plaintiff,                   :
                                                 :
v.                                               :
                                                 :    C. A. No. 06-576SLR
                                                 :
COMMISSION STAN TAYLOR,                          :
WARDEN THOMAS CARROLL,                           :
MEDICAL DIRECTOR JAMES WELCH,                    :
ROBERTA BURNS, IIHOMA CHUKS,                     :
DR. MESSINGER, JOHN DURST, MOHAMMED :
NIAZ, FREDERIC VANDUSEN, LEE ANN                 :
DUNN, GAIL ELLER, KIMBERLY WEIGNER,              :
OSHENKA GORODN, AND BUREAU CHIEF                 :
PAUL HOWARD                                      :
                    Defendants.                  :
_____          :

## NOTICE OF RESPONSE AND CROSS MOTION

PLEASE TAKE NOTICE that Defendant Roberta Burns, M.D. and John Durst. M.D. have filed

a response to Plaintiff's Motion for Subpoena (D.I. 88) and simultaneously therewith, have filed

a Cross Motion for Dismissal pursuant to Fed. R. Civ. P. 12(b)(5) which will be heard at the

convenience of the Court.

**MARKS, O'NEILL, O'BRIEN &
COURTNEY, P.C.**

Date: 2/1/08                          /s/ Eileen M. Ford, Esquire (#2870)
                                      Eileen M. Ford, Esquire (#2870)
                                      Megan T. Mantzavinos, Esquire (#3802)
                                      913 N. Market Street, 8th Floor
                                      Wilmington DE 19801
                                      (302) 658-6538
                                      Attorneys for Defendants Burns & Durst

{DE102083.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,                              :
                                              :
                    Plaintiff,                 :
                                              :
v.                                             :
                                              :    C. A. No. 06-576SLR
                                              :
COMMISSION STAN TAYLOR,                        :
WARDEN THOMAS CARROLL,                         :
MEDICAL DIRECTOR JAMES WELCH,                  :
ROBERTA BURNS, IIHOMA CHUKS,                   :
DR. MESSINGER, JOHN DURST, MOHAMMED :
NIAZ, FREDERIC VANDUSEN, LEE ANN               :
DUNN, GAIL ELLER, KIMBERLY WEIGNER,            :
OSHENKA GORODN, AND BUREAU CHIEF               :
PAUL HOWARD                                    :
                    Defendants.                :
_____ :

**ORDER**

Upon consideration of Plaintiff's Motion for Subpoena (D.I. 88) and the responses thereto, filed

by Defendant Roberta Burns, M.D. and John Durst, M.D. **IT IS HEREBY ORDERED** this

____Day of _____, 2008 that Plaintiff's Motion is **DENIED**.

**IT IS FURTHER ORDERED** that upon consideration of the Cross Motion for Dismissal under

Fed.R. Civ. P. 12(b)(5), filed by Defendant Roberta Burns, M.D. and Defendant John Durst,

M.D. and any response thereto, that said motion is **GRANTED** and Defendant Roberta Burns,

M.D. and John Durst, M.D. are hereby dismissed with prejudice from this action.

_____
JUDGE

{DE102081.1}

EXHIBIT "A"
06-576JLR

LEXSEE 2007 U.S. DIST. LEXIS 48188

**KEVIN L. DICKENS, Plaintiff, v. DOVER CITY POLICE DEPARTMENT, GEORGETOWN POLICE DEPARTMENT, TERRENCE LYONS, MARK ATWELL, LESTER SHAFFER, and DAVID NAAR, Defendants.**

**Civ. Action No. 03-310-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2007 U.S. Dist. LEXIS 48188*

**June 29, 2007, Decided**

**SUBSEQUENT HISTORY:** Reconsideration denied by *Dickens v. Dover City Police Dep't, 2007 U.S. Dist. LEXIS 76463 (D. Del., Oct. 12, 2007)*

**COUNSEL:** [*1] Kevin L. Dickens, Plaintiff, Pro se.

For Dover City Police Department and Terrence Lyons, Defendants: William W. Pepper, Esquire, Schmittinger & Rodriguez, P.A., Wilmington, Delaware.

