IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,
    Petitioner,

v.

COMMISSIONER: STAN TAYLOR
WARDEN: THOMAS CARROLL
MEDICAL DIRECTOR: JAMES WELCH

Civ. No. 06-576



FILED
FEB 1 1 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

TRIAL BY JURY DEMAND  (RD scanned)

PLAINTIFF RESPONSE TO DEFENDANTS MOTION
FOR DISMISSAL - AND RESPONSE TO DEFENDANTS
ARGUMENT AGAINST PLAINTIFF SUBPOENA REQUEST (D.I. 88)

Now comes this response by and through the above captioned plaintiff Dale Palmer who is in the custody of the Department of Corrections (D.O.C) presently incarcerated at the Delaware Correctional Center (D.C.C) in Smyrna Delaware. On 2/1/08 defendants Roberta Burns and John Durst have filed a response to the plaintiffs motion for subpoena and have also filed a cross motion for dismissal simultaneously pursuant to Fed R Civ. P. 12(b)(5) without leave or permission from the Court to respond to the plaintiff requests. In there argument against the plaintiff request for subpoena they have contended that the plaintiff is trying to extend the deadline to complete service of process beyond the 120 day deadline imposed by the Federal Rules of Civil Procedures 4(m). In reviewing the Court Memorandum Order dated April 19th 2007 - The Court ordered that    The United States Marshal serve a copy of the amended complaint (D.I. 9) The Memorandum Order, A Notice of Lawsuit form, The filing fee orders and A return of Waiver form upon the named defendants in each 285 form. Also the order states that if an executed waiver of service of summons form

1)

has not recieved from A defendant, The U.S. Marsal shall Personally serve said defendant Pursuant to Fed.R.Civ.P. 4(c)(2) And said defendants shall be required to bear the cost related to such service - Unless good cause is show for failure to sign and return the waiver. The plaintiff states that he "has" "not" recieved any response from defendant Roberta Burns Unexecuted with respect to USM 285 forms And that his unsuccess at obtaining information about Dr. Burns and Dr. John Durst lead him to believe that they both no-longer worked for Correctional Medical Services (C.M.S.) but on 1/17/08 I recieved the first set of Interrogatories from Dr. Durst in which he stated his current employment at SUSSEX CORRECTIONAL INSTITUTE and that he is employed by CORRECTIONAL MEDICAL SERVICES (C.M.S). These defendants and their Counsel have deliberately prevented all the plaintiffs efforts to obtain any information or documents in the defendants possession custody or control absent A Court discovery order. (D.I. 84) Durst Interrogatories. . The plaintiff states that he is A inmate with no resources. He states that his indigent status has forced him to bring his case pro'se and in forma pauperis. He also states that he has filed motions for the appointment of Counsel on 11/27/06 (DI 7) - 7/3/07 (DI-20) 7/11/07 (DI 25) and again on 10/25/07 in which that motion is still pending along with A affidavit supporting the motion for appointment of Counsel. The defendants have presented the argument that as A inmate Confined to A prison cell that the plaintiff could have served the defendants personally or by going to the defendants dwelling or usual place of abode and leaving copies with some person of suitable age or by delivering A copy of the Summons and complaint to an agent authorized by law to recieve services of process. The defendants also question what efforts the plaintiff had made to obtain the correct service of process - The Plaintiff has "NO" access to the internet search or Computer and

(2)

There is no public media that is upon information and belief available to the plaintiff. The plaintiff has motioned the court for discovery 4/3/07 (DI-10) - 7/3/07 (DI-21) 7/11/07 (DI-26) The plaintiff also states that he has filed Motion for Rule 26(F) meeting Rule 37(a) on 10/11/07. A motion Compelling discovery 12/2/07 and a motion Compelling disclosure Rule 37(a)(3)(A) and 37(B)(iii) of the Fed. R. Civ. P. In conclusion the plaintiff states the following in support of his response. The plaintiff filed his complaint under the civil rights act 42 U.S.C. § 1983. The plaintiff seeks treatment and compensation for neglected or denied treatments while incarcerated. The plaintiff seeks medications and a Biopsy aswell as compensation for cruel and unusual punishment and pain and suffering the court is also being asked to order Correctional medical Services to provide treatment. The plaintiff states that as of 1/4/08 he has not recieved adequate medical care in 20 years. He states that he has been diagnosed with Hepatitis A-B and C and that without a biopsy it cannot be determined what stage the disease is in or if he has Cirrhosis or Fibrosis. He has been denied treatment by many of the past and present C.M.S. employees who have also refused to inform the plaintiff of his exact Genotype (1)(2)or(3). The plaintiff states additionally-pro'se-Complaints are held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to releif - Haines V. Kerner 404 U.S. 519 520-521 (1972) - Conley V. Gibson 355 U.S. 41, 45 (1957) Cruz V. Beto 405 U.S. 319, 322 (1972). The plaintiff states that his complaint is not a disagreement as to the form of treatment for his Hepatitis but rather the lack of treatment he is and

(3)

has not recieved from the defendants. Correctional Medical services is not a public body and is therefore not protected by the freedom of information Act as the defendants seeks the court to consider. Even in the defendants argument Page 10 at 19 the defendants strongly contend the release of information that will allow the plaintiff to serve them with the complaint.

