IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-576-SLR |
| | : | |
| COMMISSIONER STAN TAYLOR, | : | |
| WARDEN THOMAS CARROLL, and | : | |
| MEDICAL DIRECTOR JAMES WELCH, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT FREDERICK VANDUSEN, M.D.'S ANSWERS TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

GENERAL OBJECTIONS

A.      Defendant Frederick VanDusen, M.D. ("Answering Defendant") objects to the Plaintiff's Second Set of Interrogatories, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.      Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C.      Defendant objects to the Plaintiff's Second Set of Interrogatories, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

{DE105139.1}

D.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as the terms used therein are vague and ambiguous.

G.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such Requests are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I.  Answering Defendant objects specifically to the Plaintiff's Second Set of Interrogatories as overly broad, ambiguous, and unduly burdensome. In responding to Plaintiff's Second Set of Interrogatories, Answering Defendant will use the ordinary meaning of the words or terms in Interrogatories.

J.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual

{DE105139.1}

numbered Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Plaintiff's Second Set of Interrogatories.

K.   Answering Defendant's failure to object to the Plaintiff's Second Set of Interrogatories in a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L.   These General Objections are incorporated into each of Answering Defendant's specific Responses to the Plaintiff's Second Set of Interrogatories, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

M.   Answering Defendant reserves the right to supplement or amend its responses and objections to the Plaintiff's Second Set of Interrogatories. The fact that Answering Defendant has responded to the Plaintiff's Second Set of Interrogatories shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N.   These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

1. What is a doctor of osteopath?

ANSWER: Objection. This request is in excess of the interrogatory limitations set forth in Fed. R. Civ. Pro. 33(a). Answering Defendant submitted answers to 24 Interrogatories on January 17, 2008 (DI 83). By letter agreement dated March 24, 2008 (DI 101) with Plaintiff, and subject to any objections, Defendant VanDusen will be providing answers to Interrogatory # 5.

2. What is a chronic care doctor?

ANSWER: See response to Interrogatory #1.

3. What is an infectious disease doctor?

ANSWER: See response to Interrogatory #1.

4. Why would a patient see you if you cannot provide treatment?

ANSWER: See response to Interrogatory #1.

5. What treatments within the Department of Corrections do you provide inmate patients with? In regards to Osteopath?

ANSWER: Objection. This Interrogatory is vague and confusing in that Answering Defendant does not understand what Plaintiff means with respect to the term "treatments". In addition, this interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving said objection, Answering Defendant states as follows: I provide all services that CMS deems chronic care. A listing of what conditions are considered chronic care is available through the Health Services Administration at the prison. My title of "Doctor of Osteopathy" does not alter the way I treat chronic care conditions.

6. Have you reviewed the plaintiff's entire medical records before referring him to the infectious disease doctor?

{DE105139.1}

**ANSWER:   See response to Interrogatory #1.**

7. Why did you refer the plaintiff to be treated by the infectious disease doctor?

**ANSWER:   See response to Interrogatory #1.**

8. Why haven't medical records been produced from 2006 to the present date as previously requested by the plaintiff?

**ANSWER:   See response to Interrogatory #1.**

9. What is the plaintiff "Genotype?" "No indication in the records."

**ANSWER:   See response to Interrogatory #1.**

10. If you are not an infectious disease doctor - what qualify you to monitor the plaintiff who is classified as having a chronic infectious disease?

**ANSWER:   See response to Interrogatory #1.**

11. Please explain the conflict with your Affidavit of 8/24/07 Number (4) and (10) and your response to Interrogatory Number (17) of the plaintiff first set?

**ANSWER:   See response to Interrogatory #1.**

12. You are not a liver specialist correct?

**ANSWER:   See response to Interrogatory #1.**

13. Why would you monitor the plaintiff's liver enzyme production, titer results and viral loads?

{DE105139.1}

**ANSWER:** See response to Interrogatory #1.

14. Can the flow chart that you referred to in the first set of Interrogatories No. 19 establish the degree of liver damage if any to the plaintiff?

**ANSWER:** See response to Interrogatory #1.

15. On 5/17/2007 tests were conducted Lab Id No.'s 104589149, 104586658 which conflicts with tests conducted on 6/27/2007 Lab Id No.'s 104950002 with respects to Hepatitis and (GFR) Glomecular Filtration Rate please explain the conflicts?

**ANSWER:** See response to Interrogatory #1.

16. What is the medical meaning for Lipemic?

**ANSWER:** See response to Interrogatory #1.

17. What is the medical meaning for Hemolyzed?

**ANSWER:** See response to Interrogatory #1.

**As to objections**

*/s/ Eileen M.Ford*
Eileen M. Ford, Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant VanDusen*

Dated: 4/10/08

{DE105139.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,                          :
                                           :
    Plaintiff,                             :
                                           :
v.                                         :   C. A. No. 06-576-SLR
                                           :
COMMISSIONER STAN TAYLOR,                  :
WARDEN THOMAS CARROLL, and                 :
MEDICAL DIRECTOR JAMES WELCH,              :
                                           :
    Defendants.                            :

### AFFIDAVIT

STATE OF DELAWARE    :
                     :
KENT COUNTY          :

BE IT REMEMBERED that on this 31 day of March, 2008, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, FREDERICK VAN DUSEN, D.O., personally known to me as such, and being duly sworn according to law, did depose and say that the foregoing answers to Interrogatories are true and correct to the best of his knowledge and belief.

                                                                                          FREDERICK VAN DUSEN, D.O.

SWORN TO and SUBSCRIBED before me the day and year first above written.

                                                                                         NOTARY PUBLIC

{DE105932.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    C. A. No. 06-576-SLR |
| | : |
| COMMISSIONER STAN TAYLOR, | : |
| WARDEN THOMAS CARROLL, and | : |
| MEDICAL DIRECTOR JAMES WELCH, | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, **Eileen M. Ford, Esquire**, hereby certify that on **April 10, 2008,** I electronically filed **DEFENDANT FREDERICK VANDUSEN, M.D.'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following: Catherine Damavandi, Esquire I have served via first class mail two copies of the foregoing to the Pro Se Plaintiff:

Inmate Dale Otis Palmer, *Pro Se*
SBI #175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
Via First Class US Mail

                                                      */s/ Eileen M.Ford*
                                                      Eileen M. Ford, Esquire (ID No. 2870)
                                                      Marks, O'Neill, O'Brien & Courtney, P.C.
                                                      913 North Market Street, #800
                                                      Wilmington, DE 19801
Date: April 10, 2008                               *Attorney for Defendants*

{DE106752.1}