IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-576-SLR |
| | : | |
| COMMISSIONER STAN TAYLOR, | : | |
| WARDEN THOMAS CARROLL, and | : | |
| MEDICAL DIRECTOR JAMES WELCH, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT IHUOMA CHUKS ANSWERS TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

GENERAL OBJECTIONS

A.     Defendant Ihuoma Chuks ("Answering Defendant") objects to the Plaintiff's Second Set of Interrogatories, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.     Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C.     Defendant objects to the Plaintiff's Second Set of Interrogatories, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

{DE105140.1}

D.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as they seek information protected from disclosure as confidential or proprietary business information.

E.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as the terms used therein are vague and ambiguous.

G.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such Requests are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I.  Answering Defendant objects specifically to the Plaintiff's Second Set of Interrogatories as overly broad, ambiguous, and unduly burdensome. In responding to Plaintiff's Second Set of Interrogatories, Answering Defendant will use the ordinary meaning of the words or terms in Interrogatories.

J.  Answering Defendant objects to the Plaintiff's Second Set of Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual

numbered Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Plaintiff's Second Set of Interrogatories.

K.   Answering Defendant's failure to object to the Plaintiff's Second Set of Interrogatories in a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L.   These General Objections are incorporated into each of Answering Defendant's specific Responses to the Plaintiff's Second Set of Interrogatories, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

M.   Answering Defendant reserves the right to supplement or amend its responses and objections to the Plaintiff's Second Set of Interrogatories. The fact that Answering Defendant has responded to the Plaintiff's Second Set of Interrogatories shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N.   These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

1.   What is the definition of your stated education and certification stated in the First response to interrogatories (RN-MSN-RNP-C-CGNs)?

**ANSWER: Objection. This request is in excess of the interrogatory limitations set forth in Fed. R. Civ. Pro. 33(a). Defendant Chuks submitted answers to 23 Interrogatories on January 17, 2008 (DI 86). By letter agreement dated March 24, 2008 (DI 101) with Plaintiff, and subject to any objections, Defendant Chuks will be providing answers to Interrogatory #'s 5 & 7.**

2.   What is the name of your previous employer?

**ANSWER:   See response to Interrogatory # 1 above.**

3.   Have you ever performed duties as head nurse under the title of RN or LPN which required medication inmates without a doctor onsite?

**ANSWER:   See response to Interrogatory # 1 above.**

4.   Have you ever written Consultation reports for inmates requesting treatment?

**ANSWER:   See response to Interrogatory # 1 above.**

5.   Have you ever written referrals for inmates with chronic conditions?

**ANSWER: Objection. This Interrogatory is vague and confusing in that Answering Defendant does not understand what Plaintiff means by the term "referrals". Furthermore this interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving said objections, Answering Defendant states as follows: Yes.**

6.   Are you a chronic care RN or LPN?

**ANSWER:   See response to Interrogatory # 1 above.**

7.   Are you authorized to treat chronic care patients?

**ANSWER: Objection, this Interrogatory is vague and confusing as Answering Defendant does not understand what Plaintiff means by the words "authorized to treat". Furthermore this interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving said objection, Answering Defendant states as follows: Yes. As a Nurse Practitioner it is within my job duties to diagnose and treat many common acute and chronic problem under the collaboration, supervision and authorization of a licensed physician.**

8. After reviewing the plaintiff's medical files do you agree that there is no mention of the plaintiff Genotype?

ANSWER: See response to Interrogatory # 1 above.

9. What is the plaintiff's chronic care status?

ANSWER: See response to Interrogatory # 1 above.

10. Do you have access or have you had access to D.C.C. infirmary records?

ANSWER: See response to Interrogatory # 1 above.

11. Have you received any training from Correctional Medical Services or The Department of Corrections in disease control or prevention?

ANSWER: See response to Interrogatory # 1 above.

12. What are your primary duties in the infirmary?

ANSWER: See response to Interrogatory # 1 above.

13. If I am one of the patients with Hepatitis B, referred to as chronic care what would you say my chances of liver damage would be?

ANSWER: See response to Interrogatory # 1 above.

14. After reviewing the plaintiff's medical files do you agree that most of the lab results from ordered blood tests are missing?

ANSWER: See response to Interrogatory # 1 above.

{DE105140.1}

15. How often are chronic care follow ups?

   **ANSWER:   See response to Interrogatory # 1 above.**

16. Do Hepatitis B and C together create a severe degree of damage to the liver?

   **ANSWER:   See response to Interrogatory # 1 above.**

17. What is your medical judgment or recommendations for someone who has had HBV and HCV for 20 years?

   **ANSWER:   See response to Interrogatory # 1 above.**

18. Why haven't you consulted the plaintiff on any results from any blood test as of this date - see medical files?

   **ANSWER:   See response to Interrogatory # 1 above.**

**As to objections**

*/s/ Eileen M.Ford*
Megan Mantzavinos, Esquire (ID No. 3802)
Eileen M. Ford, Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant Ihuoma Chuks*

Dated: 4/10/08

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. 06-576-SLR |
| COMMISSIONER STAN TAYLOR, WARDEN THOMAS CARROLL, and MEDICAL DIRECTOR JAMES WELCH, | : | |
| Defendants. | : | |

**AFFIDAVIT**

STATE OF DELAWARE   :

KENT COUNTY   :

BE IT REMEMBERED that on this __1__ day of __April__, 2008 personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, IHUOMA CHUKS, personally known to me as such, and being duly sworn according to law, did depose and say that the foregoing answers to Interrogatories are true and correct to the best of her knowledge and belief.

_____
IHUOMA CHUKS

SWORN TO and SUBSCRIBED before me the day and year first above written.

_____
NOTARY PUBLIC

THERESA SILVA
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXP 9/27/08

{DE105825.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C. A. No. 06-576-SLR |
| | : |
| COMMISSIONER STAN TAYLOR, | : |
| WARDEN THOMAS CARROLL, and | : |
| MEDICAL DIRECTOR JAMES WELCH, | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, **Eileen M. Ford, Esquire**, hereby certify that on **April 10, 2008,** I electronically filed **DEFENDANT IHUOMA CHUKS ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following: Catherine Damavandi, Esquire I have served via first class mail two copies of the foregoing to the Pro Se Plaintiff:

Inmate Dale Otis Palmer, *Pro Se*
SBI #175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
Via First Class US Mail

                                              */s/ Eileen M.Ford*
                                              Eileen M. Ford, Esquire (ID No. 2870)
                                              Marks, O'Neill, O'Brien & Courtney, P.C.
                                              913 North Market Street, #800
                                              Wilmington, DE 19801
Date: April 10, 2008                           *Attorney for Defendants*

{DE106750.1}