IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 06-576-SLR |
| ) | |
| COMMISSIONER STAN TAYLOR, ) | JURY TRIAL REQUESTED |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TOM CARROLL'S RESPONSE TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant Tom Carroll ("Defendant") hereby responds to Plaintiff's Second Set of Interrogatories ("Interrogatories"):

**GENERAL OBJECTIONS**

1.  Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.  Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.  Defendant objects to the Interrogatories to the extent that they purport to place duties upon his not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.  Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in his possession, custody or control.

5.  Defendant objects to the Interrogatories to the extent that they seek the

production of documents equally available to the Plaintiff or Plaintiff's counsel. Such documents will be identified by Defendant, but will not be produced.

6. Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendant's Responses, Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1. When an inmate is experiencing inadequate medical treatment wouldn't the warden's office be the right personnel for appropriate action?

**RESPONSE:** No response is required. See D.I.#101 – Plaintiff's Letter withdrawing Interrogatory Request directed to Defendant Carroll except for Interrogatory No. 14.

2. What was the conclusion of previous civil actions in which you were named involving inadequate medical care?

**RESPONSE:** See Response to Interrogatory No. 1.

3. What is the Department of Correction's policy in regards to treatment and access to treatment for infectious diseases?

**RESPONSE:** See Response to Interrogatory No. 1.

4. Are you still employed by the Department of Correction?

**RESPONSE:** See Response to Interrogatory No. 1.

5. What are your employment duties with respect to No. 4?

**RESPONSE:** See Response to Interrogatory No. 1.

6. Since you claim that you never received any letters from the plaintiff, then who is responsible for tampering with my mail to you after it was placed in the mail box?

**RESPONSE:** See Response to Interrogatory No. 1.

7. As warden, did you ever monitor or communicate with inmates who were diagnosed with infectious diseases?

**RESPONSE:** See Response to Interrogatory No. 1.

8. As warden were you ever informed of inmates who were diagnosed with infectious diseases?

**RESPONSE:** See Response to Interrogatory No. 1.

9. Because you stated I received adequate medical treatment in the first set of interrogatories please state the exact treatment I've been given for hepatitis B and C?

**RESPONSE:** See Response to Interrogatory No. 1.

10. Unsafe meaning infectious and tragic meaning life threatening can you give a response as to why the plaintiff wasn't or isn't being given the chance to prevent both?

**RESPONSE:** See Response to Interrogatory No. 1.

11. The plaintiff has been asking for vaccinations for hepatitis A and B since 2003 which requires (3) sets of vaccinations. He only received (2) and has since been denied any further treatment, was this policy when you were warden?

**RESPONSE:** See Response to Interrogatory No. 1.

12. Everything asked in the first set of interrogatories occurred while you were warden so why did you direct all medical questions and concerns to medical personnel?

**RESPONSE:** See Response to Interrogatory No. 1.

13. Didn't you have a responsibility as warden to provide medical services to all inmates incarcerated here at the Delaware Correctional Center?

**RESPONSE:** See Response to Interrogatory No. 1.

14. As warden, did you ever receive information or statistics about hepatitis within the Delaware Correctional Center or the dangers it possess?

**RESPONSE:** No. I am not a medical professional but am generally aware that hepatitis is a chronic medical condition that can affect an individual's health. As Warden of the Delaware Correctional Center, I relied on the contracted medical provider to deliver health care services to inmates housed at the facility.

15. Since being notified of the current civil action have you made any effort to assist the plaintiff in receiving treatment while as warden on your new job?

**RESPONSE:** See Response to Interrogatory No. 1.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General
Department of Justice
Carvel State Bldg., 6th Fl.,
820 N. French Street
Wilmington, DE  19801

Dated: April 15, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2008, I electronically filed *State Defendant Tom Carroll's Response to Plaintiff's Second Set of Interrogatories' Request* with the Clerk of Court using CM/ECF which will send notification to Megan Trocki Mantzavinos, Esquire, and Ryan M. Ernst, Esquire. I hereby certify that on, April 15, 2008, I have mailed by United States Postal Service, the document to the following non-registered party:

Dale Otis Palmer
SBI #175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
Catherine.Damavandi@state.de.us
(302) 577-8400
Attorney for State Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-576-SLR |
| | ) | |
| COMMISSIONER STAN TAYLOR, | ) | JURY TRIAL REQUESTED |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's Second Set of Interrogatories are true and correct.

_____
Thomas L. Carroll