IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,          :
                              :

Plaintiff,                :
                              :

v.                      :        C. A. No. 06-576-SLR
                              :

COMMISSIONER STAN TAYLOR,  :
WARDEN THOMAS CARROLL, and  :
MEDICAL DIRECTOR JAMES WELCH, :
                              :

Defendants.            :

**DEFENDANTS IHUOMA CHUKS, FREDERICK VANDUSEN, M.D.,
JOHN DURST, M.D., AND ROBERTA BURNS, M.D.
REPLY TO PLAINTIFF'S RESPONSE TO JOINT MOTION FOR LEAVE TO DEPOSE
PLAINTIFF
{Related Docket #114}**

COMES NOW, Ihuoma Chuks, Frederick Vandusen, M.D.,  John Durst, M.D., and

Roberta Burns, M.D.[1] (hereinafter "Defendants) to hereby reply to Plaintiff's response to the

motion for leave to depose Plaintiff and in support thereof states as follows:

1.    On May 16, 2008 Defendants joined with the Co-Defendant Stan Taylor,

Thomas Carroll, James Welch and Paul Howard (hereinafter "State Defendants") in the filing of

a Joint Motion to Take the Deposition of Plaintiff (DI 113) (hereinafter the "Motion").

2.    On May 30, 2008 Plaintiff filed a response to the motion setting forth a list

of "stipulations" that he wants the Court to impose on the parties before the motion is granted

(DI 114)

---

[1] As to Defendants Durst and Burns a  Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is pending with the Court (DI 91).
By joining in this motion Defendants Durst and Burns are not waiving any defenses that may exist on the merits of the action,
including the service of process issue previously asserted.

3.      Defendants object to the "stipulations" set forth by Plaintiff in DI 114.

4.      Plaintiff does not want officers employed by the Department of Corrections present during the deposition.   The issue of the presence of security personnel during any deposition is a policy that will be determined by the Department of Corrections and the facility hosting this deposition.  Since this deposition is not governed by attorney-client privilege, Plaintiff should have no say in what security measures are in place when he meets with Defendants counsel for the deposition.  Counsel for Defendants will insist on the presence of security personnel at the deposition.

5.      Plaintiff wants Defense Counsel to provide him with a copy of any audio or written transcript of the deposition, presumably without Plaintiff incurring any costs related thereto in reliance in his *in forma pauperis* status granted on September 26, 2006 (DI 4). Litigants generally bear their own deposition expenses initially. The exceptions to this rule are few. Doe v. United States, 112 F.R.D. 183, 184 (S.D.N.Y. 1986); See also,  County of Morris v. Nationalist Movement, 273 F.3d 527, 535 (3d Cir. N.J. 2001) (general rule that litigants bear their own costs and fees).   The majority of the courts that have addressed the issue of payment of court reporter fees and costs of transcription have found that section 1915 does not give the trial court authority to direct the government to pay for such costs. *Wright v. United States, 948 F. Supp. 61, 62 (M.D. Fla. 1996),  See* McClure v. Salvation Army, 51 F.R.D. 215, 216 (N.D. Ga. 1971); St. Hilaire v. Winhelm, 1996 U.S. App. LEXIS 6434, Case No. 95-16051, 1996 WL 119505, *2 (9th Cir. March 12, 1996); Lewis v. Precision Optics, Inc., 612 F.2d 1074, 1075-76 (8th Cir. 1980)(per curiam); Smith v. Campagna, 1996 U.S. Dist. LEXIS 9055, Case No. 94C7628, 1996 WL 364770, *1 (N.D. Ill. June 26, 1996); Reed v. Pearson, 1989 U.S. Dist.

LEXIS 18994, Case No. S85-100, 1989 WL 516266, *1 (N.D. Ind. Aug. 22, 1989), aff'd, 976 F.2d 735 (7th Cir. 1992); Doe v. United States, 112 F.R.D. 183, 185 (S.D.N.Y. 1986); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975).   These cases would apply equally to private medical providers charged with performing a function central to effecting the State's important responsibility of providing adequate care to inmates.  *See,*  Taylor v. Herst, 537 A.2d 1163, 1165 (Me. 1988); *See also*,  Murray v. Northrop Grumman Info. Tech., Inc., 444 F.3d 169, 175 (2d Cir. N.Y. 2006);  Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 72, 73 (2d Cir. 1998).   The Third Circuit has likewise recognized the general rule that an indigent should bear their own litigation expenses and only in limited circumstances (e.g. a showing of bad faith, deceit or a demonstrated need to defend against a motion for summary judgment) would it be within the District Court's discretion to order defendants to pay for such costs.   Tabron v. Grace, 6 F.3d 147, 159-160 (3d Cir. Pa. 1993) *cert denied*, 510 U.S. 1196, 127 L.Ed. 2d 657, 114 S. Ct. 1306 (1994) (1994).  None of the above circumstances exist in this case.   Even if a motion for summary judgment was filed, Defendants would attach relevant portions of any deposition transcript to said motion, thereby providing Plaintiff with information needed to respond.  See, St. Hilaire v. Winhelm, 1996 U.S. App. LEXIS 6434 *5 (9th Cir. Ariz. Mar. 18, 1996) (the court found that Plaintiff failed to demonstrate that an entire copy of his deposition transcript was necessary for him to make his case and ordered Defendants to attach any relevant portions of the transcript to any motions for summary judgment filed).

