IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-576-SLR |
| | ) |
| COMMISSIONER STAN TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 11th day of June, 2008, having considered the pending motions;

IT IS ORDERED that:

1. **Entry of Default**. Plaintiff's request for entry of default against defendants Dr. Roberta Burns ("Dr. Burns") and Dr. Davi Messinger ("Dr. Messinger") is **denied**. (D.I. 51) Neither Dr. Burns nor Dr. Messinger have been served. The USM-285 forms for both defendants were returned unexecuted. (D.I. 32, 34, 35) See Gold Kist, Inc., v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of a complaint is, a fortiori, void, and should be set aside .").

2. Plaintiff's motion for default judgment against defendants Iihoma Chuks ("Chuks"), Dr. Frederick VanDusen ("Dr. VanDusen"), and Dr. John Durst ("Dr. Durst') is **denied**. (D.I. 71) Plaintiff moves for default judgment against these defendants because they did not timely answer interrogatories propounded upon them. Chucks,

Dr. VanDusen and Dr. Durst answered plaintiff's interrogatories subsequent to the filing of the motion for default judgment. (D.I. 83, 84, 85)

3. **Appointment of Counsel**. Plaintiff's motions for appointment of counsel are **denied** without prejudice. (D.I. 54, 115) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

5. In his motions for appointment of counsel, plaintiff states that counsel is required to represent him in complex pretrial matters, during discovery, and to obtain declarations from other inmates. He asserts that his housing assignment restricts his ability to contact potential witnesses and conduct diligent research. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time because plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

6. **Discovery Motions**. Plaintiff's motion to compel is **denied**. (D.I. 75) Plaintiff moves to compel Chuks, Dr. VanDusen, James Welch ("Welch"), Dr. Durst, and Thomas Carroll ("Carroll") to answer interrogatories propounded upon them. On January 17, 2008, Dr. VanDusen, Dr. Dust and Chuks answered plaintiff's interrogatories. (D.I. 83, 84, 85) Welch and Carroll responded to plaintiff's discovery requests on November 29 and 30, 2008. (D.I. 69, 70)

7. Plaintiff's motion for disclosure, which the court construes as a motion to compel, is **denied**. (D.I. 77) Plaintiff contends that Welch and Carroll have failed to investigate and give reasonable answers to interrogatories. The court has reviewed the answers provided by Welch and Carroll and finds the answers adequate.

8. **Motion for Depositions**. Plaintiff moves to depose defendants Chuks, Dr. VanDusen, Carroll, and Welch and witnesses Ronald Wilson, Joe Berowski, George Hasett, Wade Blankenship, Justin Malindez, Joe Belanger, and C/O Correll. Plaintiff

proceeds pro se and was granted leave to proceed in forma pauperis.  Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure.  The court has no authority to finance or pay for a party's discovery expenses.  Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses); Doe v. United States, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff); Ronson v. Commissioner of Corr. for State of N.Y., 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F.Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

  9.  Plaintiff's motion for leave to depose defendants is **granted** to the extent that he may take their depositions pursuant to Fed. R. Civ. P. 31, which allows depositions upon written questions.  On or before **July 11, 2008,** plaintiff shall submit to the court no more than fifteen written questions for each defendant to be deposed.  The questions shall be filed under seal to be viewed only by the court and the officer before

whom the deponent(s) will appear as designated in the notice of deposition. Plaintiff shall not provide a service copy of the questions to defendants and/or deponent.

10. On or before **July 21, 2008,** counsel for defendants shall contact Nancy Rebeschini, Esquire, the court's pro se law clerk, to schedule a date and time for the written depositions. The depositions shall take place at the J. Caleb Boggs Federal Building, Wilmington, Delaware.

11. The procedure for the written depositions shall be as follows: The court will issue the notice for the written depositions. The notice will include the name of the deponent and the designated officer before whom the deponent will testify. The deponent will be sworn in by the designated officer. The designated officer will read aloud to the deponent the questions as submitted by plaintiff. The designated officer will provide paper and pen so that the deponent may provide a written answer to each question. The deponent shall have the option of bringing a laptop computer to the deposition as a means of answering the questions. The court will provide a computer disc for the answers typed into the computer. The deponent will verify his written answers. The designated officer will certify the deposition, file it with the court and mail complete copies of the deposition to the plaintiff, defendants and/or deponents.

12. Also, plaintiff wishes to take the depositions of non-defendants. He cannot, without issuing subpoenas. An inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees. See Pedraza v. Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995); Fernandez v. Kash N' Karry Food Stores, Inc., 136

F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff).

13. The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay. It is plaintiff's responsibility to pay for the costs associated with the taking of depositions. Therefore, plaintiff is given **thirty days** from the date of this order to make a showing that he is able to pay the expenses for the taking of the depositions of witnesses/non-defendants. If he cannot, the court will deny the motion. (D.I. 78) Alternatively, plaintiff has the option of having his witnesses sign declarations.

14. **Motions for Subpoenas**. Plaintiff's motions for subpoenas are **denied**. (D.I. 87, 88) Plaintiff seeks an order for issuance of a subpoena to the Delaware Department of Correction ("DOC") for the addresses of unserved defendants Stan Taylor and Paul Howard. Plaintiff wants the DOC to "hand over all electronically stored information or tangible things in its possession, custody, or control." He also seeks a subpoena to Correctional Medical Services ("CMS") and/or Chad Barr, Regional Vice-President for the addresses of unserved defendants Drs. Messinger, Durst, and Burns.[1] Like the DOC, plaintiff wants CMS to "hand over all electronically stored information or tangible things in its possession, custody, or control" as well as the addresses and telephone numbers of witnesses Dr. Mohamad Niaz, Dr. Ramesh Vemulapalli, and Christine Flamer.

---

[1] Drs. Burns and Durst object to the motion and also move for dismissal pursuant to Fed. R. Civ. P. 12(b)(5). (D.I. 91) The motion to dismiss will be addressed in a separate memorandum and order.

15. Delaware law precludes the disclosure of personnel records to the public, or to an inmate. See 29 Del. C. §§Sec. 10002(g)(1), (g)(13). Accordingly, the DOC is precluded from providing personal information for Taylor and Howard. Furthermore, plaintiff's blanket request to the DOC and CMS for all electronically stored information or tangible things is overly broad.

16. Dr. Durst has not been served, but he has answered the complaint and answered plaintiff's interrogatories. Hence, within **thirty days** from the date of this order, plaintiff shall submit a new USM-285 form for Dr. Durst at his last known place of employment as indicated in his answers to interrogatories so that Dr. Durst may be personally served. The court will issue a service order upon receipt of the required USM-285 form. As to the remaining individuals, it is plaintiff's responsibility to obtain the addresses and telephone numbers for the remaining unserved defendants and potential witnesses.

17. **Motion to Amend**. Plaintiff's motion to amend is **granted**. (D.I. 93) The amended complaint shall be filed within **thirty days** from the date of this order. "After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs. Plaintiff seeks to add as defendants CMS and Dr. McDonald and alleges that they are denying him medical care and treatment for his chronic conditions.

18. **Motion to Depose Plaintiff**. Defendants' motion to depose plaintiff is **granted**. (D.I. 113)

                                                                          /s/ Sue L. Robinson
                                                                          UNITED STATES DISTRICT JUDGE