IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-576-SLR |
| | ) | |
| COMMISSIONER STAN TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

Stan Taylor, Tom Carroll, Paul Howard and James Welch ("State Defendants"), by and through their undersigned counsel, hereby move this Honorable Court to deny Plaintiff's request for Appointment of Counsel. In furtherance of their motion, State Defendants represent as follows:

1. Plaintiff Dale Otis Palmer ("Palmer") filed a Complaint on or about September 14, 2006, with leave to proceed *in forma pauperis* pursuant to 42 U.S.C.§1983, alleging Eighth and Fourteenth Amendment Due Process violations against State Defendants Stan Taylor and Tom Carroll, in addition to Correctional Medical Systems ("CMS") and some unnamed medical personnel. (D.I.#2). Specifically, Palmer alleges inadequate medical treatment for a number of health ailments he allegedly suffers. *Id.* On or about October 13, 2006, Palmer filed an Amended Complaint adding James Welsh as a State Defendant. (D.I. #6). On or about November 27, 2006 Palmer filed a Motion for Appointment of Counsel. (D.I. #7). On or about December 13, 2006, by Order of the Court, Palmer's Motion to Amend the Complaint was granted but his Motion for Appointment of Counsel was denied. (D.I. #8).

2. On or about January 4, 2007, Palmer filed another Amended Complaint adding State Defendant Paul Howard and numerous medical personnel. (D.I.#9). On or about July 3, 2007 and July 11, 2007, Palmer filed Motions for Appointment of Counsel. (D.I.## 20, 25). On or about July 19, 2007, these motions were denied by Order of the Court. (D.I. #29). On or about October 29, 2007, Palmer filed his fourth Motion for Appointment of Counsel. (D.I.#54). To date, the Court has not ruled on this motion. On or about May 29, 2008, Palmer filed a "Modified" and fifth Motion for Appointment of Counsel. (D.I.#115)

3. It is not clear what Palmer means by "Modified" motion for appointment of counsel as there is little to no difference between the present motion and Palmer's prior motions. Palmer enumerates the same reasons for needing assistance of counsel; unable to afford a lawyer, issues are complex, and he is housed in the highest security unit (SHU) which prevents him from contacting potential witnesses, conduct diligent research and obtain books of law and discovery materials. (Motion, *passim*). Lastly, assistance of counsel is needed to take depositions and cross examine the Defendants. *Id.* Palmer also submits the names of three attorneys that he respects and would accept their representation if the Court should grant his motion.

4. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (See *Smith Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case." *Id* at 26, *accord, Pierce v. Vaughn*, 1992 U.S. Dist. LEXIS 12, 553 (E.D.P.A. Aug. 21, 1992); *Robinson v. Barone,* 1992 U.S. Dist. LEXIS 13, 940 (E.D.P.A. Sept. 15, 1992). The

factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3 147, 155-56 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 1306 (1994).

5. Palmer is alleging Eighth Amendment violations of cruel and unusual punishment against the State Defendants for allegedly not supervising his medical care. (Complaint, *passim*). For relief, Palmer requests compensatory and monetary damages. *Id.*

6. Palmer is no stranger to this Court having filed numerous §1983 lawsuits during his period of incarceration. Contrary to Palmer's assertions that the issues involved are complex, they are in fact, straightforward. Moreover, Palmer's legal abilities are apparent as reflected in the numerous motions he has filed thus far in this litigation, i.e., four Motions to Amend (D.I. ##6, 9, 50, & 93); five Motions for Appointment of Counsel (D.I. ##7, 20, 25, 54 & 115); Motion for Temporary Restraining Order (D.I. #37); two Motions for Default Judgment (D.I. ##51,71); First Set of Interrogatories (D.I. ##52, 53, 55, 57, 59 & 60); First Request for Production of Documents (D.I. #58); Motion to Compel Discovery (D.I.#75); Motion to Take Deposition (D.I.#78); Motions for subpoenas (D.I.##87,88); Second Set of Interrogatories (D.I.##94, 95, 96, & 97); and Second Request for Production of Documents (D.I.##98, 99, & 100). Palmer has displayed a firm and competent grasp of the legal precepts in this case making appointment of counsel unnecessary at this time.

7. Lastly, Palmer, at this point, has simply made bald, unsupported allegations against the State Defendants. It must be presumed that Palmer is suing the State Defendants

based upon their supervisory responsibilities. As personal involvement in a constitutional deprivation is a necessary prerequisite to liability, it is unlikely that Palmer can mount a meritorious claim against the State Defendants. Without more, Palmer's request for counsel is, at best, premature.

      **WHEREFORE**, State Defendants respectfully request this Honorable Court deny Palmer's Motion for Appointment of Counsel**.**

      **STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General
Department of Justice
Carvel State Bldg., 6th Fl.,
820 N. French Street
Wilmington, DE  19801

Dated: June 23, 2008

## *CERTIFICATE OF SERVICE*

I hereby certify that on June 23, 2008, I electronically filed the attached *State Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF who will send notice electronically to Eileen M. Ford. Esq., and Megan Mantzavinos, Esq.  I hereby certify that on June  23, 2008, I have mailed by United States Postal Service, the document to the following non-registered party:


Dale Otis Palmer
SBI#175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977



        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Catherine Damavandi
        Catherine Damavandi, ID#3823
        Deputy Attorney General
        Department of Justice
        Carvel State Bldg., 6th Fl.,
        820 N. French Street
        Wilmington, DE  19801

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE OTIS PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-576-SLR |
| | ) | |
| COMMISSIONER STAN TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**IT IS SO ORDERED,** this _____ day of _____, 2008, that

Plaintiff's Motion for Appointment of Counsel is hereby **DENIED.**

_____
The Honorable  Sue L. Robinson