IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | Civil Action 06-576-SLR |
| Plaintiff, | |
| V. | |
| COMMISSIONER: STAN TAYLOR, | JURY TRIAL DEMAND |
| WARDEN: THOMAS CARROLL, | |
| MEDICAL DIRECTOR: JAMES WELCH, | |
| et al, Defendants. | |



PLAINTIFF AMENDED COMPLAINT - PURSUANT TO FED. R. CIV. P. (15)

Pursuant to the Court order filed 6/12/2008 the above captioned plaintiff hereby files this amended complaint.

Now comes Dale Palmer who is pro'se and files this amendment to his complaint in the intrest of justice. The plaintiff is adding more names to those who are directly responsible in the denial of treatment aswell as the place of their conduct, However the discovery process is not complete and dates and times may still have to be obtained through that process at A later date.

The plaintiff states that he has A sufficiently serious condition and that prison and medical officials herein this amended complaint knew about the medical condition and disregarded the risk to the plaintiff health and that their misdeed was intentional. Because the plaintiff was intentionally denied medical treatment he also raises the fact that he has suffered the infliction of cruel and unusual punishment. Estelle V. Gamble US. Supreme Court 1976. The Court held that deliberate

indifference to serious medical needs of prisoners constituted unnecessary and wanton infliction of pain that the eighth amendment prohibits.

The plaintiff is adding the below list of names as defendant in his civil action and pursuant to the courts order granting the motion to amend he is adding (2) two more defendants (10) and (11)

1) ROBERTA BURNS - MD
2) IHUOMA CHUKS - RN
3) DAVI MESSINGER - MD
4) JOHN DURST - MD
5) FREDERIC VANDUSEN - MD
6) JAMES WELCH - MEDICAL DIRECTOR
7) STAN TAYLOR - COMMISSIONER
8) THOMAS CARROLL - WARDEN
9) PAUL HOWARD - BUREAU CHIEF
10) LAWRENCE McDONALD - MD
11) CORRECTIONAL MEDICAL SERVICES

Because the plaintiffs health problems have been on going for more than (20) years it would be difficult for the plaintiff to establish every date and time without access to his prison medical files, therefore the plaintiff has limited his list of defendants from the point of his incarceration in 2003 to the present date 2008.

(1) As to defendant Burns — while incarcerated at SCI in Georgetown I complained about having Hepatitis-C and I requested treatment. I was scheduled to see doctor Burns who ordered blood tests. After the tests came back she said I had Hepatitis B enzymes in my blood along with the Hepatitis-C she said I was to get (3) shots with a combination of medicine to prevent Hepatitis-B sickness. I recieved (2) of the shots and treatment stopped. When I questioned her she gave me no explanation for about (6) weeks. The treatment started in late 2003 and was to be completed in April 2004. The initial tests showed that I have Hepatitis-C and -B enzymes. Finially I was told by

(3)

doctor Burns that she's not going to treat me or give me any supplements, she said that I'm not sick enough for treatment. I asked her on many occasions and she continued to refuse me treatment.

(2) As to defendant IHUOMA CHUKS, I was seen by her twice in 2005 after I made sick-call requests to see a doctor (3) different times. Each time I saw her she said I was in better Health than her and she proceeded to deny me treatment for Hepatitis and Vitamins. Infact she took me off the medications I was taking for other problems and made a diagnosis without even taking any tests (at D.C.C.

(3) As to defendant Messinger, I was seen by him (2) two times in 2006 and both times he denied me treatment for Hepatitis. His reason being was that it costs to much money and that I would have to become very ill before recieving treatments. Mr. Messinger said that C.M.S. wouldn't cover the Costs for my treatment. (at D.C.C.)

(4) As to defendant Durst, I was seen by him in 2006 and he refused to do anything for me except give me a pair of shoe insoles. He stated that I didn't need treatment for the disease because I wasn't sick enough (at D.C.C.)

(5) As to defendant Vandusen I was seen by him from 2006 until 2007 and not only did he refuse to give me treatment for Hepatitis he also refuse to recormend the treatment. He said I was fine and that I'm not sick enough. It had been almost (2) months prior to the filing of the original complaint and he hadn't called me back to evaluate me, my charts or the blood work he ordered. Plainly he has denied me treatment just as the other defendants have done. At one point doctor Vandusen didn't update my charts and couldn't give me verbal result of lab test for more than (6) months (at D.C.C.)

(3)

(6) As To defendant James Welch he had direct knowledge of my illness infact his name appeared in One (1) of the Two (2) grievances which I filed seek treatment. I also sent him letters asking for help and he never responded

(7) As to defendant Paul Howard he also had direct knowledge of my illness and both he and Welch corresponded concerning my grievance and, the fact that C.M.S. did not have A treatment plan for the plaintiff. And on           A decision denying the plaintiff request for treatment was made aswell as the plaintiff grievance. Mr. Howard also stated that there would be no further issue to mediate nor outside review. I recieved that decision dated 9/12/06 along with other documents and one that states the referred to person as James Welch. (at D.C.C.)

(8) As to defendant Carroll - He had direct knowledge of my illness. Once through Correspondence Scott Altman who is employed by C.M.S. Correctional Medical Services forwarded A copy of my request for treatment to the wardens office. 2/2/06. I have also written to the warden directly A copple times. And prior to my court filing I sought legal counsel - Stephen Hampton who contacted me by mail 10-18-2005, and I signed for him A medical authorization form so that he could obtain my record from the prison medical department. Mr. Carroll had to also authorize the release of those records. Warden, Carroll has done nothing to secure the treatment I need - A direct denial of my medical needs. (at D.C.C.)

