IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-576-SLR |
| | ) |
| COMMISSIONER STAN TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

Dale Otis Palmer, Delaware Correctional Center, Smyrna, Delaware.  Pro se.

Catherine C. Damavandi, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendants Stan Taylor, Thomas Carroll, James Welch, and Paul Howard.

Megan Trocki Mantzavinos and Eileen M. Ford, Esquires, Marks, O'Neil, O'Brien & Courtney, P.C., Wilmington, Delaware.  Counsel for Defendants Roberta Burns, Iihoma Chuks, John Durst, and Frederic VanDusen.

**MEMORANDUM OPINION**

Dated: June 26, 2008
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is defendants Dr. Roberts Burns and Dr. John Durst's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and plaintiff's response thereto. (D.I.91, 92) For the reasons set forth below, the court will deny the motion to dismiss.

## II. BACKGROUND

Plaintiff, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (D.I. 2) The complaint and amendments were screened by the court on April 23, 2007. (D.I. 2, 6, 9, 11) USM-285 forms were returned unexecuted for Dr. Roberta Burns and Dr. John Durst on July 24, 2007 with the notation "CMS will not accept on behalf of individuals." (D.I. 32, 33) Hence, plaintiff has had difficulty in serving medical defendants in light of the fact that their employer or former employer, Correctional Medical Services, refuses to accept service for them.

Recently, plaintiff filed a motion for a subpoena (directed to CMS and/or Chad Barr, Regional Vice-President) for the addresses of unserved defendants Drs. Messinger, Durst, and Burns. (D.I. 88) Plaintiff also requested that CMS "hand over all electronically stored information or tangible things in its possession, custody, or control" as well as the addresses and telephone numbers of witnesses Dr. Mohamad Niaz, Dr. Ramesh Vemulapalli, and Christine Flamer. The court denied the motion, but noted that Dr. Durst, while not served, had answered the complaint and answered plaintiff's interrogatories. (D.I. 117) Plaintiff was ordered submit a new USM-285 form for Dr. Durst at his last known place of employment as indicated in his answers to interrogatories. Plaintiff complied with the order on June 23, 2008. Plaintiff was

advised that, as to the remaining individuals, it was his responsibility to obtain the addresses and telephone numbers for the remaining unserved defendants and potential witnesses. In their response to plaintiff's motion for subpoena, defendants Drs. Burns and Durst filed a cross-motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of process. (D.I. 91)

## III. DISCUSSION

### A. Standard of Review

A defendant may file a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure when a plaintiff fails to properly serve him or her with the summons and complaint. Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action." Fed. R. Civ. P. 4(m). The rule goes on the state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at it discretion, extend the time for service even if plaintiff has not shown good cause for the delay." Daniels v. Correctional Med. Services, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995).

The court entered its service order on April 23, 2007 and service was attempted, albeit unsuccessfully. Plaintiff, as an incarcerated individual, is at a distinct disadvantage when it comes to obtaining the correct addresses of medical personnel.

Moreover, there appears to be significant turnover and/or transfer of medical personnel to different correctional facilities. Noteworthy in this case is that Dr. Durst answered the complaint and responded to interrogatories despite the fact that he was not served. In fact, his answers to interrogatories provide his current employment location. Additionally, the court recently granted plaintiff leave to amend, and CMS is a newly named defendant. The court finds that there is good cause for the delay of service

For the above reasons, the court will deny the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiff will be given an additional 120 days to effect service upon those defendants who have not been served.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will deny the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5). (D.I. 91) An appropriate order will be entered.