# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
ATTORNEYS AT LAW                                                                                     www.mooclaw.com

*DELAWARE OFFICE*  *Eileen M. Ford*
*Suite 800*  Member DE, NJ & PA Bars
*913 N. Market Street*  eford@mooclaw.com
*Wilmington, DE 19801*
*(302) 658-6538 Fax: (302) 658-6537*

August 6, 2008

**VIA HAND DELIVERY**

Barb Fahey
US Marshal's Office
844 N. King Street, 1st Floor
Wilmington DE 19801

      RE: Palmer v. Commissioner Stan Taylor, et. al.
         CA # 06-576SLR

Dear Ms. Fahey:

  On August 5, 2008 we received notice of an electronic filing that indicated that "USM 285 forms received from Plaintiff for the following defendants: Roberta Burns and Stan Taylor- requesting service to be accepted by Eileen Ford, Esquire."

  I am writing to inform you that our firm will not be accepting service on behalf of Stan Taylor as he is an individual that is usually represented by the Attorney General's office as part of the State Defendant group.

  I am also writing to inform you that our firm will not be waiving service of process on behalf of Roberta Burns for the following reasons:

  1. Plaintiff's "request" that "Eileen Ford, Esquire" accept service of process on behalf of this individual is directly contrary to a Court Order dated June 26, 2008 (DI 125) in which the Court stated "Plaintiff was advised that, as to the remaining individuals, it was his responsibility to obtain the addresses and telephone numbers for the remaining unserved defendants and potential witnesses". (See also DI 117, ¶16, page 7). Roberta Burns is one of the those Defendants. Plaintiff's putting the burden on Defense counsel to "simply accept" service on behalf of this individual defendant clearly circumvents Plaintiff's obligation and Order of the Court.

  2. Roberta Burns is not currently an employee of CMS, nor was she at the times depicted in ¶1 of Plaintiff's Amended Complaint (DI 119), namely late 2003. CMS was not the medical provider for the Department of Corrections in 2003 and therefore Plaintiff's attempt to place Dr. Burns in the same category of representation as the other individuals who our office

{DE114374.1}

| Philadelphia | Pennsauken | New York City | Pittsburgh | Towson | Doylestown | Elmsford |
| Pennsylvania | New Jersey | New York | Pennsylvania | Maryland | Pennsylvania | New York |

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**
August 6, 2008
Page 2

has accepted service for, is misplaced for other legal reasons, which are probably not appropriate for this letter.

      3.    When using the Waiver of Service avenue set forth by FRCP 4(d), the Plaintiff is required to meet a minimum burden of properly *addressing* the waiver to *the individual defendant*. Plaintiff has failed to meet this minimum burden and the rule does not set forth any obligation on an attorney representing other Defendants in the case to relieve Plaintiff of this burden.

Plaintiff choose to name an individual who had contact with him back in 2003, when CMS was not the medical provider, in this lawsuit. Per the Court Order it is Plaintiff's responsibility to obtain this individual's proper service information to initiate the waiver process and/or obtain traditional service of process within the time period established by the Court pursuant to DI 125 and 126.

Consequently, we will not be accepting service of process at this time. Plaintiff is being notified of this development by copy of this letter.

If you have any questions, please do not hesitate to call.

    Sincerely,

    **MARKS, O'NEILL, O'BRIEN
     & COURTNEY, P.C.**

    By: __/s/ Eileen M. Ford_____
        Eileen M. Ford
EMF/emf        Megan T. Mantzavinos


cc:    Dale Otis Palmer (Via First Class Mail)
       US District Court - Clerk's Office (Via Hand Delivery)
       Catherine Damavandi, Esquire (Via First Class Mail)

{DE114374.1}