IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER,<br><br>             Plaintiff,<br><br>             v.<br><br>COMMISSIONER STANLEY TAYLOR,<br>et al.,<br><br>             Defendants. | C.A. No. 06-576-SLR<br><br>JURY TRIAL REQUESTED |

**MEDICAL DEFENDANTS' DEFENSE COUNSEL'S RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY**
**{RELATED DOCKET 149}**

    COMES NOW, Eileen M. Ford, Esquire and Megan T. Mantzavinos, Esquire of Marks, O'Neill, O'Brien & Courtney, P.C. and attorneys for Correctional Medical Services, Inc., (CMS); Ihuoma Chuks, John Durst, Frederick VanDusen (the Served Defendants) to hereby respond to Plaintiff's Motion for Discovery (DI 149) as follows:

    1.    Plaintiff has, once again, filed a motion to seeking the Court to require Defense counsel to assist Plaintiff in meeting his responsibility in achieving service of process over Defendant Roberta Burns, M.D.

    2.    The Court has already issued an Order regarding this issue stating "Plaintiff was advised that, as to the remaining individuals, it was his responsibility to obtain the addresses and telephone numbers for the remaining unserved defendants and potential witnesses". (DI 117).

{DE114816.1}

3. Plaintiff should be collaterally estopped from continuing to disregard the prior Court Order (DI 117) in seeking the information from defense counsel to concede service of process issues in this case. The factors to be considered in applying collateral estoppel are (1) whether the identical issue was presented in a previous action; (2) whether the prior action resulted in a final judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity to a party to the prior case; and (4) whether the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue previously. See Temple Univ. v. White, 941 F.2d 201, 212 (3d Cir. 1991). Iseley v. Beard, 237 Fed. Appx. 735, 738 (3d Cir. Pa. 2007). The issue in this motion is identical to the issues raised by Plaintiff in his previous Motion to Compel Counsel to turn over the addresses of the unserved Defendants (DI 75); Plaintiff's motion resulted in an Order dated June 12, 2008 (DI 117) and a further Order dated June 26, 2008 (DI 125 -126) stating it is "Plaintiff's responsibility to obtain the addresses…for the remaining unserved defendants…"; Plaintiff was clearly a party to that motion; and Plaintiff had a full and fair opportunity to present his reasons in his prior motion which was denied.

4. Alternatively, if the Court should deem this motion a request by Plaintiff a motion for reconsideration pursuant to Fed. R. Civ. Pro. 59(e), it should still be denied. In Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 2008 U.S. Dist. LEXIS 1487 (D. Del. Jan. 8, 2008) (See Exhibit A attached) the Court held as follows:

*Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult for a movant to meet, and motions for reconsideration or reargument "shall be sparingly granted," D. Del. LR 7.1.5 (effective June 30, 2007). The purpose of such motions is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v.*

{DE114816.1}

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). *Accordingly, a court may only alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See Id.  A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, see* Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993), and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided,"* Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)."*

There has been no change in the controlling law.  It is still Plaintiff's responsibility to find the information necessary to achieve service of process against the individuals, he chose to name in his lawsuit.  There is no new evidence regarding this issue and no clear error of law was made in either of the prior rulings regarding this issue (DI 117 or DI 125-126)

WHEREFORE,  Defendants hereby request that Plaintiff's motion (DI 149) be denied.

    /s/  Eileen M. Ford
Eileen M. Ford, Esquire (ID # 2870)
Megan T. Mantzavinos, Esquire (ID # 3802)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
Attorney for Served Defendants, Ihuoma Chuks, John Durst, Frederic VanDusen, and Correctional Medical Services, Inc.

