IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-576-SLR |
| | ) |
| COMMISSIONER STAN TAYLOR, et al., | ) |
| | ) |
|     Defendants. | ) |

**CERTIFICATION**

I, Nancy Rebeschini, Esquire, pro se law clerk, and designated officer for depositions upon written questions held before me on August 22, 2008, do here by certify that:

    1. The deposition of Thomas Carroll was held on August 22, 2008, at 10:00 a.m., at the J. Caleb Boggs Federal Building, Wilmington, Delaware.

    2. On that same date, Thomas Carroll declared before me, an individual authorized to administer oaths, that his written answers were true and correct.

    3. I read aloud each and every deposition question submitted by plaintiff, Dale Otis Palmer, for deponent, Thomas Carroll.

    4. I personally observed deponent, Thomas Carroll, answer in writing, the deposition questions.

    5. A true and correct copy of the written questions filed by plaintiff, the original written answers of deponent, and written original objections made by his counsel are attached hereto and are filed with the court, and copies shall be served upon the parties and the deponents.

I, Nancy Rebeschini, certify under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of September, 2008.

                                                                       _____
Nancy Rebeschini, Esquire, Designated Officer

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2008, I caused to be electronically filed the attached Certification with the Clerk of the Court using CM/ECF, which will send notification of such filing to Catherine C. Damavandi and Eileen M. Ford, Esquires, counsel for defendants. I further certify I caused a true and correct copy of the attached Certification to be served via U.S. mail on plaintiff, Dale Otis Palmer, SBI #175330, James To Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

*Nancy Rebeschini*
Nancy Rebeschini, Esquire, Designated Officer

FILED JUN 26 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

(122)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,
    Plaintiff,
v.
COMMISSIONER STAN TAYLOR;
    et al defendants.

Civil Action 06-576-SLR

JURY TRIAL DEMAND

PLAINTIFF DEPOSITIONS DIRECTED TO DEFENDANT THOMAS CARROLL PURSUANT TO FED. R. CIV. P. 31

Pursuant to the Court order of June/12/2008 the Plaintiff hereby files this deposition upon written questions upon the above named defendant THOMAS CARROLL.

(1) When an inmate has been diagnosed with an infectious disease and is experiencing inadequate treatment, wouldn't the wardens office be the right personnel for appropriate action.

(2) Since leaving D.C.C. we are told that you are still employed by the Department Of Corrections so what job title do you now have.

(3) While employed as warden at D.C.C. what was the policy in regards to treatments and access to treatment for infectious diseases.

(4) Since you stated that you never recieved any letter from the plaintiff, who would be responsible after the mail was placed in the mail box.

(5) As warden were you ever concerned enoogth to monitor or communicate with inmates who were diagnosed with an infectious diseases.

(6) Unsafe meaning infectious and tragic meaning life threatening. Can you state why the plaintiff wasnt and isnt being given the

(1)

chance to prevent both.

(7) My civil action was filed while you were warden- and involved inadequate medical treatment - denial of treatment aswell as A violation of the eighth amendment. I did everything in my control except protest, I wrote you A few letters so why would you direct all medical questions and concerns to medical personnel.

(8) As Warden didn't you have A responsibility to provide medical services to me and to ensure that C.M.S. wasn't violating my constitutional rights.

(9) As warden, did you ever recieve information or statistics about hepatitis within the Delaware Correctional Center or the dangers it posses.

(10) I understand that you are not a medical proffessional but you do know how serious Hepatitis is and yet you relied still on C.M.S. even up untill your departure as warden, am I correct.

(11) Since being notified of the Current civil action have you made any effort to assist or correct the plaintiff medical situation.

(12) Although I may never be cured now there are still treatments that could be provided, do you know of A way I can get that treatment.

(13) Previously you stated that I have recieved adequate medical treatment, please state the exact treatment I've recieved for Hepatitis B and C.

(14) If A letter is addressed to you and only you concerning medical treatment or mistreatment why would you forward it to someone else.

(15) Have you know about Correctional medical services legal problems in other prisons involving deliberate indifference to serious medical needs in the Michigan Department of Corrections.

