IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-576-SLR |
| ) | |
| COMMISSIONER STAN TAYLOR, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATION

I, Nancy Rebeschini, Esquire, pro se law clerk, and designated officer for depositions upon written questions held before me on August 22, 2008, do here by certify that:

1. The deposition of James Welch was held on August 22, 2008, at 10:00 a.m., at the J. Caleb Boggs Federal Building, Wilmington, Delaware.

2. On that same date, James Welch declared before me, an individual authorized to administer oaths, that his written answers were true and correct.

3. I read aloud each and every deposition question submitted by plaintiff, Dale Otis Palmer, for deponent, James Welch.

4. I personally observed deponent, James Welch, answer in writing, the deposition questions.

5. A true and correct copy of the written questions filed by plaintiff, the original written answers of deponent, and written original objections made by his counsel are attached hereto and are filed with the court, and copies shall be served upon the parties and the deponents.

I, Nancy Rebeschini, certify under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of September, 2008.

                                              */s/ Nancy Rebeschini*
                                              Nancy Rebeschini, Esquire, Designated Officer

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2008, I caused to be electronically filed the attached Certification with the Clerk of the Court using CM/ECF, which will send notification of such filing to Catherine C. Damavandi and Eileen M. Ford, Esquires, counsel for defendants. I further certify I caused a true and correct copy of the attached Certification to be served via U.S. mail on plaintiff, Dale Otis Palmer, SBI #175330, James To Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

*Nancy Rebeschini*
Nancy Rebeschini, Esquire, Designated Officer

(123)


FILED
JUN 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,
          Plaintiff,
     v.
COMMISSIONER: STAN TAYLOR,
     et al, Defendants.

Civil Action 06-576-SLR

JURY TRIAL DEMAND

PLAINTIFF DEPOSITIONS DIRECTED TO DEFENDANT JAMES WELCH PURSUANT TO FED. R. CIV. P. 31

Pursuant to the courts order filed June 12, 2008 the plaintiff hereby files this deposition upon written questions upon the above named defendant, James Welch.

(1) In what way are you the director of health care service at the department of Corrections. (D.O.C.)

(2) When overseein the contract between the D.O.C. and the medical provider what job duties do you perform.

(3) You are A RN hired by the department of Corrections yet you do not assist in providing treatment to inmates nor do you respond to inmate letters, so what do you do to help those of us incarcerated.

(4) How can your role include oversight of health care to inmates if you are turning over all inmate complaints regarding medical problems to the same medical vendor that is providing inadequate treatment.

(5) You stated in your interrogatories that have replied to inmate letters but if it concerns A medical issue you forward it to the vender can you tell me for what other reason would A inmate write you.

(6) Since you oversee the contract with the D.O.C. and C.M.S. please state what you believe is reasonable medical treatment

1)

(7) Once you were served with a copy of the complaint did you investigate or perform any of your obligation to make sure the plaintiff recieved medical care.

(8) On page (6) of the 82 point agreement between the Department of justice and the State of Delaware at (1) (2) (3) (4) in what way have those general provisions become standards. so that serious medical and mental Health needs being addressed.

(9) In what way has the state developed policies and procedures involving Communicable disease screening, sick-call, Chronic disease management, acute care and infection control.

(10). What exactly are you doing to make sure that the plaintiff will recieve medical treatment for his infectious disease.

(11) When oR if you are ever here at D.C.C. what do you do.

(12) I had a Exray appointment at 7:30 am and never got to see the tecnician until 10:30 and more than 30 people were waiting aswell, is that the new policy talked about in the 82 point agreement.

(13) Does your private lifestyle have any effect on how you view inmate medical issues.

(14) As overseer of the States Contract with C.M.S. can you say for sure that the state has developed and implemented a written chronic care disease management program which provides inmates with Chronic illnesses with appropriate diagnosis, treatment, monitoring and continuity of care and if so in what way.

(15) Has the state developed policies and procedures to ensure that inmates with Hepatitis A and B, vaccines are offered. Because, even though I have requested the Vaccines more than 10 months ago I haven't recieved them.

