IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-576-SLR |
| | ) |
| COMMISSIONER STAN TAYLOR, et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATION**

I, Nancy Rebeschini, Esquire, pro se law clerk, and designated officer for depositions upon written questions held before me on August 22, 2008, do here by certify that:

1. The deposition of Ihuoma Chuks was held on August 22, 2008, at 10:00 a.m., at the J. Caleb Boggs Federal Building, Wilmington, Delaware.

2. On that same date, Ihuoma Chuks declared before me, an individual authorized to administer oaths, that his written answers were true and correct.

3. I read aloud each and every deposition question submitted by plaintiff, Dale Otis Palmer, for deponent, Ihuoma Chuks.

4. I personally observed deponent, Ihuoma Chuks, answer in writing, the deposition questions.

5. A true and correct copy of the written questions filed by plaintiff, the original written answers of deponent, and written original objections made by his counsel are attached hereto and are filed with the court, and copies shall be served upon the parties and the deponents.

I, Nancy Rebeschini, certify under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of September, 2008.

_____
Nancy Rebeschini, Esquire, Designated Officer

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2008, I caused to be electronically filed the attached Certification with the Clerk of the Court using CM/ECF, which will send notification of such filing to Catherine C. Damavandi and Eileen M. Ford, Esquires, counsel for defendants. I further certify I caused a true and correct copy of the attached Certification to be served via U.S. mail on plaintiff, Dale Otis Palmer, SBI #175330, James To Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

*Nancy Rebeschini*
Nancy Rebeschini, Esquire, Designated Officer

FILED
JUN 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(124)

DALE OTIS PALMER,
    Plaintiff,
V,
COMMISSIONER: STAN TAYLOR,
    et al   Defendants.

Civil Action 06-576-SLP

JURY TRIAL DEMAND

---

PLAINTIFF DEPOSITIONS DIRECTED TO DEFENDANT IHUOMA CHUKS PURSUANT TO FED. R. Civ. P. 31

Pursuant to the Courts order of June/12/2008 the plaintiff hereby files this deposition upon written questions upon the above named defendant, IHUOMA CHUKS.

(1). At any time did you evaluate and establish any form of a treatment for the Plaintiff Chronic Care.

(2). After blood tests determined the plaintiff has Hepatitis B and C did you order inoculation for H.B.V.

(3) After tests results came back possitive for Hepatitis - Did you ever consult with the plaintiff explaining the disease.

(4). If you are not an expert in infectious disease, Why did you see me for Chronic Care after I filed sickcalls pertaining to my Chronic Care issues.

(5). Have you ever performed duties as head nurse under the title of RN or LPN which required Medicating Inmates without a Doctor on-site.

(6). Have you ever recieved training from Correctional Medical services in disease control or prevention.

(7). Since ALT levels can remain normal (Alanine Aminotransferase)

(1)

And new evidence is being established about the infections why did you respond to the plaintiff request for treatment in disbelief by denying his request for Inoculations.

(8). Did any of the tests that you ordered for the plaintiff detect Anti-HCV and if so did they distinguish between acute chronic, or resolved infection.

(9). Can you explain exactly what must be done in order to make A determination if the plaintiff has liver disease - Cirrhosis or end stage damage.

(10). Because the plaintiff illness has been documented prior to the filing of this Civil Action and established more than 20 years ago why didn't you refer the plaintiff to counseling and services, and implementation and maintenance of infection control practices.

(11). Do you agree that because you are not A disease specialist, you should not have seen the plaintiff for Chronic Care or ordered consultations and blood tests.

(12). Have you discussed this Civil Action with any friends or employee of Correctional Medical Services.

(13). Have you ever prescribed any medications to the plaintiff that would be harmful including over the counter medications, without obtaining consent from A doctor.

(14). In your diagnosis of the plaintiff chronic care who was the Licensed physician that authorized -supervised or Collaborated with you and helped you reach the decision not to provide or order treatment.

(15) The plaintiff has sought for 2 years the results of his Genotype have you ever obtained that information prior to denying him treatment.

