IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE OTIS PALMER, )<br>)<br>Plaintiff, )<br>)<br>v. ) Civ. No. 06-576-SLR<br>)<br>COMMISSIONER STAN TAYLOR, )<br>et al., )<br>)<br>Defendants. ) | |

**CERTIFICATION**

I, Nancy Rebeschini, Esquire, pro se law clerk, and designated officer for depositions upon written questions held before me on August 22, 2008, do here by certify that:

1. The deposition of Frederic VanDusen, M.D., was held on August 22, 2008, at 10:00 a.m., at the J. Caleb Boggs Federal Building, Wilmington, Delaware.

2. On that same date, Frederic VanDusen, M.D., declared before me, an individual authorized to administer oaths, that his written answers were true and correct.

3. I read aloud each and every deposition question submitted by plaintiff, Dale Otis Palmer, for deponent, Frederic VanDusen, M.D.

4. I personally observed deponent, Frederic VanDusen, M.D., answer in writing, the deposition questions.

5. A true and correct copy of the written questions filed by plaintiff, the original written answers of deponent, and written original objections made by his counsel are attached hereto and are filed with the court, and copies shall be served upon the parties and the deponents.

I, Nancy Rebeschini, certify under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of September, 2008.

*Nancy Rebeschini*
Nancy Rebeschini, Esquire, Designated Officer

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2008, I caused to be electronically filed the attached Certification with the Clerk of the Court using CM/ECF, which will send notification of such filing to Catherine C. Damavandi and Eileen M. Ford, Esquires, counsel for defendants. I further certify I caused a true and correct copy of the attached Certification to be served via U.S. mail on plaintiff, Dale Otis Palmer, SBI #175330, James To Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

*Nancy Rebeschini*
Nancy Rebeschini, Esquire, Designated Officer

FILED
JUN 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(12)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DALE OTIS PALMER,
　　　Plaintiff,

V.

COMMISSIONER: STAN TAYLOR,
　et al　Defendants.

Civil Action 06-576-SLR

JURY TRIAL DEMAND

### PLAINTIFF DEPOSITIONS DIRECTED TO DEFENDANT FREDERICK VANDUSEN - PURSUANT TO FED. R. Civ. P. 31

Pursuant to the Court's Order of June/12/2008 the plaintiff hereby files this deposition upon written questions upon the above named defendant, FREDERICK VANDUSEN.

(1). If you are a doctor of Osteopath and board certified in family medicine But not an Infectious Disease Doctor, what doctrine did you follow in treating the plaintiff who is diagnosed with Hepatitis.

(2). Why are you no longer employed here at the Delaware Correctional Center.

(3). If you are not an infectious disease doctor and do not treat Hepatitis patients, why did you control my chronic care follow-ups and Lab results to the point that the plaintiff had to rely on your judgment and determinations.

(4). Because you are not an infectious Disease doctor your diagnosis in preventing the plaintiff from recieving treatments for Hepatitis could be misleading and damaging to the plaintiff health (don't you agree).

(5). During our last visit/appointment together you would not order Inoculations for Hepatitis A or B even though the Lab tests did

(1)

indicate exposure. Where your actions the result of this civil action against you.

(6). Who other than your attorney have you discussed this civil action with.

(7). What is the meaning of Hepatitis A, AB Total, HbcAB, HbsAb and Hepatitis C Ab, and I ask this because you said in your interrogatories that you monitored my lab test - so you should know.

(8). Of the many inmates incarcerated here at the Delaware Correctional Center with one or more forms of Hepatitis, how many have you referred for treatment or outside consultation.

(9). What exactly do or did you look for in lab tests of patient with Hepatitis before requesting or giving treatment,— (Medications or Biopsy).

(10). On a flow chart you previously stated you used, How would I find a indicator or result of liver enzyme production - titer results, viral loads.

(11). Even though you were not employed at the Department of Corrections in 2/2006. When taking on the responsibilities of the Plaintiff Chronic Care issue you had an obligation to review the plaintiff entire Medical files correct.

(12). Why did you refer the plaintiff to the infectious disease doctor if the plaintiff liver enzyme production - titer results, viral load and ALTs (Alanine Aminotransferase where normal.

(13). If the plaintiff has tested possitive for Hepatitis-B be it by a reinfection or after recieving inoculations what form of treatments did you recomend.

(14) From the first appointment with you the plaintiff complained that the records were not correct, and that he didn't recieve all the inoculations for Hepatitis-B, What harm exists in starting the treatments over.

(15) The Plaintiff requested from you a recommendation for a biopsy a number of times because ALTs can't determine alone liver damage - Why as my Chronic Care doctor did you say no.