For Georgetown Police Department, Mark Atwell, Lester Shaffer, and David Naar, Defendants: Megan Trocki Mantzavinos, Esquire, Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, Delaware.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION**

*MEMORANDUM OPINION*

*June 29, 2007*

*Wilmington, Delaware*

**Joseph J. Farnan, Jr., District Judge**

Presently before the Court are Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52) and Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54), supporting briefs, Plaintiff's responses thereto (D.I. 59, 60), and Defendants' Replies (D.I. 61, 62). For the reasons set forth below, the Court will grant Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52) and will grant Defendants Georgetown Police De-

partment, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54).

**I. BACKGROUND**

Plaintiff, an inmate housed at the Delaware Correctional Center [*2] ("DCC"), filed his Complaint on March 21, 2003, against Defendants Manpower and Jane Does, Dover City Police Department ("Dover Police Department"), Judge Merrill C. Trader ("Judge Trader"), Georgetown Police Department ("Georgetown Police Department"), and John Does from both police departments alleging violations of the *First, Fourth, Fifth, Sixth*, and *Fourteenth Amendments of the U.S. Constitution*, as well as violations of state law for malicious prosecution and false arrest. (D.I. 1.) The Court dismissed the claims against Defendants Manpower, Inc., Jane Does, Managers, and Judge Trader on November 16, 2004. (D.I. 20.) In the same Order, Plaintiff was allowed to proceed only with his excessive force [1] claim against the Dover Doe Officers and his unlawful arrest [2] claim against the Georgetown Doe Officers. All other claims were dismissed. The Order stated that the Complaint did not contain specific allegations against Defendants Dover Police Department and Georgetown Police Department, but directed service upon these two Defendants for the purpose of naming the John Doe Defendants. *Id.* The Order directed Plaintiff, upon learning the names of the John Doe Defendants, to immediately [*3] move the Court for an order directing amendment of the caption of the Complaint and for service of the Complaint. *Id.* On April 27, 2005, the Dover Doe Defendant(s) were identified as Dover police officer Terrence Lyons ("Lyons"), and on June 30, 2005, the Georgetown Doe Defendants were identified as police officers Mark Atwell ("Atwell"), Lester Shaffer ("Shaffer"), and David Naar ("Naar"). (D.I. 23, 31.) Plaintiff ultimately filed an amendment to substitute correct names for the John Doe Defendants on January 25, 2006. (D.I. 42, 45.)

1  Excessive force claims arising out of an arrest are analyzed under the *Fourth Amendment. Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).*

2  Arrests made by police officers are classic seizures within the meaning of the *Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); Kaupp v. Texas, 538 U.S. 626, 123 S. Ct. 1843, 155 L. Ed. 2d 814 (2003).*

The Complaint alleges that Manpower Inc. and Jane Does violated Plaintiff's constitutional rights by filing criminal impersonation and harassment charges against him. (D.I. 1, 2-4.) Plaintiff alleges that on March 16, 2001, Atwell, Shaffer, and Naar arrested him without a warrant, although he was told there was a warrant for his arrest for an assault on a woman. [*4] (D.I. 1 at 2.) He alleges that at the time, he was shown a computerized mugshot of himself, but there were no charges written on the paper. *Id.* at 3.

Plaintiff alleges he was taken to the Dover Police Department, and when he informed the officers that he would not be fingerprinted or talk, Lyons and two other officers used excessive force while he was handcuffed, by choking and yanking him. *Id.* at 3. Plaintiff alleges that because he was aware of an individual who had recently died in police custody, when he asked the officers if they were going to kill him "like they killed Reggie Hannah," the officers released him from a choke hold. Plaintiff alleges the officers used menacing language and then added a criminal charge of failure to fingerprint. *Id.* at 4. He appeared for trial on April 16, 2001, and alleges the charges of impersonation and harassment were dismissed because the witnesses did not appear to testify against him. [3] Plaintiff plead guilty to the fingerprinting charge. *Id.* at 5.