The plaintiff states that he has suffered a violation of his 8th amendment rights aswell as a violation of his 14th amendment rights secured by the Constitution. He states that he has a right to be free from cruel and unusual punishment and deliberate indifference to his serious medical needs inwhich the defendants failed to provide adequate medical treatment. Estelle V. Gamble 429 U.S. 97, 97 S Ct 285 (1976). He states that doctor Burns stopped treatment for Hepatitis A and B and told the plaintiff he wasn't sick enough and that the treatment costs to much. And doctor Durst refused to treat the plaintiff or do anything. Dr. Durst stated to the plaintiff that he wasn't sick enough. The plaintiff states that these acts and omissions are sufficiently harmful and evidence deliberate indifference to his serious medical needs. U.S.C.A. Constitutional Amendment 8   42 U.S.C.A. § 1983. The plaintiff states that cruel and unusual punishment in violation of the eighth amendment is made applicable to the states by the fourteenth Amend Robinson V. California 370 U.S. 660 82 S.CT. 1417 8L.Ed 2d 758 (1962). Prison officials are required to provide basic medical treatments to those whom it has incarcerated Helling V. McKinney 509 U.S. 25, 32  113 S.Ct 2475 125 L.Ed 2d 22 (1993). The plaintiff argues that an eighth amendment § 1983 claim may be based on a defendants conduct in exposing an inmate to an unreasonable risk of future harm rather than an actual physical injury U.S.C.A. Const Amend. 8, 42 U.S.C.A. § 1983, Prison officials may not ignore a prisoners medical condition that is likely to cause serious illness and needless suffering in the future, even if the

(4)

Prisoner has no serious current symptoms. The plaintiff states that he has contacted the Center for Disease Control (CDC) and obtained medical information that state Hepatitis B Virus (HBV) is a bloodborne pathogen transmitted by percutaneous or permucosal. Persons with HBV are symtomatic and those with Chronic HBV infection have a 15% - 25% lifetime risk of death from chronic liver disease. Hepatitis C is a bloodborne pathogen aswell and is transmitted by direct percutaneous exposure to infectious blood - The virus can be found in a number of organs of the body. Most people with HVC 85 percent develop chronic (frequent or long-lasting hepatitis C. The majority of people with HVC show no symptoms for up to 20 to 30 years. During that time though the infection may be slowly damaging the liver. The only sure way to know is by (Biopsy). Most people with Chronic Hepatitis C develop long-term liver disease which interferes with the livers ability to work properly. Some of us develope Cirrhosis (scaring of the liver) Some of us get liver Cancer and, some of us even die from liver disease. " quote by National Institute of Health. (1) Deliberate indifference is established where the prison official or medical doctor knows of a prisoners need for treatment and intentionally refuses to provide it (2) Delays medical treatment (3) Prevents a prisoner from recieving needed or reccormended medical treatment. Please review supporting Cases - Hadix V. Caruso 461 F. Supp 2d 574 (2006) - Hadix V. Caruso 465 F. Supp 2d 776 (2006) - Hadix V. Johnson 228 F 3d 662, 665 (6th Cir 2000). Wherefore in the intrest of justice the plaintiff respectfully prays that the court grants his motion for subpoenas and deny the defendants cross motion for dismissal. The Plaintiff further seeks the opportunity to amend to overcome any deficiency unless it clearly is a matter that cannot be overcome.

Respectfully
Dale Otis Palmer

THIS 7th DAY OF Febuary 2008

CC: District Court
Dept Of Justice
Marks - ONEZEE - OBRIAN & COURTNEY

(5)

DALE OTIS PALMER #175330 UNIT MHU #23
DCC 1181 Paddock Rd Smyrna, Del.
19977

# Certificate of Service

I, _DALE OTIS PALMER_, hereby certify that I have served a true and correct cop(ies) of the attached: _Response to defendants motion for dismissal And response to defendants argument against Subpoena requests._ upon the following parties/person (s):

TO: _OFFICE OF THE CLERK_
_UNITED STATES DISTRICT COURT_
_844 N. KING STREET LOCKBOX #18_
_Wilmington, Del. 19801_

TO: _EILEEN M. FORD_
_MARKS-ONEILL-OBRIAN & COURTNEY_
_913 NORTH MARKET ST #800_
_Wilmington, Del. 19801_

TO: _CATHERINE DAMAVANDI ESQ_
_DEPT OF JUSTICE_
_CARVEL STATE OFFICE BUILDING_
_820 NORTH FRENCH STREET_
_Wilmington, Del. 19801_

TO: ____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _7th_ day of _February_, 2008

_Dale Otis Palmer_

IM. DALE OTIS PALMER ~ (Pro'se)
SBI# 125 330   UNIT MHU 23-B-U-7
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal
Mail

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

844 N. KING STREET ~ LOCKBOX #18
WILMINGTON, DELAWARE
19801