    6.    Plaintiff is requesting the Court to direct Defendants as to how to proceed during the course of the deposition by requesting that each Defendant do so individually to avoid conflicts and confusion relating to defenses and discovery.  So long as deposing counsel

complies with the Fed. R. Civ. P. 26 and 30 Plaintiff should not be permitted dictate to defense

counsel how it elects to proceed during the course of the deposition.


7.    Plaintiff has requested the Court to direct that Defendants not be permitted

to seek testimony relating to Plaintiff's criminal conviction.    An inquiry into the prior bad acts

and/or criminal convictions of Plaintiff is permissible during depositions of a party.    It is the use

of that information at trial on the merits and/or dispositive motions that is governed by the

Federal Rules of Evidence.    So long as Defendants do not use the information learned during

said deposition in violation of any Federal Rules of Evidence, it is not acceptable that Plaintiff is

seeking restrictions as to the inquiry of these prior bad acts and/or criminal convictions at his

deposition.


8.    Plaintiff has also requested the Court to order that any Defendant who

deposes Plaintiff be subject to cross examination by Plaintiff at the deposition.    Plaintiff is under

the mistaken impression that the actual Defendants are going to be at the deposition.    If Plaintiff

wants to depose any of the Defendants he may do so at his own expense and schedule said

depositions in accordance with the Federal Rules of Civil Procedure.    Pro se litigants may use

any discovery methods prescribed in the Federal Rules of Civil Procedure, however, the Court

has no authority to finance or pay for a party's discovery expenses even when he has been

granted *in forma pauperis* status.  Smith v. Angelo Campagna, et. al., 1996 U.S.Dist. LEXIS

9055 (E.D. Ill. 1996) (citations omitted).


9.    Plaintiff requests the Court to Order that Defendants comply with Fed. R.

Civ. P. 30 during the course of his deposition.    Defense counsel, as members of the Delaware

Bar, take their obligations seriously.  The undersigned have every intention to comply with their

ethical obligations and the Court rules.  There is no need for an Order directing counsel to do so.

WHEREFORE, Defendants respectfully request that the requests made by Plaintiff in his

Response to the Joint Motion to Depose Plaintiff be denied and that the Court grant the Joint

Motion Order of Defendants to depose Plaintiff in accordance with the Federal Rules of Civil

Procedure and Federal Rules of Evidence.

*/s/ Eileen M.Ford*
Megan Mantzavinos, Esquire (ID No. 3802)
Eileen M. Ford, Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant, Chuks and VanDusen, Durst and Burns*

Dated:  June 9, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DALE OTIS PALMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-576-SLR |
| | : | |
| COMMISSIONER STAN TAYLOR, | : | |
| WARDEN THOMAS CARROLL, and | : | |
| MEDICAL DIRECTOR JAMES WELCH, | : | |
| | : | |
| Defendants. | : | |

---

### CERTIFICATE OF SERVICE

---

I, **Eileen M. Ford, Esquire**, hereby certify that on **June 9, 2008,** I electronically filed

**Defendants Ihuoma Chuks, Frederick VanDusen, M.D., John Durst, M.D., and Roberta**

**Burns, M.D. Reply to Plaintiff's Response to Joint Motion for Leave to Depose Plaintiff**

with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the

following: Catherine Damavandi, Esquire I have served via first class mail two copies of the

foregoing to the Pro Se Plaintiff:

> Inmate Dale Otis Palmer, *Pro Se*
> SBI #175330
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977
> Via First Class US Mail

> */s/ Eileen M.Ford*
> Eileen M. Ford, Esquire (ID No. 2870)
> Marks, O'Neill, O'Brien & Courtney, P.C.
> 913 North Market Street, #800
> Wilmington, DE 19801
> *Attorney for Defendants*

Date: June 9, 2008

{DE110606.1}