(9) As to defendant Taylor - I wrote letter to Commissioner Taylor in the mid 1990's concerning my illness and requested treatment But he never responded to my letters. He was again contacted on 12-15-06 in which he again failed to respond. Mr. Taylor

(4)

had A responscibility as Commissioner to provide funding for inmates who need treatment and, he has A duty to over-see the medical service as A whole to ensure that all inmates recieve adequate care. I have written him directly so there can be no further excuse and, shouldn't have been any prevention in recieving needed treatments.

The plaintiff now moves on to the amended protion of his complaint (10) As to defendant Correctional Medical Services (C.M.S.). C.M.S. A contracted medical service who is currently Contracted by the Department of Corrections (D.O.C.) is directly responsible for providing treatment to all of the states incarcerated. The plaintiff states that C.M.S. is callously refusing him treatment by ignoring his illness. The plaintiff states that his illness is well documented with the medical department because of his many requests and current civil action pending against C.M.S. employees, aswell as the fact that C.M.S. did refuse to accept process for (2) two of the defendants. The defendant cannot deny those facts. The Plaintiff states that C.M.S. has been deliberately indifferenced to his serious medical needs by not providing him with adequate medical care. And that he has been denied his right against cruel and unusual punishment A violation of the plaintiff 8th amendment right to the Constitution. The plaintiff states that C.M.S. has not implemented procedures, and practices consistent with generally accepted professional standards. that would ensure that the plaintiff would recieve treatment for his Chronic care (such as) 1) Appropriate diagnosis - 2) Treatments - 3) Immunizations 4) Timely responses to sick-call requests - 5) A biopsy to determine the stage and degree of the disease - 6) Chronic Care managements. The plaintiff was diagnosed with A Chronic Care disease and yet he is not recieving any care for the illness which is known to effect the liver by

eventually developing Cirrhosis (scaring of the liver) Liver cancer and, death from liver disease. Prisoners have A Constitutionlly guarenteed right to A certain degree of medical treatment while incarcerated - Estelle V. Gamble 429 U.S. at 103,97 S.Ct. at 290. The Plaintiff states that he has not been able to obtain access to test results from August 2007-November 2007 and April-2008. However as of 5/12/2007 Lab tests were positive for Hepatitis B and C and A AB/Total and C.M.S. still won't provide the plaintiff with any treatment (Treatment being) medications - biopsy - foods - drinks - (at D.C.C.

(11) As to defendant Mcdonald who is an independent Contractor for C.M.S. - Doctor Mcdonald claims to be A disease specialist who treats infectious diseases according to A patients needs. He claims that before begining Interferon or Ribavirin treatments, the patient should exhibit symptoms and that he has reviewed the plaintiff files aswell as test results from 5/12/07 that show the presence and exposure to Hepatitis B and C. Doctor Mcdonald has and maintains to deny the plaintiff medical treatment or even Another alternative to Interferon and Ribavirin such as other medications or A Liver Biopsy to determine damage if any to the liver. He has told the plaintiff that he will not order A Biopsy Because (The plaintiff could bleed to death) And that he will not order any other treatment because the plaintiff looks good on paper and is not sick enough. Doctor Mcdonald has expressed to the plaintiff that he must become very ill before he will provide any treatment. The plaintiff has complained to doctor Mcdonald about yellowish skin color that come's and goes - abdominal pain - Fatigue - Intermittent nausea and loss of appetite. The plaintiff states that he was

(6)

Last seen for Chronic Care follow-up with Mcdonald on 11/2/07 and I wasn't seen by him again untill 4/2/08 at which time he still couldnt tell me the lab results from 8th month (August 2007). The plaintiff states that he is in imminent danger of serious physical injury and that Dr. Mcdonald's recklessness and knowledge of the substantial risks violates his rights established under the U.S.C.A. Constitution. Amendment 8. The Plaintiff concludes that he has been subjected to cruel and unusual punishment and a form of deliberate indifference to his serious medical needs constituting the unnecessary and wanton infliction of pain where the indifference is manifested by Dr. Mcdonalds response to the plaintiff needs for medical treatments and his intentionally delaying and denying required medical care. Dr. Mcdonald has also failed to allow proper diagnosis and procedures restricting medical care to non-medical grounds.

Wherefore in the intrest of justice the Plaintiff files this Amended Complaint adding as defendants in the Complaint CORRECTIONAL MEDICAL SERVICES (C.M.S.) And DOCTOR LAWRENCE McDONALD.

Any further dates or time or information will be obtained through discovery.

I __DALE PALMER__ hereby state under the penalty of purjury that the information submitted is provided from the best of my knowledge.

This __18__ Day of __June__
   __2008__

Respectfully
_Dale Palmer_
Dale Palmer 175336
DCC 1181 Paddock Rd
Smyrna Del 19977

(7)

## Certificate of Service

I, _DALE OTIS PALMER_, hereby certify that I have served a true
And correct cop(ies) of the attached: _AMENDED COMPLAINT_
_____ upon the following
parties/person (s):

TO: _UNITED STATES DISTRICT COURT_  TO: _Eileen Ford_
_844 N. KING ST. LOCKBOX #18_ _913 N. Market St_
_Wilmington Del_ _Suite 800_
_19801_ _Wilmington Del_
_19801_

TO: _Catherine Damavandi_  TO: _____
_Dept Of Justice_
_820 N. French St_
_Wilmington, Del._
_19801_

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _18th_ day of _June_, 200_8_

_Dale Palmer_
_Dale Palmer_

IM DALE Ctis PALMER - Pro'se
SBI# 173330    UNIT p-East
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal
Mail

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING ST. Lockbox #18
WILMINGTON, DEL.
19801




U.S.M.S.
X-RAY