DATED: August 26, 2008

{DE114816.1}

**EXHIBIT A**
**06-576SLR**

LEXSEE 2008 US DIST LEXIS 1487

HOWARD HESS DENTAL LABORATORIES INC. and PHILIP GUTTIEREZ d/b/a Dentures Plus, on behalf of themselves and all others similarly situated, Plaintiffs, v. DENTSPLY INTERNATIONAL, INC., Defendant. JERSEY DENTAL LABORATORIES f/k/a Howard Hess Dental Laboratories Incorporated, and PHILIP GUTTIEREZ d/b/a Dentures Plus, on behalf of themselves and all others similarly situated, Plaintiffs, v. DENTSPLY INTERNATIONAL, INC., and named dental dealers, Defendants.

Civ. No. 99-255-SLR, Civ. No. 01-267-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2008 U.S. Dist. LEXIS 1487; 2008-1 Trade Cas. (CCH) P76,056

January 8, 2008, Decided

**PRIOR HISTORY:** *Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 516 F. Supp. 2d 324, 2007 U.S. Dist. LEXIS 71563 (D. Del., 2007)*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Pending before the court were several motions in two related cases. In case # 1, plaintiffs filed a motion to supplement the record and requested that the court's most recent order be amended to reflect such supplementation. In case # 2, plaintiffs moved for a certificate of appealability with respect to the dismissed claims and for a stay of proceedings during the pendancy of any appeal.

**OVERVIEW:** The lawsuits were antitrust actions concerning a policy of one defendant, a leading manufacturer and distributor of dental products, which was used by the defendant to discourage dental dealers from carrying competitors' lines of artificial teeth. Plaintiffs sought to introduce factual evidence of antitrust injury not before the court on summary judgment. The court found that though captioned a "motion to supplement," plaintiffs' motion was more appropriately considered as a motion to reconsider the court's summary judgment opinion in view of this additional evidence. The court also found that while the evidence plaintiffs proposed to add to the record could be relevant to their cause of action had they demonstrated that defendant was likely to re-engage in the violative conduct, it was irrelevant to the case as litigated by plaintiffs. Next, the court found that there was no just reason to delay plaintiffs' appeal of the dismissals of counts II-V.

**OUTCOME:** The court denied plaintiffs' motion to supplement the record in case # 1. The court granted plaintiffs' motion requesting certification of the dismissed counts in case # 2, and stayed proceedings on plaintiffs' remaining claim pending any appeal.

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN1] Motions for reconsideration are the functional equivalent of motions to alter or amend judgment under *Fed. R. Civ. P. 59(e)*. The standard for obtaining relief under *Rule 59(e)* is difficult for a movant to meet, and motions for reconsideration or reargument shall be sparingly granted, D. Del. R. 7.1.5. The purpose of such motions is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a court may only alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, and may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided. Reconsideration, however, may be appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues pre-

Case 1:06-cv-00576-SLR    Document 151-2    Filed 08/26/2008    Page 3 of 7

Page 2

2008 U.S. Dist. LEXIS 1487, *; 2008-1 Trade Cas. (CCH) P76,056

sented to the court by the parties, or has made an error not of reasoning but of apprehension.

*Civil Procedure > Judicial Officers > Judges > Discretion*
*Civil Procedure > Judgments > Entry of Judgments > Multiple Claims & Parties*

[HN2] *Fed. R. Civ. P. 54(b)* states, in part: When more than one claim for relief is presented in an action, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *Fed. R. Civ. P. 54(b)*. Although the decision whether to certify as a final judgment rests in the discretion of the trial court, the United States Supreme Court suggested two relevant factors a trial court should consider in deciding whether there is just reason for delay: (1) judicial administrative interests; and (2) the equities of the parties involved. Consideration of judicial administration counsels against piecemeal review that would force appellate courts to decide the same issues on subsequent appeal.

**COUNSEL:** [*1] For Plaintiffs: Pamela S. Tikellis, Esquire, Robert J. Kriner, Jr., Esquire, and Scott M. Tucker, Esquire of Chimicles & Tikellis LLP, Wilmington, Delaware; Thomas A. Dubbs, Esquire and Richard T. Joffe, Esquire of Labaton Sucharow & Rudoff LLP, New York, New York.

For Accu Bite, Inc., Hendon Dental Supply, Inc. and Henry Schein Inc., Defendants: W. Harding Drane, Jr., Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware.