This 18 Day of June 2008       AS TO DEPOSITIONS ONLY

(2)

Dale Palmer
DALE OTES PALMER 175336
DCC 1181 Paddock Rd
Smyrna, Del. 19977

Dale Otis Palmer

Case 1:06-cv-00576-SLR   Document 153   Filed 09/04/2008   Page 6 of 12

Thomas L. Carroll          8/22/08          
THOMAS L. CARROLL

1. The question indicates that inadequate treatment is being received. I am not a medical expert and/or am unable to respond to question of inadequate medical treatment.

2. My title is Deputy Commissioner.

3. I am not a medical expert and lack sufficient knowledge to respond to this question.

4. This question is overly broad. I am unclear as to what is meant by "responsible".

5. The question is overly broad as the term "communicate with" is too non-specific.

6. I do not understand the question.

7. I do not recall receiving any letters from the plaintiff.

Thomas L. Carroll                                    (#2)

8. Medical services are provided by the contracted medical provider for the Department of Correction. I am not a trained medical provider. The question also draws a conclusion that there has been a violation of constitutional rights. This is a matter in dispute in this litigation.

9. I am not a trained medical professional. While I am generally aware of the medical issues associated with Hepatitis, I lack specific training as to infectious disease.

10. The entity responsible for the delivery of inmate health care is the contracted medical provider for the Department of Correction. I am not a trained medical professional.

11. The question is vague and overly broad. I do not understand what is meant by "to ensure" or correct the plaintiff medical situation."

12. I lack sufficient information to respond to the question. Additionally, the question is overly broad and non-specific.

(TLC)  8/29/08

#3

Thomas L. Carroll

13. I have no recollection of stating that you have received "adequate medical treatment"; I am not a medical expert and cannot provide any information regarding medical treatment.

14. I do not recall receiving any letter from the plaintiff. Letters are forwarded to appropriate area for action.

15. The question is vague and I do not understand what is being asked.

Thomas L. Carroll
8/22/08

PALMER v. TAYLOR
WRITTEN DEPOSITION - TOM CARROLL
CATHERINE DAMAVANDI, DAG, REPRESENTING TOM CARROLL

8/22/08
PAGE 1 OF 2

1. OBJECTION - FORM OF QUESTION.

2.

3. OBJECTION - FORM OF QUESTION.

4. OBJECTION - FORM OF QUESTION.

5. OBJECTION - FORM OF QUESTION.

6. OBJECTION - FORM OF QUESTION.

7. OBJECTION - FORM OF QUESTION.

8. OBJECTION - FORM OF QUESTION.

9.

10. OBJECTION - FORM OF QUESTION.

11.

12.

13. OBJECTION - FORM OF QUESTION.

14.

PALMER v. TAYLOR: TOM CARROLL, DEPONENT    8/22/08
                                          PAGE 2 OF 2

15. OBJECTION - FORM OF QUESTION.

*Catherine Damavandi*
CATHERINE DAMAVANDI, ESQ.
ID # 3823
DELAWARE DEPT. OF JUSTICE
820 N. FRENCH ST., 6TH FLOOR
WILMINGTON, DE 19801

Eileen M. Ford, Esq. (pg 1)

Thomas
Carroll - Dep    8/22/08

EMF ① Objection as to form. Additionally, This question is vague and overly broad and not designed to lead to the discovery of admissible evidence @ trial.

EMF ②

EMF ③ Objection as to form. Additionally, This question is vague + overly broad and not designed to lead to the discovery of admissible evidence @ trial

EMF ④

EMF ⑤

⑥ Objection as to form. Assumes facts not in evidence. Additionally, This question is vague and confusing and is not designed to lead to the discovery of admissible evidence @ trial.

EMF ⑦ Objection as to form. Assumes facts not in evidence.

Eileen M. Ford, Esq Pg 2

EMF (8) Objection as to form. Assumes facts not in evidence. Contains conclusions of law.

EMF (9)

EMF (10) Objection as to form. Assumes facts not in evidence.

EMF (11) Objection as to form. Assumes facts not in evidence. Additionally is overly broad & vague.

EMF (12) Objection as to form. Seeks ~~out~~ opinion of a medical expert.

EMF (13) Objection as to form. Lacks foundation and contains an inquiry into over 700+ pages of medical records. The question is vague and overly broad.

EMF (14)

EMF (15) Objection as to form. Lacks foundation and contains facts not in evidence.

Eileen Esq