AS TO DEPOSITIONS ONLY

Dale Palmer #175330
DALE OTIS PALMER
DCC 1181 Paddock Rd.
Smyrna, Del. 19977

THIS 18 DAY OF June 2008

(2)

Dale Otis Palmer

Eileen Ford
Esq

Pg 1

James Welch    8/22/08

EnF ①

EnF ②

EnF ③ Objection as to form. Assumes facts not in evidence

EnF ④ Objection as to form. Assumes facts not in evidence.

EnF ⑤ Objection as to form. Speculation as to why inmates would write deponent.

EnF ⑥ Objection as to form. Seeks expert medical opinion.

EnF ⑦ Objection as to form. Assumes facts not in evidence

EnF ⑧ Objection as to form. Document referenced not provided to deponent

Eileen M. Ford
Esquire                     Pg 2

EMF (9) Objection as to form. Compound question, confusing, overly broad information. Additionally not designed to lead to discovery of admissible evidence.

EMF (10) Objection as to form. Assumes facts not in evidence.

EMF (11)

EMF (12) Objection as to form. Vague, no date referenced. Not designed to lead to discovery of admissible evidence. Relevance

EMF (13) Objection as to form. Relevance.

EMF (14) Objection as to form. Compound question. Vague, Overly broad. Assumes facts not in evidence.

EMF (15) Objection as to form. Assumes facts not in evidence.

Eilee Ford
Esq

JAMES C. WELCH                                                                8/22/08

1- I AM EMPLOYED BY THE DEPARTMENT OF CORRECTIONS AS THE DIRECTOR OF THE OFFICE OF HEALTH SERVICES

2. I REVIEW THE INFORMATION PROVIDED BY THE VENDOR

3. I OVERSEE THE MEDICAL VENDOR CONTRACT

4. I SEND REQUESTS FOR MEDICAL TREATMENT TO THE MEDICAL VENDOR

5. I RECEIVE CORRESPONDENCE ON MEDICAL AND SUBSTANCE ABUSE ISSUES.

6. I AM NOT A PHYSICIAN.

7. I SEND LETTERS TO THE MEDICAL VENDOR

8. I DO NOT HAVE THE DOCUMENT IN FRONT OF ME. TO BE ABLE TO RESPOND

9. WE DEVELOP POLICIES IN A JOINT WAY.

10. I SEND ALL MEDICAL ISSUES TO THE MEDICAL VENDOR.

11. I VISIT THE MEDICAL AREA.

12. I AM NOT FAMILIAR WITH THE SITUATION YOU DESCRIBE.

13. NO.



JAMES CWEWH

14. I OVERSEE THE CONTRACT WITH THE VENDOR WHO PROVIDES MEDICAL CARE.

15. THE STATE HAS DEVELOPED POLICIES.

*[signature]* 8/22/08

PALMER v. TAYLOR                                        8/22/08
WRITTEN DEPOSITION - JAMES WELCH                        1 OF 2
CATHERINE DAMAVANDI, DAG, REPRESENTING DEPONENT

1. OBJECTION - FORM OF QUESTION.

2.

3. OBJECTION - FORM OF QUESTION.

4. OBJECTION - FORM OF QUESTION.

5. OBJECTION - FORM OF QUESTION.

6. OBJECTION - FORM OF QUESTION; SEEKS/IMPLIES A LEGAL ARGUMENT, AND EXPERT TESTIMONY.

7. OBJECTION - FORM OF QUESTION; SEEKS/IMPLIES A LEGAL ARGUMENT, AND EXPERT TESTIMONY.

8. OBJECTION - FORM OF QUESTION; DOCUMENT HAS NOT BEEN PROVIDED TO DEPONENT.

9. OBJECTION - FORM OF QUESTION.

10.

11.

12. OBJECTION - FORM OF QUESTION.

PALMER v. TAYLOR - JAMES WELCH, DEPONENT     8/22/08
                                             2 OF 2

13.

14. OBJECTION - FORM OF QUESTION; SEEKS EXPERT MEDICAL TESTIMONY AS WELL.

15. OBJECTION - FORM OF QUESTION.

*Catherine Damavandi*
CATHERINE DAMAVANDI, ESQ.
ID # 3823
DELAWARE DEPT. OF JUSTICE
820 N. FRENCH ST., 6TH FL.
WILMINGTON, DE 19801

AUG. 22, 2008