This 18 Day of June 2008

As to Depositions only

Dale Palmer 175330
DALE OTIS PALMER
DCC 1181 Paddock Rd
Smyrna, Del. 19977

Dale Otis Palmer

## Certificate of Service

I, _DALE OTIS PALMER_, hereby certify that I have served a true and correct cop(ies) of the attached: _written Depositions Fed. R. Civ. P. 31 (2) copies_ upon the following parties/person (s):

TO: _United States District Court_           TO: _____
_844 N. King St_                              _____
_LockBox #18_                                 _____
_Wilmington, Del._                            _____
_19801_                                       _____

TO: _4 Deposition_                            TO: _____
_60 questions_                                _____
_4 Defendants_                                _____
_____                               _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _18_ day of _June_, 2008

_Dale Otis Palmer_

Page #1

IHUOMA CHUKS                     8/22/08

1. Counsel Objected — Yes, date in the medical record.

2. Counsel Objected — I do not recall because it had already been ordered prior to the time I saw patient.

3. Counsel Objected — I do not recall the time in question.

4. Counsel Objected — I do not recall receiving or reviewing any sick call filed by the patient pertaining to his chronic care in question. I see other I/m with chronic diseases and refer ones with Hepatitis and HIV to the Specialist.

5. Counsel Objected — No, since employed by CMS as a Nurse Practitioner.

6. Counsel Objected — Yes, and I also attend conferences and read health journals to obtain CEUs to keep my licence active, I also do these to keep up to date on new development in health care.

7. Counsel Objected — I do not recall this incident.

IHUOMA CHUKS  8/22/08

8. Counsel objected: I'm not an expert in the disease and I do not recall ordering the tests in question.

9. Counsel objected: To the best of my knowledge this can be determined by performing liver biopsy. & it is not within my scope of practice to order the biopsy.

10. Counsel objected: P/m was already being seen by the Infectious disease MD.

11. Counsel objected: I disagree because P/m had other chronic care problem that I was expected/able to manage and make referral to Infectious disease MD for hepatitis problem.

12. Counsel Objected - No

13. Counsel objected - I have not prescribed any harmful medications to the plantiff.

14. Counsel objected: I collaborated c on-site physician when caring for my patients but there has never been a time I have been informed or advised not to, or prescribed medications necessary for patients' well being.

Page 3

IHUOMA CHUKS                              8/28/08

15. Counsel objected — I do not recall.

　　　　　　　　　　　　　　　　　　　Ihuoma Chuks
　　　　　　　　　　　　　　　　　　　8/28/08

Iheoma Chuks     8/22/08

ENF 1) Objection as form. Not contain time and date reference. Go ahead + answer

ENF 2) Objection as form. Contains facts not in evidence. Does not contain a time period involved. Go ahead and answer.

ENF 3) Objection as form. Does not contain a time reference involved. Go ahead and answer.

ENF 4) Objection as to form. Argumentative, vague, confusing, does not contain time reference involved. Go ahead and answer.

ENF 5) Objection as to form. Assumes facts not in evidence. Go ahead + answer

ENF 6) Objection as to form. Relevance. Go ahead and answer

ENF 7) Objection as to form. Contains facts not in evidence. Contains Plaintiff's medical opinion. Go ahead + answer

Ihuoma Chuks
8/22/08

Esther Ford Esq

P5
2

EMF 8) Objection as to form. Compound question. Seeks medical expert opinion. Documents have not been provided by Plantiff so witness would not know if test result he is referring. Go ahead + answer

EMF 9) Objection as to form. Seek expert medical opinion. Go ahead and answer, if able.

EMF 10) Objection as to form. Contains facts not in evidence

EMF 11) Objection as to form. Argumentative. Assumes facts not in evidence Go ahead + answer

EMF 12) Objection as to form. Relevance. Go ahead + answer

EMF 13) Objection as to form. Does not contain reference as to time + place. Go ahead + answer

EMF 14) Objection as to form. Assumes facts not in evidence. Go ahead + answer. To extent medical records contain names of doctors involved in treatment, they

Pg 3

Ihuoma Chuks, 8/22

Enf 15) Objection as to form. Assumes facts not in evidence. Go ahead + answer.

Eileen M. Ford
Esquire