AS TO DEPOSITIONS ONLY

This 18 Day of June 2008

*Dale Palmer*
DALE OTIS PALMER
DCC 1181 Paddock Rd
Smyrna, Del. 19977

*Dale Otis Palmer*

Frederick P. Van Dusen        P.1
FREDERICK P VAN DUSEN     8-22-08

1) When treating the patient, I closely monitored laboratory studies which followed Mr. Palmer's liver function.

2) Counsel has objected. I received an offer which provided benefits in excess of CMS.

3) Counsel has objected. The position of chronic disease physician included <u>all</u> chronic diseases, including Hepatitis C + HIV in addition to diabetes, hypertension, COPD, etc.

4) Counsel has objected. I disagree.

5) Counsel has objected. <u>NO</u>, the treatment I give never has anything to do with my personal circumstances.

6) Counsel has objected. No one.

7) COUNSEL OBJECTS
Hep A = Hepatitis A
AB = total antibody
HBcAB = Hepatitis B <u>core</u> antibody
HBsAB = Hepatitis B <u>surface</u> antibody
Hep C AB = Hepatitis C antibody.

P.2    Frederick P Vahrer    8-22-08
       FRED VAN DUSEN

8) COUNSEL OBJECTS   I would have no way of remembering without consulting the medical record.

9) COUNSEL OBJECTS. Each individual has a different workup depending on laboratory trends. I would look for any change for the worse in terms of rising liver function tests. I also would monitor viral loads of Hepatitis C.

10) COUNSEL OBJECTS. I do not understand the question. The flow chart would speak for itself.

11) COUNSEL OBJECTS. It is a practical impossibility to review an entire medical chart every time a patient is seen. Some parts of a medical record are filed away when the chart gets very large — for example, when an inmate has been seen over many years.

12) COUNSEL OBJECTS. I referred to infectious diseases because Mr. Palmer was insistent that he needed a 2nd opinion. NOT based on laboratory evidence.

13) COUNSEL OBJECTS. If the plaintiff had antibody to Hepatitis B, then he would require no treatment.

Frederick P Van Dusen
FRED VAN DUSEN                                8-22-08

B 3

14) COUNSEL OBJECTS. Based on the information I had, there was no reason to restart the vaccines. If Mr Palmer had requested the vaccine, I would have noted it in the medical record.

15) COUNSEL OBJECTS. It was not in my scope of practice, but in that of infectious diseases, to order a liver biopsy. If the infectious disease physician had deemed it necessary, it would have been ordered.

Frederick P. Van Dusen, D.O.
8-22-08

Eileen Ford, Esq     Pg 1

Frederick Van Dusen   8/22/08

EMF ① Objection as to form. Vague, overly broad and confusing.

EMF ② Objection. Relevance. Go ahead and answer.

EMF ③ Objection as to form. Assumes facts not in evidence, go ahead and answer.

EMF ④ Objection as to form. Seeks legal conclusion on facts not in evidence, go ahead and answer.

EMF ⑤ Objection as to form. Vague, contains facts not evidence. Documents + data referred to not provided. To extent witness can answer – go ahead.

EMF ⑥ Objection as to form. Seeks privileged information. Go ahead + answer.

EMF ⑦ Objection as to form. Compound question. Vague, overly broad. Seeks expert opinion. To extent witness is a medical doctor and can answer – go ahead.

Eileen Ford
Esquire

pg 2

Frederick VanDusen
8/22/08

EMF (8) Objection as to form. Relevance. Vague, overly broad. Go ahead ad answer. Assumes facts not in evidence.

EMF (9) Objection as to form. To extent this question refers to "inmate patient" and not Plaintiff directly. Go ahead & answer to extent able.

EMF (10) Objection as to form. Compound question, confusing, vague - go ahead & answer, if able.

EMF (11) Objection as to form. Assumes facts not in evidence. Go ahead & answer, if able.

EMF (12) Objection as to form. Assumes facts not in evidence. Go ahead & answer.

EMF (13) Objection as to form. Speculative to the extent question does not pertain to Plaintiff. Go ahead & answer.

Frederick Van Dusen                          Eileen Ford
                                             Esquire  (Pg 3)

EMF (14)  Objection as to form. Compound
          question, data not specifically
          identified. → Go ahead + answer, if able.
          ~~Also~~ seeks ~~expert~~ medical opinion.

EMF (15)  Objection as to form. Contains
          Plaintiff own medical opinion.
          Assumes facts not in evidence.
          Go ahead and answer.

                              Eileen M. Ford
                              Esquire