3  The Complaint contains numerous allegations against Judge Trader, but all claims were dismissed on the basis of judicial immunity.

Defendants Dover Police Department and Lyons move for summary judgment [*5] on the bases that the claim is barred by the applicable two year limitations period, the claim against the Police Department is an improper attempt to impose vicarious liability in a § 1983 action, and there are no genuine issues of material fact. (D.I. 52.) Defendants Georgetown Police Department, Atwell, Shaffer, and Naar move for dismissal on the bases that the Complaint fails to state a claim upon which relief may be granted, Plaintiff failed to timely serve the Defendant Police Officers and the claims are

barred by the applicable two year limitations period. (D.I. 55.)

## II. DISCUSSION

### A. Standards of Law

#### 1. Motion To Dismiss

*Rule 12(b)(6)* permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6).* The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).* To that end, the Court assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiff. *Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004).* [*6] However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions." *Id.* A *Rule 12(b)(6)* motion should be granted to dismiss a *pro se* complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)* (quoting *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).*

#### 2. Summary Judgment

The Court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c).* The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).* "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995)* [*7] (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita, 475 U.S. at 587* (quoting *Fed. R. Civ. P. 56(e)).* The Court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).*

The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).* If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).*

**B. Sua Sponte Dismissal**

When the Complaint was initially screened, the Court noted that Plaintiff appeared to attempt to raise claims against [*8] the Dover Police Department and the Georgetown Police Department on the basis of *respondeat superior.* (D.I. 20.) The Court found that the Complaint did not raise any specific allegations against the Dover Police Department and the Georgetown Police Department and, therefore, Plaintiff could not establish a claim against these Defendants. (D.I. 20.) The Court refrained from *sua sponte* dismissal of the Police Department Defendants because it was necessary for them to identify John Doe Defendants. On April 27, 2005, the Dover Police Department identified one John Doe Defendant [4] and on June 30, 2005, the Georgetown Police Department identified three John Doe Defendants. (D.I. 23, 31.) Thereafter, Plaintiff amended the Complaint to substitute the Doe Defendants with their correct names. (D.I. 42.) Accordingly, there is no longer a need for Defendants Dover Police Department and the Georgetown Police Department to remain in the case. Moreover, Plaintiff conceded in his Responsive brief that it is appropriate to dismiss the claims brought against the Georgetown Police Department. (D.I. 60.)

> 4   Plaintiff complains that the Dover Police Department only identified one John Doe Defendant, even [*9] though the Complaint refers to three Dover Doe Defendants. (D.I. 59.)

As previously determined, the Complaint fails to state a claim upon which relief may be granted as to Defendants Dover Police Department and Georgetown Police Department. *See* D.I. 20. The claims against these two Defendants lack an arguable basis in law or in fact and the Court will dismiss the claims pursuant to *28 U.S.C. § 1915(e)(2)(B)* and *§ 1915A(b)(1).* [5]

> 5   The Court sees no need to address the *respondeat superior* issue raised by the Dover Police Department in its Motion For Summary Judgment.

**C. Service of Process**

Defendants Atwell, Shaffer, and Naar contend that dismissal is appropriate because process has yet to be effected. They argue that Plaintiff has known their identities for over one year, and that as of January 25, 2006, Plaintiff amended the caption to the Complaint, but did not serve them. (D.I. 55, 12-13.) Plaintiff did not respond to this issue.

Prior to screening the Complaint, Plaintiff filed two Motions To Amend to change the name of certain Defendants and to identify and correct the addresses of certain Defendants. At the time of the initial screening of the Complaint, the Court ordered Plaintiff, [*10] upon learning of the identity of the Dover and Georgetown Doe Defendants, to immediately apply to the Court for an Order directing amendment of the caption and service of the Complaint. (D.I. 20.) Plaintiff complied in part. After many extensions of time he filed an amendment identifying the Doe Defendants. At no time, however, did he move the Court to serve the Complaint. Nor did Plaintiff submit USM-285 forms for the newly named Defendants for submission to the U.S. Marshal for service.