For Benco Dental Co., Defendant: Darryl Anthony Parson, Esquire of Drinker Biddle & Reath LLP, Wilmington, Delaware.

For Burkhart Dental Supply Co., Defendant: Kurt M. Heyman, Esquire and Particia L. Enerio, Esquire of Proctor Heyman LLP, Wilmington, Delaware.

For Darby Dental Laboratory Supply Co., Inc., Defendant: Henry E. Gallagher, Esquire of Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware.

For Dentsply International Inc., Defendant: William D. Johnston, Esquire and Christian Douglas Wright, Esquire of Young, Conaway, Stargatt & Taylor, LLP, Wilmington, Delaware; Margaret M. Zwisler, Esquire, Eric J. McCarthy, Esquire, and Amanda P. Biles, Esquire of Latham & Watkins LLP, Washington, D.C., and Brian M. Addison, Esquire, of Dentsply International Inc., [*2] York, Pennsylvania.

For Patterson Dental Co., Defendant: William J. Wade, Esquire of Richards, Layton & Finger, Wilmington, Delaware.

For Pearson Dental Supply, Inc., Defendant: James J. Maron, Esquire, and Antionette Hubbard, Esquire of Maron Marvel Bradley & Anderson, P.A., Wilmington, Delaware.

**JUDGES:** Sue L Robinson, District Judge.

**OPINION BY:** Sue L Robinson

**OPINION**

**MEMORANDUM OPINION**

January 8, 2008

Wilmington, Delaware

**Sue L Robinson, District Judge**

**I. INTRODUCTION**

Pending before the court are several motions in two related cases. Plaintiffs Howard Hess Dental Laboratories, Inc. ("Hess") and Philip Guttierez d/b/a Dentures Plus ("Dentures Plus") filed an antitrust class action against Dentsply International, Inc. ("Dentsply") on April 21, 1999. *Hess Dental Laboratories, et. al v. Dentsply International Inc. ("Hess")*, Civ. No. 99-255 (D.I. 1). Hess subsequently became Jersey Dental Laboratories ("Jersey Dental") and, on April 24, 2001, the same plaintiffs filed an antitrust class action against Dentsply and twenty-six dental dealers. *Jersey Dental Laboratories f/k/a Howard Hess Dental Laboratories, Inc. and Philip Guttierez d/b/a Dentures Plus v. Dentsply et. al ("Jersey Dental")*, Civ. No. 01-267 (D.I. 1). The court [*3] has previously denied plaintiffs' motion for summary judgment in *Hess*. (Civ. No. 99-255, D.I. 271 [1]) By the same order, the court dismissed several of plaintiffs' counts in *Jersey Dental*. [2] (Id.)

---

1   Also found at Civ. No. 01-267, D.I. 315; *516 F.Supp.2d 324 (D. Del. 2007)*. For ease of reference, the court will refer to its opinion as docketed in *Hess*.

2   The remaining dealer defendants are: A. Leventhal & Sons, Inc.; Accubite Dental Lab, Inc.; Addium Dental Products; Benco Dental Company; Burkhart Dental Supply Company; Darby Dental Laboratory Supply Co., Inc.; Edentaldirect.com, Inc., as successor to Crutcher Dental,

Case 1:06-cv-00576-SLR   Document 151-2   Filed 08/26/2008   Page 4 of 7

Page 3
2008 U.S. Dist. LEXIS 1487, *; 2008-1 Trade Cas. (CCH) P76,056

Inc.; Hendon Dental Supply, Inc.; Henry Schein, Inc. and its affiliates, including, without limitation, Zahn Dental Co., Inc.; Jahn Dental Supply Company; Midway Dental Supply Inc.; Nashville Dental, Inc.; Patterson Dental Company, its subsidiaries, predecessors, successors, assigns, affiliates, and related companies; and Pearson Dental Supplies, Inc.. The court previously granted motions to dismiss filed by several non-Delaware dealer defendants and defendant Nowak Dental Supplies. (Civ. No. 01-267, D.I. 266, 274, 316)