*Rule 4(m)* provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court. . .shall dismiss the action without prejudice. . .provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Fed. R. Civ. P. 4(m).* The Georgetown Police Officer Defendants raised the issue of lack of service in their Motion To Dismiss and supporting memorandum. (D.I. 54, 55.) Nonetheless, when the matter was brought to Plaintiff's attention, he did not request an extension of time to effect service or otherwise show good cause for the failure to serve. Indeed, he made [*11] no response to the issue once it was raised by the Georgetown Police Officer Defendants.

Plaintiff has failed to show good cause for the failure to serve the Georgetown Police Officer Defendants. Therefore, the Court will grant the Motion To Dismiss. *See Miles v. Aramark Corr. Serv. at Curran Fromhold Corr., No 05-5567, 236 Fed. Appx. 746, 2007 U.S. App. LEXIS 9249, 2007 WL 1170702 (3d Cir. Apr. 20, 2007)* (No abuse of discretion by District Court in dismissing complaint when the named Defendants were not timely served, the matter was brought to plaintiff's attention, and plaintiff did not request an extension of time to effect service or otherwise show good cause for the failure to serve).

**D. Statute of Limitations**

All moving Defendants argue that Plaintiff's claims are barred by the applicable limitations period. The Dover Defendants point to the allegations that the acts occurred on March 16, 2001, and contend that the Complaint was not filed until March 21, 2003, after the expiration of the limitations period. All Defendants argue that the subsequent naming of the John Doe Defendants did not toll or stop the running of the limitations period, and as a result, the naming of the Doe Defendants did not relate back to the original [*12] Complaint, even assuming the Complaint was timely filed.

Plaintiff responds that his Complaint was deemed filed on March 17, 2003, in accordance with the prison mailbox rule. He posits that because the excessive force and false arrest claim are "inexorably related" to the false arrest and malicious prosecution claims, "the time can relate back to a time outside the two-year statute of limitations under the 'continuing violation' doctrine." (D.I. 59, 60.) Plaintiff contends that his malicious prosecution claim did not accrue until April 16, 2003, since the charges against him were dismissed on April 16, 2001.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia, 471 U.S. 261, 275, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1983).* In Delaware, § 1983 claims are subject to a two-year limitations period. *See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996).* A § 1983 cause of action accrues on the date when a plaintiff knew or should have known that his or her rights had been violated. *Genty v. Resolution Trust Corp., 937 F.2d 899 (3d Cir. 1991).* Claims not filed within the two-year statute of limitations period are time-barred [*13] and must be dismissed. *See Smith v. Delaware, C.A. No. 99-440-JJF, 2001 U.S. Dist. LEXIS 10594, 2001 WL 845654, at *2 (D. Del. July 24, 2001).*

### 1. Mailbox Rule

The Dover Defendants are incorrect in their position that Plaintiff's Complaint was filed on March 21, 2003. The computation of time for a complaint filed by a *pro se* inmate is determined according to the "mailbox rule." In *Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988),* the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).* Additionally, this District has extended the *Houston* mailbox rule to *pro se* § 1983 complaints. *Gibbs v. Deckers, 234 F.Supp. 2d 458, 463 (D. Del. 2002). See also Rivers v. Horn, No. Civ.A. 00-3161, 2001 U.S. Dist. LEXIS 3613, 2001 WL*

*312236, at *1 n.1 (E.D. Pa. Mar. 29, 2001)* (extending *Houston* to pro se prisoner § 1983 complaints).