Currently before the court is plaintiffs' motion to supplement [*4] the record in *Hess* and requesting that the court's most recent order be amended to reflect such supplementation. (Civ. No. 99-255, D.I. 274) In *Jersey Dental*, plaintiffs have moved for a certificate of appealability with respect to the dismissed claims and for a stay of proceedings during the pendency of any appeal. (Civ. No. 01-267, D.I. 318) For the following reasons, the court denies plaintiffs' motion to supplement the record in *Hess*. The court grants plaintiffs' motion requesting certification of the dismissed counts in *Jersey Dental*, and stays proceedings on plaintiffs' remaining claim pending any appeal.

## II. BACKGROUND

The procedural history of this action has been well documented in the court's prior opinions, and will be repeated here by way of summary. The *Hess* and *Jersey Dental* lawsuits are antitrust actions concerning a policy of Dentsply International Inc. ("Dentsply") called "Dealer Criterion 6," which was used by Dentsply, a leading manufacturer and distributor of dental products, to discourage dental dealers from carrying competitors' lines of artificial teeth. The first action to be filed concerning Dealer Criterion 6 was filed by the United States ("the [*5] government action") in 1999. (Civ. No. 99-005, D.I. 1) The result of this litigation was a judgment by the United States Court of Appeals for the Third Circuit that Dentsply violated *section 2 of the Sherman Act*;[3] this court entered injunctive relief in 2006 directing Dentsply to cease its use of Dealer Criterion 6 and other exclusionary practices. (*Id.*, D.I. 559)

    3  *United States v. Dentsply Int'l*, 399 F.3d 181 (3d Cir. 2005) ("*Dentsply*").

On April 21, 1999, plaintiffs filed their complaint in *Hess* in which only Dentsply was named as the defendant. (*Id.*, D.I. 1) Plaintiffs alleged conspiracy to restrain trade, restraint of trade, and three violations of *Section 2 of the Sherman Act*: monopolization (count II); attempt to monopolize (count III); and conspiracy to monopolize (count IV). (*Id.*) The only remaining of these claims is plaintiffs' count II monopolization claim. (*Id.*, D.I. 273) Plaintiffs sought both damages and injunctive relief for Dentsply's monopolization. (*Id.*, D.I. 1 at P 64)

The court previously granted Dentsply's motion for summary judgment in *Hess* on plaintiffs' damages claims, reasoning that plaintiffs did not have standing to pursue damages under *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S. Ct. 2061, 52 L. Ed. 2d 707 (1977) [*6] ("*Illinois Brick*"). Plaintiffs subsequently filed *Jersey Dental* against Dentsply and its dental dealers, alleging Sherman Act violations arising from the same exclusive dealing arrangement, and seeking both damages and injunctive relief. (Civ. No. 01-267, D.I. 1) The court, again, found that plaintiffs could not recover damages from Dentsply under *Illinois Brick*, and dismissed the damages portion of plaintiffs' claims against Dentsply. (*Id.*, D.I. 166,[4] 167)

    4  Found at *180 F.Supp.2d 541 (D. Del. 2001)*.

Plaintiffs thereafter moved to amend the complaint in *Jersey Dental* in an attempt to overcome some of these deficiencies. The proposed amended complaint alleged, *inter alia*, that defendants have engaged in a retail price-fixing conspiracy. (*Id.*, D.I. 170, exs. A & B) The court denied leave to amend, reasoning that plaintiffs' amended claims would not withstand a motion to dismiss. On a consolidated appeal, the Third Circuit affirmed the court's *Illinois Brick* rulings with one exception. See *Howard Hess Dental Labs. Inc. v. Dentsply Int'l*, 424 F.3d 363, 384 (3d Cir. 2005). Plaintiffs are not permitted to recover damages from Dentsply in *Hess* (*id. at 370-73*); plaintiffs can proceed under [*7] the co-conspirator exception of *Illinois Brick* to pursue an action for overcharge damages caused by the alleged vertical price-fixing conspiracy in *Jersey Dental*. *Id. at 378 & 384 n.19*.