Plaintiff's Complaint was signed on March 17, 2003, and the envelope it was mailed [*14] in is post-marked March 19, 2003. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing some time between March 17, 2003 and March 19, 2003. Giving Plaintiff the benefit, the Court concludes that Plaintiff's Complaint was filed on March 17, 2003, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

### 2. Calculation of Limitations Period

Plaintiff alleges the excessive force and wrongful arrest occurred on March 16, 2001. The Third Circuit Court of Appeals has concluded that the statute of limitations expires on the anniversary date of the event in issue. *Monkelis v. Mobay Chem., 827 F.2d 937, 938 (3d Cir. 1987).* In determining the final date of the limitations period, the method of calculation used is that found in *Fed. R. Civ. P. 6(a),* at least in non-diversity cases. *Id.; Fed. R. Civ. P. 6(a).* Rule 6(a) specifically provides that the "date of the act". . . from which the designated period of time begins to run shall not be included" in determining whether suit was brought in a timely manner. *Id.* It also provides that the last day of the period is included in the computation unless [*15] it is a Saturday, Sunday or legal holiday. *Id.*

Plaintiff alleges that the excessive force and unlawful arrest occurred on March 16, 2001. Therefore, March 17, 2001, the day after the alleged excessive force and unlawful arrest accrued, is the first day considered in determining whether the Complaint was filed within the prescribed time. This means, that the limitations period expired on March 16, 2003. However, March 16, 2003 fell on a Sunday, and that day is not included in the calculation. Therefore, the limitations period ran until the end of the next day, that is, March 17, 2003. As discussed above, according to the mailbox rule, Plaintiff filed his Complaint on March 17, 2003. Accordingly, Plaintiff's Complaint was timely filed.

### 3. Relation Back

The Dover Defendants argue Plaintiff's amendment naming the John Doe Defendants did not stop or toll the running of the limitations period. (D.I. 53.) The Georgetown Defendants argue that the amendment to the Complaint (D.I. 42, 45) was not made within the two year limitations period. All Defendants argue that the amendment does not relate back because they did not receive notice within 120 days as is required by the Federal Rules of Civil [*16] Procedure. More specifically,

the Dover Defendants argue that they did not receive notice of the filing of this action until two years after the fact. (D.I. 53, 62.) The Georgetown Defendants argue that they have never received notice of the Complaint. Plaintiff responds that the amendment relates back to the original complaint because of the continuing violation doctrine. Plaintiff did not address the issue of relation back as it relates to the amendment identifying the Doe Defendants.

*Rule 15(c) of the Federal Rules of Civil Procedure* can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint. *See Singletary v. Pennsylvania Dept. of Corr., 266 F.3d 186, 189 (3d Cir. 2001); Nelson v. County of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995).* Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under *Rule 15(c)*, and thus an amended complaint will relate back only if the three conditions specified in that rule are satisfied. *Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).* Those conditions are: 1) the additional claim arose [*17] out of the same conduct as the original pleading; 2) the newly named party received such notice of the institution of the action within 120 days of the complaint so that the party will not be prejudiced in maintaining a defense on the merits; and 3) the newly named party must have known or should have known within 120 days that, but for a mistake made by the plaintiff concerning the newly named party's identity, the action would have been brought against the newly named party in the first place. *Singletary, 266 F.3d at 189* (internal quotations and citations omitted).

The first condition is met as it is clear that the claims against the Dover Police Officers and the Georgetown Police Officers arise out of the same conduct as alleged in the original pleading. As to the second condition, Defendant Lyons argues that he was not given notice of this action within 120 days of its filing on March 21, 2003, as the Dover Police Department did not receive notice of the filing of the complaint until two years after the fact. The Georgetown Defendants argue that they never received notice within 120 days as measured from any relevant date.

Under *Rule 15(c)(3)*, notice does not require actual service [*18] of process on the party sought to be added, and notice can be actual, constructive, implied, or imputed. *Singletary, 266 F.3d 195.* There is no indication in the record that Defendants Lyons, Atwell, Shafer and Naar received actual notice of this action. Notice, however, may be imputed through the "shared attorney" method. *Id.* at 196-198. The "shared attorney" method is based upon the theory that, when an originally named party (i.e., Dover Police Department and Georgetown