Plaintiffs' response to the Third Circuit's decision was to file an amended complaint in *Jersey Dental* which not only contained price fixing claims (count I), but also included section 2 group boycott and conspiracy to monopolize claims (counts II-V). On September 23, 2007, the court dismissed the Section 2 claims. (Civ. No. 99-255, D.I. 271) The court found plaintiffs barred from recovering damages pursuant to *Illinois Brick* (counts II & IV), and that plaintiffs cannot establish that they are entitled to a second injunction against Dentsply for the same conduct currently enjoined by the government's injunction (counts III & V). (*Id.*)

Concurrently, the court denied plaintiffs' motion for summary judgment in *Hess*. Plaintiffs argued that the Third Circuit's prior opinion in *Dentsply* collaterally estopped Dentsply from contesting its liability for monopoly maintenance in *Hess*. The court disagreed, insofar as monopoly maintenance claims require the demonstration

Case 1:06-cv-00576-SLR    Document 151-2    Filed 08/26/2008    Page 5 of 7

Page 4
2008 U.S. Dist. LEXIS 1487, *; 2008-1 Trade Cas. (CCH) P76,056

of antitrust injury, whereas the prior litigated [*8] claims did not. (*Id.* at 13-16) Additionally, the court found that the record did not demonstrate why plaintiffs should be entitled to additional injunctive relief. [5] (*Id.* at 16-18)

> 5 The injunction granted in *Dentsply* is found at Civ. No. 99-005, D.I. 559.

On October 26, 2007, the parties stipulated to the dismissal of plaintiffs' remaining section 2 claims that were not the subject of plaintiffs' summary judgment motion. (Civ. No. 99-255, D.I. 273) Plaintiffs now move the court to supplement the record in *Hess* to provide information regarding its purported injuries (and to amend its prior summary judgment order to reflect such supplementation). (*Id.*, D.I. 274) Plaintiffs do not submit any additional evidence regarding their purported entitlement to additional injunctive relief, directing the court to its previous arguments of record. (*Id.*, D.I. 275 at 7 & n.4, citing D.I. 257 at 22-23) Plaintiffs "do not expect that the original determination in the [court's memorandum opinion] will be reversed" by any of its supplemental evidence, but seek to ripen the case for purposes of a consolidated appeal. (*Id.* at 8) Plaintiffs also move to certify the court's order dismissing its exclusive dealing [*9] claims in *Jersey Dental* for purposes of appeal. (Civ. No. 01-267, D.I. 318)

## III. LEGAL STANDARDS

### A. Motion for Reconsideration

Plaintiffs seek to introduce factual evidence of antitrust injury not before the court on summary judgment. Though captioned a "motion to supplement," plaintiffs' motion is more appropriately considered as a motion to reconsider the court's summary judgment opinion in view of this additional evidence.

[HN1] Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under *Federal Rule of Civil Procedure 59(e)*. See *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under *Rule 59(e)* is difficult for a movant to meet, and motions for reconsideration or reargument "shall be sparingly granted," D. Del. LR 7.1.5 (effective June 30, 2007). The purpose of such motions is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may only alter or amend its judgment if the movant [*10] demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See *id.* A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, see *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993), and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided," *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reconsideration, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (citations omitted).