Police Department) and the parties added (i.e., Lyons, Atwell, Shafer, and Naar) are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action. *See Singletary, 266 F.3d 196.* The relevant inquiry under the shared attorney method of imputing notice is whether notice of the action can be imputed to [the defendant[s] sought to be named] within the relevant 120 period. . .by virtue of representation shared with a defendant originally named in the lawsuit. *Id.*

In this case, the Complaint was filed by an inmate plaintiff proceeding *in forma pauperis*. Due to the screening requirements under *28 U.S.C. § 1915* and *§ 1915A*, service of process [*19] cannot be completed until the Complaint is screened and the Court issues a service order. While the Complaint was actually filed on March 17, 2003, [6] for a number of reasons the Complaint was not screened until November 16, 2004. *See* D.I. 20 Memorandum and Order. The screening order gave Plaintiff 120 days to file the necessary documents to effect service upon Defendants, that is up to March 16, 2005. (D.I. 20.) The documents were received within that time period, on March 14, 2005, and forwarded to the U.S. Marshal on March 21, 2005, to serve process. The Dover Police Department and the Georgetown Police Department were served on April 27, 2005 and April 26, 2005, respectively. (D.I. 24, 25.) Therefore, both Police Departments were served a little over one month after the expiration of the 120 day limit established by the Court's Service Order of November 16, 2004.

> 6  This date is based upon the mailbox rule calculation and not the date indicated on the Docket Sheet.

As evidenced by the Court docket, Defendants Dover Police Department and John Does Police Officers' attorney, William W. Pepper, Sr., entered his appearance on their behalf on April 27, 2005. (D.I. 22.) Defendant Georgetown [*20] Police Department's attorney, Megan T. Mantzavinos, entered her appearance on its behalf on May 17, 2005. (D.I. 27.) On June 29, 2005, an Answer was filed on behalf of Defendants Georgetown Police Department and John Does. (D.I. 29.) Inasmuch as the attorney representation for Defendants Dover Police Department and Georgetown Police Department did not begin until after the 120 period following the entry of the Service Order had ended, any later shared representation is irrelevant in the relation back analysis.

Moreover, Plaintiff has not made a "shared attorney" argument regarding the attorneys who represent either Dover Police Department Defendants or Georgetown Police Department Defendants. Regardless, even though the Georgetown Police Department and Defendants Atwell, Shaffer, and Naar share the same attorney, and

2007 U.S. Dist. LEXIS 48188, *

the Dover Police Department and Defendant Lyons also now share the same attorney, it is evident from the record that the attorneys for the Georgetown Police Department and the Dover Police Department did not become the attorney of record for any of the Defendants until after the running of the relevant 120 days from the entry of the Court's Service Order. The requisites [*21] of *Rule 15(c)* have not been met, and therefore, the amendment identifying the John Doe Defendants does not relate back to the filing date of the original Complaint.

**4. Continuing Violation Doctrine**

Plaintiff argues that because his false arrest and malicious prosecution claims are related, under the continuing violation doctrine the statute of limitations can relate back to a time outside the two-year period. (D.I. 59, 60.) Plaintiff relies upon his malicious prosecution claim which accrued on April 16, 2001, [7] to support his position.

> 7    A malicious prosecution claim accrues at the time when the criminal proceedings terminate in favor of the plaintiff. *Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1984).*

Under a continuing violation theory, if the defendant engaged in a continual course of conduct and plaintiff's action is timely as to any act in that course of conduct, plaintiff may be permitted to litigate violations that are part of the course of conduct. *Van Heest v. McNeilab, Inc., 624. F. Supp. 891, 896 (D. Del. 1985).* A "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *See Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982).* [*22] In the present case, the Complaint fails to assert any affirmative acts of the moving Defendants beyond the initial arrest and detention at the Dover Police Station. Indeed, the injuries of excessive force and wrongful arrest as alleged by Plaintiff are discrete and fixed in time. Once arrested, the logical course was to proceed with prosecution of the criminal charges. The continuing violation theory does not save Plaintiff's claims.