### B. Certification as a Final Judgment

[HN2] *Rule 54(b)* states, in pertinent part:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than [*11] all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

*Fed. R. Civ. P. 54(b)*. Although the decision whether to certify as a final judgment rests in the discretion of the trial court, see *Sears. Roebuck & Co. v. Mackey*, 351 U.S. 427, 437, 76 S. Ct. 895, 100 L. Ed. 1297 (1956), the Supreme Court in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980), suggested two relevant factors a trial court should consider in deciding whether there is just reason for delay: (1) judicial administrative interests; and (2) the equities of the parties involved, see *id.* at 8. Consideration of judicial administration counsels against piecemeal review that would force appellate courts to decide the same issues on subsequent appeal. See *id.*

## IV. DISCUSSION

### A. Plaintiff's Motion to Supplement in *Hess*

By letter dated September 1, 2006, plaintiffs' counsel informed the court that the parties had agreed to proceed in *Hess* by briefing plaintiffs' proposed motion for summary judgment, which motion ultimately requested an injunction and related relief, "based on the fact that, in the government's case [*Dentsply*], Dentsply ha[d] already [*12] been found liable for the violation alleged by the *Hess* plaintiffs. See *New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 86 (2d Cir. 2000) (affirming sum-

Case 1:06-cv-00576-SLR   Document 151-2   Filed 08/26/2008   Page 6 of 7

Page 5

2008 U.S. Dist. LEXIS 1487, *; 2008-1 Trade Cas. (CCH) P76,056

mary judgment establishing defendant's antitrust liability, based on collateral estoppel)." (Civ. No. 99-255, D.I. 252) No discovery was taken; the record was limited to that reviewed by the Third Circuit in *Dentsply*.

The court denied plaintiffs' motion, in part because plaintiffs had not adequately explained why the government's injunction was insufficient to prevent Dentsply from engaging in anti-competitive practices. In its decision, the court observed that plaintiffs had only alleged that they were "threatened with loss or injury proximately resulting from the recurrence of Dentsply's exclusive dealing/monopoly maintenance" without pointing to any evidence of such in the record. (Civ. No. 99-255, D.I. 271 at 16-18) In response, plaintiffs filed the instant motion to supplement the record with the expert report of Dr. Raymond S. Hartman, who opined that the "but-for" prices of Dentsply teeth would have been "34% to 53% lower" absent Dentsply's exclusive dealing practices during the period of 1987-1999. In total, Dr. Hartman [*13] calculated that, as a result of the artificial price increase resulting from Dentsply's exclusive dealing policy, the class-wide overcharges during this period "range from $ 225 million to $ 351 million," depending on what "but-for" scenario were applied. (Civ. No. 99-255, D.I. 277 at A6, A42-53 (P 10(g), P 43))

At this juncture, the Third Circuit has held that plaintiffs are not entitled to money damages (based on *Illinois Brick*) and this court has opined that plaintiffs have failed to demonstrate either that Dentsply is likely to further engage (either during or after the injunction imposed in *Dentsply*) in the anti-competitive conduct that is the subject of these related lawsuits or that plaintiffs would be specifically injured if Dentsply did so engage. [6] While the evidence plaintiffs propose to add to the record could be relevant to their cause of action had they demonstrated that Dentsply is likely to re-engage in the violative conduct, it is irrelevant to the case as litigated by plaintiffs. Therefore, the motion to supplement is denied. As a consequence, there do not appear to be any further issues to resolve in this case. Nevertheless, the parties, through their litigation strategies, [*14] have made it awkward procedurally to close the case for purposes of appellate review, Dentsply having failed to file either a motion to dismiss or a motion for summary judgment. Accordingly, the court will order the parties to either enter a stipulation or, if they are unable to come to agreement, to both submit proposed orders to accomplish closure of *Hess*, either through dismissal or through the entry of judgment.

6   In other words, plaintiffs failed to prove their entitlement to additional injunctive relief.

**B. Plaintiff's Motion Requesting Certification of the Court's Order Dismissing Counts II-V in *Jersey Dental***

The dismissed claims of *Hess* and *Jersey Dental* involve the same exclusive dealing allegations. The procedural history of the cases is intertwined. Moreover, the court addressed plaintiffs' summary judgment motion on its exclusive dealing allegations in *Hess* in the same memorandum opinion as defendants' motions to dismiss the exclusive dealing claims in *Jersey Dental;* the Third Circuit will review the court's consolidated opinion.