Plaintiff cannot escape the fact that the claims against Defendants Lyons, Atwell, Shaffer, and Naar do not relate back to the original Complaint. Therefore, the Court will grant Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52) and will direct that judgment be entered in their favor and against Plaintiff. The Court will also grant Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss. (D.I. 54.)

**E. Malicious Prosecution**

Plaintiff repeatedly makes reference to a malicious prosecution claim. Plaintiff, however, was allowed only to proceed on the excessive force claim and the unlawful arrest claim. Further the Complaint is clear that Plaintiff brings a malicious prosecution under [*23] state law, but does not allege a § 1983 malicious prosecution claim. Moreover, the allegations in the Complaint do not state a claim for malicious prosecution pursuant to *§ 1983*. Plaintiff alleges that the Georgetown Police Officers arrested him without a warrant, but told him that "there was a warrant for his arrest". (D.I. 2, at 2.) Because he alleges that his arrest was not made pursuant to a warrant, it cannot serve as the basis for his malicious prosecution claim. *See Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001)* ("Appellants were arrested without a warrant and, thus, their arrests-which antedated any legal process-cannot be part of the *Fourth Amendment* seizure upon which they base their section 1983 [malicious prosecution] claims."); *Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d. Cir 1995)* (plaintiff's arrest could not "serve as the predicate deprivation of liberty [for a § 1983 malicious prosecution claim] because it occurred prior to his arraignment and without a warrant"); *Mateiuc v. Hutchinson, 1998 U.S. Dist. LEXIS 6710, 1998 WL 240331 at *3 (E.D. Pa. May 14, 1998)* (while a wrongful warrantless arrest may give rise to a claim for false arrest, it cannot serve as the basis for a § 1983 [*24] malicious prosecution claim); *see Fernandez v. Stack, No. 03-4846 (JAP), 2006 U.S. Dist. LEXIS 17601, 2006 WL 777033 (D.N.J. Mar. 27, 2006).*

**F. Supplemental State Claims**

Because all of Plaintiff's federal claims will be dismissed, the Court declines to exercise jurisdiction over any remaining supplemental state law claims. *28 U.S.C. § 1367; De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).*

**III. CONCLUSION**

The Court will grant Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52). The Court will also grant Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54). The Court will not address the failure to state a claim issue raised by Georgetown Police Department Defendants as the claims against these Defendants will be dismissed on other grounds. The Court will decline to exercise supplemental jurisdiction over Plaintiff's supplemental state claims. An appropriate order will be entered.

***ORDER***

At Wilmington, this 29 day of June, 2007, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. [*25] 52) is **GRANTED.**

2. Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54) is **GRANTED.**

3. The Court declines to exercise supplemental jurisdiction over Plaintiff's state claims.

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,                                :
                                                 :
            Plaintiff,                           :
                                                 :
      v.                                         :      C. A. No. 06-576-SLR
                                                 :
COMMISSIONER STAN TAYLOR,                        :
WARDEN THOMAS CARROLL, and                       :
MEDICAL DIRECTOR JAMES WELCH,                    :
                                                 :
            Defendants.                          :

---

## CERTIFICATE OF SERVICE

---

      I, **Eileen M. Ford, Esquire**, hereby certify that on **February 1, 2008,** I electronically

filed **Defendant Burns and Durst's response to Plaintiff's Motion for Subpoena and Cross**

**Motion to Dismiss under Fed. R. Civ. P. 12(b)(5)** with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to Catherine Damavandi, Esquire.  I have served via

first class mail two copies of foregoing to the Pro Se Plaintiff as follows:


      Inmate Dale Otis Palmer, *Pro Se*
      SBI #175330
      Delaware Correctional Center
      1181 Paddock Road
      Smyrna, DE 19977
      Via First Class US Mail


                                          ***/s/ Eileen M.Ford***_____
                                          Eileen M. Ford, Esquire (ID No. 2870)
                                          Marks, O'Neill, O'Brien & Courtney, P.C.
                                          913 North Market Street, #800
                                          Wilmington, DE 19801
                                          (302) 658-6538
                                          *Attorney for Defendant  Burns & Durst*