Defendants premise their opposition to a consolidated appeal on the fact that they intend to file a motion to dismiss plaintiffs' remaining price fixing [*15] claim (count I), rendering appellate review of the section 2 exclusive dealing claims premature. (Civ. No. 01-267, D.I. 323 at 6, 9-15) Even assuming this to be the case, the issue presented in count I -- whether plaintiffs have adequately pled their price fixing claim in view of the Supreme Court's recent precendent [7] -- would not require an appellate panel to delve deeply into the history and/or disposition of the exclusive dealing counts. Having considered defendants' arguments, and finding them unpersuasive in this regard, the court finds no just reason to delay plaintiffs' appeal of the dismissals of counts II-V. [8]

7   Defendants assert that the Court's decisions in *Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)*, and *Leegin Creative Leather Products, Inc. v. PSKS, Inc., 127 S.Ct. 2705, 168 L. Ed. 2d 623 (2007)*, "dramatically altered the requirements for pleading a vertical resale price maintenance claim." (D.I. 323 at 10)
8   Having found the entry of final judgment appropriate under *Rule 54(b)*, the court need not address the parties' arguments under *28 U.S.C. § 1292(b)*.

**V. CONCLUSION**

For the aforementioned reasons, the court denies plaintiffs' motion to supplement the record in *Hess*. The court grants [*16] plaintiffs' motion requesting certification of the dismissal of counts II-V in *Jersey Dental*. Proceedings on count I will be stayed pending any appeal. An appropriate order shall issue.

**ORDER**

At Wilmington this 8th day of January 2008, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

Case 1:06-cv-00576-SLR   Document 151-2   Filed 08/26/2008   Page 7 of 7

Page 6

2008 U.S. Dist. LEXIS 1487, *; 2008-1 Trade Cas. (CCH) P76,056

1. Plaintiffs' motion to supplement the record in *Hess* (Civ. No. 99-255, D.I. 274) is denied.

2. Plaintiffs' motion for a certificate of appealability and for a stay of proceedings during the pendancy of any appeal in *Jersey Dental* (Civ. No. 01-267, D.I. 318) is granted.

3. On or before January 31, 2008, the parties shall submit either a stipulation or competing orders in *Hess* and *Jersey Dental* in order to accommodate a consolidated appeal.

/s/ Sue L Robinson

United States District Judge.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | C.A. No. 06-576-SLR |
| Plaintiff, | |
| v. | JURY TRIAL REQUESTED |
| COMMISSIONER STANLEY TAYLOR, et al., | |
| Defendants. | |

**ORDER**

UPON CONSIDERATION of Plaintiff's Motion for Discovery (DI 149) and any responses thereto, IT IS HEREBY ORDERED this ____ day of _____, 2008, that said motion is DENIED.

_____
Judge

{DE115514.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C. A. No. 06-576-SLR |
| | : |
| COMMISSIONER STAN TAYLOR, | : |
| WARDEN THOMAS CARROLL, and | : |
| MEDICAL DIRECTOR JAMES WELCH, | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, **Eileen M. Ford, Esquire**, hereby certify that on <u>**August 26, 2008,**</u> I electronically filed **<u>Defendants Ihuoma Chuks, Frederick VanDusen, M.D., John Durst, M.D., and Correctional Medical Services, Inc.'s Response to Plaintiff's Motion for Discovery</u>** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following: Catherine Damavandi, Esquire I have served via first class mail two copies of the foregoing to the Pro Se Plaintiff:

Inmate Dale Otis Palmer, *Pro Se*
SBI #175330
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977
Via First Class US Mail

　　　　　　　　　　　　　　　　　　　　　　*/s/ Eileen M.Ford*
　　　　　　　　　　　　　　　　　　　　　Eileen M. Ford, Esquire (ID No. 2870)
　　　　　　　　　　　　　　　　　　　　　Marks, O'Neill, O'Brien & Courtney, P.C.
　　　　　　　　　　　　　　　　　　　　　913 North Market Street, #800
　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
Date: August 26, 2008　　　　　　　　　　　*Attorney for Defendants*

{DE115511.1}